1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   Mark C. Dosker (State Bar No. 114789)
2  Daniel S. Kubasak (State Bar No. 222336)
   One Maritime Plaza, Suite 300
3  San Francisco, CA  94111-3492
   Telephone:  +1.415.954.0200
4  Facsimile:   +1.415.393.9887

5  SQUIRE, SANDERS & DEMPSEY L.L.P
   Amy L. Brown
6  Jeremy W. Dutra
   1201 Pennsylvania Ave., NW, Suite 500
7  Washington, DC  20004
   Telephone:  +1.202.626.6200
8  Facsimile:   +1.202.626.6780

9  Attorneys for Defendants
10 CHECK 'N GO OF CALIFORNIA, INC.;
   SOUTHWESTERN & PACIFIC SPECIALTY
11 FINANCE, INC.; and AVANTE TELADVANCE,
   INC.

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

**MAY 2 5 2007**

GORDON PARK-LI, Clerk
BY:    WESLEY RAMIREZ
                            Deputy Clerk

12         SUPERIOR COURT OF THE STATE OF CALIFORNIA

13         IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

14

15

16 THE PEOPLE OF THE STATE OF             Case No.  CGC-07-462779
   CALIFORNIA, acting by and through City
17 Attorney Dennis J. Herrera,            **DEFENDANTS CHECK 'N GO OF
                                          CALIFORNIA, INC.; SOUTHWESTERN &
18                Plaintiffs,             PACIFIC SPECIALTY FINANCE, INC.;
                                          AND AVANTE TELADVANCE, INC.'S
19         vs.                            ANSWER TO COMPLAINT FOR
                                          INJUNCTIVE RELIEF AND CIVIL
20 CHECK 'N GO OF CALIFORNIA, INC.        PENALTIES FOR VIOLATIONS OF
   d/b/a CHECK 'N GO; SOUTHWESTERN        BUSINESS AND PROFESSIONS CODE
21 & PACIFIC SPECIALTY FINANCE,           SECTION 17200**
   INC. d/b/a CHECK 'N GO; AVANTE
22 TELADVANCE, INC. d/b/a CHECK 'N
   GO ONLINE; MONETARY
23 MANAGEMENT OF CALIFORNIA, INC.
   d/b/a MONEY MART; MONEY MART
24 EXPRESS, INC. d/b/a CUSTOMCASH
   ONLINE; FIRST BANK OF
25 DELAWARE; and DOES 1-50, inclusive,

26                Defendants.

27

28

RE, SANDERS &
MPSEY L.L.P.

Defendants SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. ("CHECK 'N GO"), AVANTE TELADVANCE, INC. ("CHECK 'N GO ONLINE"), and CHECK 'N GO OF CALIFORNIA, INC. ("CGCA") (collectively, "CHECK 'N GO DEFENDANTS"), by their undersigned attorneys, hereby answer the unverified Complaint for Injunctive Relief and Civil Penalties for Violations of Business and Professions Code section 17200 ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30 of the California Code of Civil Procedure, the CHECK 'N GO DEFENDANTS, and each of them, generally and specifically deny each, every, and all allegations contained in each paragraph of the Complaint. Further, the CHECK 'N GO DEFENDANTS specifically deny that they, or any of them, caused any damage or loss allegedly suffered by the Plaintiff or the people of the state of California.

## AFFIRMATIVE DEFENSES

Pursuant to Section 431.30(g) of the California Code of Civil Procedure, the CHECK 'N GO DEFENDANTS also allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction/Preemption)

1.    The Superior Court of the State of California lacks jurisdiction over all Defendants, including the CHECK 'N GO DEFENDANTS, because exclusive jurisdiction resides in the federal district court. The installment loans challenged in the Complaint were made by Defendant First Bank of Delaware ("FIRST BANK"), and not the CHECK 'N GO DEFENDANTS. FIRST BANK is a full-service, federally insured depository institution, chartered and headquartered in Delaware. The Complaint alleges that Defendants, including FIRST BANK, "have violated Section 1 of Article XV of the California Constitution, California's usury law, or aided and abetted violations of Section 1 of Article XV of the California Constitution." Plaintiff's claims in the Complaint are completely preempted by controlling Federal law, and specifically, Section 27 of the Federal Deposit Insurance Act, 12 U.S.C. § 1831d.

- 2 -

HRE, SANDERS &
EMPSEY L.L.P.



## SECOND AFFIRMATIVE DEFENSE
### (Preemption)

2.      Delaware and preemptive Federal law, and not California law, govern the interest rates and fees on the installment loans made by FIRST BANK and challenged by the Plaintiff in the Complaint.

## THIRD AFFIRMATIVE DEFENSE
### (Preemption/Primary Jurisdiction)

3.      The Federal Deposit Insurance Corporation ("FDIC") and the Delaware State Banking Commissioner have primary jurisdiction in connection with the regulation of loans made by FIRST BANK.    The Complaint seeks to impose different or conflicting standards than those prescribed by the FDIC and Delaware law, which would wholly or partially interfere with the ability of FIRST BANK to fully exercise its lending powers as a federally insured depository institution.

## FOURTH AFFIRMATIVE DEFENSE
### (Abstention)

4.      The cause of action asserted in the Complaint is barred because the installment loans offered by FIRST BANK are regulated by a detailed and comprehensive enforcement scheme established under Delaware and Federal law such that the Court should abstain from proceeding in this case.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

5.      Plaintiff has failed to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE
### (Conduct Not "Unlawful")

6.      The CHECK 'N GO DEFENDANTS' business practices are not "unlawful" within the meaning of Business Professions Code section 17200.    The CHECK 'N GO DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

IRE, SANDERS &
EMPSEY L.L.P.
Emmonc Plaza, Suite 900
Emmonc CA 94111-7492

 

### SEVENTH AFFIRMATIVE DEFENSE
(Conduct not "Unfair")

7.    The CHECK 'N GO DEFENDANTS' business practices are not "unfair" within the meaning of Business and Professions Code section 17200. The CHECK 'N GO DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

### EIGHTH AFFIRMATIVE DEFENSE
(Conduct Not "Fraudulent")

8.    The CHECK 'N GO DEFENDANTS' business practices are not fraudulent within the meaning of Business and Professions Code section 17200. The CHECK 'N GO DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

### NINTH AFFIRMATIVE DEFENSE
(Alternative Source of Supply)

9.    California borrowers had a reasonably available alternative source of supply from which to obtain financing and other services and, as such, the Complaint fails to state a claim for unfair business practices.

### TENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

10.    Plaintiff's claims are barred to the extent they exceed the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE
(Consent)

11.    By their conduct, acts, and omissions, Plaintiff and California borrowers, and each of them, consented to and acquiesced in the CHECK 'N GO DEFENDANTS' conduct. California borrowers, after full disclosure of the credit terms and with full knowledge of the pertinent facts, voluntarily executed the Consumer Installment Loan Agreements and consented to the rate of interest on the loans they obtained from FIRST BANK, and accordingly, Plaintiff is estopped or barred by ratification, acquiescence or waiver from asserting claims against Defendants, including the CHECK 'N GO DEFENDANTS.

- 4 -

RE. SANDERS &
MPSEY L.L.P.
[illegible] Plaza, Suite [illegible]
[illegible], CA 91111-3492

 

### TWELFTH AFFIRMATIVE DEFENSE
#### (Ratification)

12.    The Complaint and the single cause of action alleged therein are barred by the conduct, actions, and inactions of the plaintiff and the California borrowers, and each of them, under the doctrine of ratification.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Waiver)

13.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Laches)

14.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Unclean Hands)

15.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Estoppel)

16.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Good Faith)

17.    At all times relevant hereto, the CHECK 'N GO DEFENDANTS acted in good faith and based upon applicable law, upon which the CHECK 'N GO DEFENDANTS reasonably relied, with respect to the installment loans challenged by the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Absence of Intent)

18.    Plaintiff's claims are barred by the absence of intent on the part of the CHECK 'N GO DEFENDANTS to engage in the conduct alleged to be in violation of state laws.

E. SANDERS &
IFSEY L.L.P.
Inne Plaza, Suite 300
sco, CA 94111-3492

CHECK 'N GO DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779

 

## NINETEENTH AFFIRMATIVE DEFENSE
### (Contrary to Express Contractual Terms)

19.    Plaintiff's claims are contrary to the express terms of the loan documents executed by California borrowers.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Full Disclosure of Contract Terms)

20.    The challenged installment loans were bona fide transactions and provided for full disclosure of all terms and conditions of the loan in accordance with Federal and Delaware law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Reasonable Opportunity)

21.    California borrowers who obtained an installment loan from FIRST BANK had reasonable opportunity to discover facts concerning the installment loan with FIRST BANK by using ordinary intelligence before entering into said loans.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Injury)

22.    No act or omission on the part of any of the CHECK 'N GO DEFENDANTS injured Plaintiff or California borrowers.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Causation)

23.    No act or omission on the part of any of the CHECK 'N GO DEFENDANTS caused in fact, or proximately caused, the harm alleged to have been suffered by Plaintiff or California borrowers.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Threat of Imminent or Immediate Harm)

24.    No threat of immediate harm exists sufficient to support Plaintiff's request for injunctive relief.

RE, SANDERS &
MPSEY L.L.P.
itoine Plaza, Suite 300
cisco CA  94111-3492

CHECK 'N GO DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779

 

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (Adequate Remedy at Law)

25.    Plaintiff's single cause of action and the requested injunctive remedy are barred in light of the fact that Plaintiff and California borrowers have an adequate legal remedy for the wrongs alleged.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Arbitration)

26.    The Consumer Installment Loan Agreement signed by California borrowers contains an arbitration agreement governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and therefore, any claims or disputes brought on a borrower's behalf are subject to the arbitration agreement.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Improper Party)

27.    CGCA is not currently marketing or servicing, and has not marketed or serviced, installment loans for FIRST BANK. Nor has CGCA conducted any business activities in California since CHECK 'N GO ONLINE began marketing and servicing installment loans for FIRST BANK.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Commerce Clause)

28.    Plaintiff's action attempts to impede the CHECK 'N GO DEFENDANTS' ability to conduct business in violation of the Commerce Clause of the United States Constitution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### (Due Process I)

29.    Plaintiff's Complaint is barred, in whole or in part, by the due process clause of the United States and California Constitutions in that it seeks monetary relief on behalf of absent parties.

### THIRTIETH AFFIRMATIVE DEFENSE
#### (Due Process II)

30.    Plaintiff's application of the California Unfair Competition Law here violates constitutional due process because it cannot reasonably be determined what conduct is required or proscribed by the Unfair Competition Law.

RE. SANDERS &
MPSEY L.L.P.
14thc Plaza, Suite 7400
cisco CA 94111-1892



### THIRTY-FIRST AFFIRMATIVE DEFENSE
(Due Process III)

31.     Plaintiff's claims on behalf of California borrowers violate the CHECK 'N GO DEFENDANTS' due process rights to the extent the general public will not be bound by the outcome of this proceeding.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
(Violation of Separation of Powers)

32.     The California Unfair Competition Law violates the Constitutional Separation of Powers clause because it purports, by statute, to improperly delegate to the judiciary the powers of the legislative branch of Government.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(Standing)

33.     The Complaint and the cause of action alleged therein are barred to the extent that Plaintiff lacks standing.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Forfeiture)

34.     The Complaint is barred because it seeks forfeiture in violation of the Due Process Clauses of the United States and California Constitutions.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
(Unlawful Punitive Damages)

35.     The Complaint is barred to the extent it seeks penalties which can be construed as unlawful punitive damages in violation of the Due Process Clauses of the United States and California Constitutions.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
(Retroactive Relief)

36.     The Complaint is barred because Constitutional and equitable principles would be violated if retroactive relief, when in the form of damages, rescission, disgorgement and/or penalties, were permissible based on a change in the law.

RE, SANDERS &
MPSEY L.L.P.
PERINE Plaza, Suite 700
ꜱꜰᴀꜰᴄᴏ CA 94111-1492



### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
(Additional Affirmative Defenses)

37.    The CHECK 'N GO DEFENDANTS presently have insufficient knowledge or information upon which they can form a belief as to whether they may have additional, as yet unknown and unstated, affirmative defenses. The CHECK 'N GO DEFENDANTS reserve the right to amend their answer to assert such additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

### PRAYER

WHEREFORE, the CHECK 'N GO DEENDANTS pray for relief as follows:

1.    That Plaintiff takes nothing by this Complaint;

2.    That judgment be entered in favor of the CHECK 'N GO DEFENDANTS;

3.    For all costs and attorneys' fees incurred herein; and

4.    For such and other and further relief as the Court may deem just and proper.

Dated:  May 25, 2007

SQUIRE, SANDERS & DEMPSEY L.L.P.

By
Mark C. Dosker

Attorneys for Defendants
CHECK 'N GO OF CALIFORNIA, INC.;
SOUTHWESTERN & PACIFIC SPECIALTY
FINANCE, INC.; and AVANTE
TELADVANCE, INC.

- 9 -

RE, SANDERS &
MPSEY L.L.P.
...... Plaza, Suite ...
...... CA ....-....

# CERTIFICATE OF SERVICE

I, Mary Ann Dimapasoc, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Maritime Plaza, Suite 300, San Francisco, California 94111-3492.

On May 25, 2007, a copy of the following document(s):

- **DEFENDANTS CHECK 'N GO OF CALIFORNIA, INC.; SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC.; AND AVANTE TELADVANCE, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND CIVIL PENALTIES FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

was served on:

| | |
|---|---|
| Dennis J. Herrera<br>Owen J. Clements<br>Peter J. Keith<br>Christine Van Aken<br>Ann M. O'Leary<br>Office of the City Attorney<br>1 Dr. Carlton B. Goodlett Place, Suite 234<br>San Francisco, CA 94102<br><br>Counsel for Plaintiff | William H. Orrick<br>Ann E. Johnston<br>Coblentz, Patch, Duffy & Bass, LLP<br>One Ferry Building, Suite 200<br>San Francisco, California 94111<br><br>Counsel for First Bank of Delaware |
| Stephen G. Harvey<br>Larry R. Wood, Jr.<br>Kathleen A. Mullen<br>Pepper Hamilton LLP<br>3000 Two Logan Square<br>Eighteenth and Arch Streets<br>Philadelphia, PA 19103-2799<br><br>Counsel for Monetary Management of California, Inc. and Money Mart Express, Inc. | Robert H. Bunzel<br>Griffith C. Towle<br>Bartko Zankel Tarrant Miller<br>900 Front Street, Suite 300<br>San Francisco, CA 94111<br><br>Counsel for Monetary Management of California, Inc. and Money Mart Express, Inc. |

[X]  By US Mail: On the above date, I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

RE, SANDERS &
RIPSEY L.L.P.
[illegible Plaza, Suite 300]
[illegible CA 94111-3492]

- 10 -

1    I declare under penalty of perjury under the laws of the State of California that the above

2  is true and correct.

3    Executed on May 25, 2007, at San Francisco, California.

4

5

6                                    Mary Ann Dimapasoc

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RE, SANDERS &
MPSEY L.L.P.
laine Plaza, Suite 300
cisco, CA 94111-3492

**CHECK 'N GO DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779**

1   Robert H. Bunzel, State Bar No. 99395
    C. Griffith Towle, State Bar No. 146401
2   BARTKO, ZANKEL, TARRANT &
    MILLER
3   A Professional Corporation
    900 Front Street, Suite 300
4   San Francisco, CA  94111
    Telephone:  (415) 956-1900
5   Facsimile:   (415) 965-1152

6   Attorneys for Defendants
    MONETARY MANAGEMENT OF
7   CALIFORNIA, INC. and MONEYMART
    EXPRESS, INC.

8

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

MAY 2 5 2007

GORDON PARK-LI, Clerk
BY _____
                    Deputy Clerk

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

11

12   THE PEOPLE OF THE STATE OF
     CALIFORNIA, acting by and through City
13   Attorney Dennis J. Herrera,

14                   Plaintiffs,

15         vs.

16   CHECK 'N GO OF CALIFORNIA, INC.
     d/b/a CHECK 'N GO; SOUTHWESTERN
17   & PACIFIC SPECIALTY FINANCE,
     INC. d/b/a CHECK 'N GO; AVANTE
18   TELADVANCE, INC. d/b/a CHECK 'N
     GO ONLINE; MONETARY
19   MANAGEMENT OF CALIFORNIA, INC.
     d/b/a MONEY MART; MONEY MART
20   EXPRESS, INC. d/b/a CUSTOMCASH
     ONLINE; FIRST BANK OF
21   DELAWARE; and DOES 1-50, inclusive,

22                   Defendants.

Case No.  CGC-07-462779

**DEFENDANTS MONETARY**
**MANAGEMENT OF CALIFORNIA, INC.**
**and MONEYMART EXPRESS, INC.'S**
**ANSWER TO COMPLAINT FOR**
**INJUNCTIVE RELIEF AND CIVIL**
**PENALTIES FOR VIOLATIONS OF**
**BUSINESS AND PROFESSIONS CODE**
**SECTION 17200**

Complaint Filed:  April 26, 2007

23

24

25        Defendants MONETARY MANAGEMENT OF CALIFORNIA, INC. and

26   MONEYMART EXPRESS, INC. (collectively, "MONEY MART DEFENDANTS"), by their

27   undersigned attorneys, hereby answer the unverified Complaint for Injunctive Relief and Civil

28   Penalties for Violations of Business and Professions Code section 17200 ("Complaint") as

**MONEY MART DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779**

follows:

## GENERAL DENIAL

Pursuant to Section 431.30 of the California Code of Civil Procedure, the MONEY MART DEFENDANTS, and each of them, generally and specifically deny each, every, and all allegations contained in each paragraph of the Complaint. Further, the MONEY MART DEFENDANTS specifically deny that they, or any of them, caused any damage or loss allegedly suffered by Plaintiff or the people of the state of California.

## AFFIRMATIVE DEFENSES

Pursuant to Section 431.30(g) of the California Code of Civil Procedure, the MONEY MART DEFENDANTS also allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
#### (Lack of Subject Matter Jurisdiction/Preemption)

1.    The Superior Court lacks jurisdiction over all Defendants, including the MONEY MART DEFENDANTS, because exclusive jurisdiction resides in the federal district court. The installment loans challenged in the Complaint were made by Defendant First Bank of Delaware ("FIRST BANK"), and not the MONEY MART DEFENDANTS. FIRST BANK is a full-service, federally insured depository institution, chartered and headquartered in Delaware. The Complaint alleges that Defendants, including FIRST BANK, "have violated Section 1 of Article XV of the California Constitution, California's usury law, or aided and abetted violations of Section 1 of Article XV of the California Constitution." Plaintiff's claims in the Complaint are completely preempted by controlling Federal law, and specifically, Section 27 of the Federal Deposit Insurance Act, 12 U.S.C. § 1831d.

### SECOND AFFIRMATIVE DEFENSE
#### (Preemption)

2.    Delaware and preemptive Federal law, and not California law, govern the interest rates and fees on the installment loans made by FIRST BANK and challenged by Plaintiff in the Complaint.

- 2 -

### THIRD AFFIRMATIVE DEFENSE
(Preemption/Primary Jurisdiction)

3.    The Federal Deposit Insurance Corporation ("FDIC") and the Delaware State Banking Commissioner have primary jurisdiction in connection with the regulation of loans made by FIRST BANK.  The Complaint seeks to impose different or conflicting standards than those prescribed by the FDIC and Delaware law, which would wholly or partially interfere with the ability of FIRST BANK to fully exercise its lending powers as a federally insured depository institution.

### FOURTH AFFIRMATIVE DEFENSE
(Abstention)

4.    The claims asserted in the Complaint are barred because the installment loans at issue are offered and made by FIRST BANK and are regulated by a detailed and comprehensive enforcement scheme established under Delaware and Federal law.

### FIFTH AFFIRMATIVE DEFENSE
(Choice of Law)

5.    The Consumer Installment Loan Agreement signed by California borrowers with FIRST BANK contains a choice of law clause which provides that any claims relating to the Installment Loan Agreement will be governed by Delaware law, except as Federal law may apply.

### SIXTH AFFIRMATIVE DEFENSE
(Failure to State a Claim)

6.    Plaintiff has failed to state a claim upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE
(Conduct Not "Unlawful")

7.    The MONEY MART DEFENDANTS' business practices are not "unlawful" within the meaning of Business and Professions Code section 17200.  The MONEY MART DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

- 3 -

### EIGHTH AFFIRMATIVE DEFENSE
(Conduct not "Unfair")

8.    The MONEY MART DEFENDANTS' business practices are not "unfair" within the meaning of Business and Professions Code section 17200.  The MONEY MART DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

### NINTH AFFIRMATIVE DEFENSE
(Conduct Not "Fraudulent")

9.    The MONEY MART DEFENDANTS' business practices are not fraudulent within the meaning of Business and Professions Code section 17200.  The MONEY MART DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

### TENTH AFFIRMATIVE DEFENSE
(Alternative Source of Supply)

10.    Members of the general public had a reasonably available alternative source of supply from which to obtain financing and other services and, as such, the Complaint fails to state a claim for unfair business practices.

### ELEVENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

11.    Plaintiff's claims are barred to the extent they exceed the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE
(Consent)

12.    By their conduct, acts, and omissions, Plaintiff and California borrowers, and each of them, consented to and acquiesced in the MONEY MART DEFENDANTS' conduct. California borrowers, after full disclosure of the credit terms and with full knowledge of the pertinent facts, voluntarily executed the Consumer Installment Loan Agreements and consented to the rate of interest on the loans they obtained from FIRST BANK, and accordingly, Plaintiff is estopped or barred by ratification, acquiescence or waiver from asserting claims against Defendants, including the MONEY MART DEFENDANTS.

- 4 -



### THIRTEENTH AFFIRMATIVE DEFENSE
(Ratification)

13.    The Complaint and the single cause of action alleged therein are barred by the conduct, actions, and inactions of the Plaintiff and the California borrowers, and each of them, under the doctrine of ratification.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Waiver/Laches/Unclean Hands/Estoppel)

14.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

15.    At all times relevant hereto, the MONEY MART DEFENDANTS acted in good faith and based upon applicable law, upon which the MONEY MART DEFENDANTS reasonably relied, with respect to the installment loans challenged by the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Absence of Intent)

16.    Plaintiff's claims are barred by the absence of intent on the part of the MONEY MART DEFENDANTS to engage in the conduct alleged to be in violation of state laws.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Contrary to Express Contractual Terms)

17.    Plaintiff's claims are contrary to the express terms of the loan documents executed by California borrowers.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Full Disclosure of Contract Terms)

18.    The challenged installment loans were bona fide transactions and provided for full disclosure of all terms and conditions of the loan in accordance with Federal and Delaware law.



### NINETEENTH AFFIRMATIVE DEFENSE
(Reasonable Opportunity)

19.    California borrowers who obtained an installment loan from FIRST BANK had reasonable opportunity to discover facts concerning the installment loan with FIRST BANK by using ordinary intelligence before entering into said loans.

### TWENTIETH AFFIRMATIVE DEFENSE
(No Injury)

20.    No act or omission on the part of any of the MONEY MART DEFENDANTS injured Plaintiff or members of the general public.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(No Causation)

21.    No act or omission on the part of any of the MONEY MART DEFENDANTS caused in fact, or proximately caused, the harm alleged to have been suffered by Plaintiff or members of the general public.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(No Threat of Imminent or Immediate Harm)

22.    No threat of immediate harm exists sufficient to support Plaintiff's request for injunctive relief.

### TWENTY -THIRD AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

23.    Plaintiff's single cause of action and the requested injunctive remedy are barred in light of the fact that Plaintiff and California borrowers have an adequate legal remedy for the wrongs alleged.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Arbitration)

24.    The Consumer Installment Loan Agreement signed by California borrowers contains an arbitration agreement governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and therefore, any claims or disputes brought on a borrower's behalf are subject to the arbitration agreement.

- 6 -

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
(Mootness)

25.    As the Complaint admits, no installment loans have been made by FIRST BANK through any of the MONEY MART DEFENDANTS' retail stores since mid-April 2007.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
(Ripeness)

26.    As the Complaint admits, no installment loans are currently capable of being made by FIRST BANK through any of the MONEY MART DEFENDANTS.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
(Commerce Clause)

27.    Plaintiff's action attempts to impede the MONEY MART DEFENDANTS' ability to conduct business in violation of the Commerce Clause of the United States Constitution.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
(Due Process I)

28.    Plaintiff's Complaint is barred, in whole or in part, by the due process clause of the United States and California Constitutions in that it seeks monetary relief on behalf of absent parties.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
(Due Process II)

29.    Plaintiff's application of the California Unfair Competition Law here violates constitutional due process because it cannot reasonably be determined what conduct is required or proscribed by the Unfair Competition Law.

**THIRTIETH AFFIRMATIVE DEFENSE**
(Due Process III)

30.    Plaintiff's claims on behalf of California borrowers violate the MONEY MART DEFENDANTS' due process rights to the extent the general public will not be bound by the outcome of this proceeding.

- 7 -



## THIRTY-FIRST AFFIRMATIVE DEFENSE
(Violation of Separation of Powers)

31.    The California Unfair Competition Law violates the constitutional Separation of Powers clause because it purports, by statute, to improperly delegate to the judiciary the powers of the legislative branch of Government.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
(Standing)

32.    The Complaint and the cause of action alleged therein are barred to the extent Plaintiff lacks standing to bring such a cause of action, and specifically, since the population of the City and County of San Francisco is currently under 750,000, the City Attorney for the City and County of San Francisco does not have standing under Sections 17204 or 17206 to bring this Complaint.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
(Forfeiture)

33.    The Complaint is barred because it seeks forfeiture in violation of the Due Process clauses of the United States and California Constitutions.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Unlawful Punitive Damages)

34.    The Complaint is barred to the extent it seeks penalties which can be construed as unlawful punitive damages in violation of the Due Process Clauses of the United States and California Constitutions.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
(Retroactive Relief)

35.    The Complaint is barred because Constitutional and equitable principles would be violated if retroactive relief, whether in the form of damages, rescission, disgorgement and/or penalties, were permissible based on a change in the law.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
(Additional Affirmative Defenses)

36.    The MONEY MART DEFENDANTS presently have insufficient knowledge or information upon which they can form a belief as to whether they may have additional, as yet unknown and unstated, affirmative defenses. The MONEY MART DEFENDANTS reserve the

1    right to amend their answer to assert such additional affirmative defenses in the event that

2    discovery indicates that additional affirmative defenses are appropriate.

3                                           **PRAYER**

4          WHEREFORE, the MONEY MART DEFENDANTS pray for relief as follows:

5          1.    That Plaintiff takes nothing by this Complaint;

6          2.    That judgment be entered in favor of the MONEY MART DEFENDANTS;

7          3.    For all costs and attorneys' fees incurred herein; and

8          4.    For such and other and further relief as the Court may deem just and proper.

9

10   Dated:   May 25, 2007

11

12                                        By:    *C. Gffll Tw*

13                                             Robert H. Bunzel, State Bar No. 99395
                                              C. Griffith Towle, State Bar No. 146401

14                                            BARTKO, ZANKEL, TARRANT &
                                              MILLER

15                                            A Professional Corporation
                                              900 Front Street, Suite 300

16                                            San Francisco, CA 94111
                                              Telephone:      (415) 956-1900

17                                            Facsimile:      (415) 965-1152

18                                            Attorneys for Defendants
                                              MONETARY MANAGEMENT OF

19                                            CALIFORNIA, INC. and MONEYMART
                                              EXPRESS, INC.

20          CERTIFICATE OF SERVICE

21          I hereby certify that on this 25ᵗʰ day of May, 2007, I served the foregoing document by

22   U.S. Mail, postage prepaid, on:

23   Dennis J. Herrera
     Owen J. Clements

24   Peter J. Keith
     Christine Van Aken

25   Ann M. O'Leary
     OFFICE OF THE CITY ATTORNEY

26   1 Dr. Carlton B. Goodlett Place, Suite 234
     San Francisco, CA 94102

27   *Attorneys for Plaintiff*

28

                                            - 9 -

     **MONEY MART DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779**

By: _____

Robert H. Bunzel, State Bar No. 99395
C. Griffith Towle, State Bar No. 146401
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, CA  94111
Telephone:   (415) 956-1900
Facsimile:    (415) 965-1152

Attorneys for Defendants
MONETARY MANAGEMENT OF
CALIFORNIA, INC. and MONEYMART
EXPRESS, INC.

- 10 -

**MONEY MART DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779**

 

### *PROOF OF SERVICE BY MAIL*

I, Paul H. Brown, the undersigned, hereby certify and declare:

1.      I am over the age of 18 years and am not a party to the within cause.

2.      I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

3.      My business address is 900 Front Street, Suite 300, San Francisco, California 94111.

4.      I am familiar with my employer's mail collection and processing practices; know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in the interoffice mail; and know that postage thereon is fully prepaid.

5.      Following said practice, on May 25, 2007, I served a true copy of the attached document titled exactly:   *Defendants' Monetary Management of California, Inc. and Moneymart Express, Inc.'s Answer to Complaint for Injunctive Relief and Civil Penalties for Violations of Business and Professions Code section 17200* by placing the same in an addressed, sealed envelope and depositing it in the regularly maintained interoffice mail addressed to the following:

> **Dennis J. Herrera**
> **Owen J. Clements**
> **Peter J. Keith**
> **Christine Van Aken**
> **Ann M. O'Leary**
> **Office of the City Attorney**
> **1 Dr. Carlton B. Goodlett Place, Suite 234**
> **San Francisco, CA  94102**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 25, 2007 at San Francisco, California.

_Paul N. B_____

Paul H. Brown

1.