

1  William H. Orrick III, State Bar No. 113252
   Ann E. Johnston, State Bar No. 141252
2  COBLENTZ, PATCH, DUFFY & BASS LLP
   One Ferry Building, Suite 200
3  San Francisco, CA 94111-4213
   Telephone:    (415) 391-4800
4  Facsimile:    (415) 989-1663

5  Attorneys for Defendant
   FIRST BANK OF DELAWARE
6
   See Following Signature Page for Complete List of
7  Defendants and the Counsel who Represent those Parties

8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  THE PEOPLE OF THE STATE OF              Case No.: C-07-2789 JSW
    CALIFORNIA, acting by and through City
13  Attorney Dennis J. Herrera,

14            Plaintiffs,                   **CERTIFICATE OF SERVICE OF
                                            NOTICE TO ADVERSE PARTIES OF
15      vs.                                 REMOVAL TO FEDERAL COURT**

16  CHECK'N GO OF CALIFORNIA, INC. d/b/a
    CHECK'N GO; SOUTHWESTERN &
17  PACIFIC SPECIALTY FINANCE, INC. d/b/a
    CHECK 'N GO; AVANTE TELADVANCE,
18  INC. d/b/a CHECK 'N GO ONLINE;
    MONETARY MANAGEMENT OF
19  CALIFORNIA, INC. d/b/a MONEY MART;
    MONEY MART EXPRESS, INC. d/b/a
20  CUSTOMCASH ONLINE; FIRST BANK OF
    DELAWARE; and DOES 1 through 50,
21  inclusive.

22            Defendants.

23

24
      I, Mary Ann Dimapasoc, certify and declare as follows:
25
      1.      I am over the age of 18 years and am not a party to this action.
26
      2.      My business address is One Maritime Plaza, Suite 300, San Francisco, California
27
    94111, which is located in the city, county, and state where the mailing below took place.
28
      3.      On May 29 2007, I deposited in the United States Mail at San Francisco,

California, a copy of the Notice to Adverse Parties of Removal to Federal Court, postage fully prepaid, addressed to:

> Dennis J. Herrera
> Owen J. Clements
> Peter J. Keith
> Christine Van Aken
> Ann M. O'Leary
> Office of the City Attorney
> 1 Dr. Carlton B. Goodlett Place, Suite 234
> San Francisco, CA 94102
> Attorneys for Plaintiff

4.    A true and correct copy of the Notice to Adverse Parties of Removal to Federal Court, including its attendant exhibits which were served on the above named persons, is attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on May 30, 2007 at San Francisco, California.

Mary Ann Dimapasoc

1  Counsel for Other Defendants:

2

3

4  Robert H. Bunzel, State Bar No. 99395
   C. Griffith Towle, State Bar No. 146401
5  BARTKO, ZANKEL, TARRANT & MILLER
   A Professional Corporation
6  900 Front Street, Suite 300
   San Francisco, CA 94111
7  Telephone:    (415) 956-1900
   Facsimile:    (415) 956-1152
8
   Stephen G. Harvey
9  Larry R. Wood, Jr.
   PEPPER HAMILTON LLP
10 3000 Two Logan Square
   Eighteenth & Arch Streets
11 Philadelphia, PA 19103-2799
   Telephone:  (215) 981-4000
12 Facsimile:  (215) 981-4750

13
   Attorneys for Defendants
14 MONETARY MANAGEMENT OF CALIFORNIA,
   INC. and MONEYMART EXPRESS, INC.
15

16

17
   Mark C. Dosker, State Bar. No. 114789
18 Daniel S. Kubasak, State Bar No. 222336
   SQUIRE, SANDERS & DEMPSEY L.L.P.
19 One Maritime Plaza, Suite 300
   San Francisco, CA 94111-3492
20 Telephone:    (415) 954-0200
   Facsimile:    (415) 393-9887
21
   Amy L. Brown
22 Jeremy W. Dutra
   SQUIRE, SANDERS & DEMPSEY L.L.P.
23 1201 Pennsylvania Avenue, NW, Suite 500
   Washington, DC 20004
24 Telephone:    (202) 626-6200
   Facsimile:    (202) 626-6780
25
   Attorneys for Defendants
26 CHECK 'N GO OF CALIFORNIA, INC;
   SOUTHWESTERN & PACIFIC SPECIALTY
27 FINANCE, INC.; and AVANTE TELADVANCE, INC.

28



1  William H. Orrick III, State Bar No. 113252
   Ann E. Johnston, State Bar No. 141252
2  COBLENTZ, PATCH, DUFFY & BASS LLP
   One Ferry Building, Suite 200
3  San Francisco, CA 94111-4213
   Telephone:  (415) 391-4800
4  Facsimile:  (415) 989-1663

5  Attorneys for Defendant
   FIRST BANK OF DELAWARE
6
   See Signature Page for Complete List of Defendants and
7  the Counsel who Represent those Parties

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

11

12 THE PEOPLE OF THE STATE OF                Case No.: CGC-07-462779
   CALIFORNIA, acting by and through City
13 Attorney Dennis J. Herrera,              **NOTICE TO ADVERSE PARTIES OF
                                             REMOVAL TO FEDERAL COURT**
14             Plaintiffs,

15        vs.

16 CHECK'N GO OF CALIFORNIA, INC. d/b/a
   CHECK'N GO; SOUTHWESTERN &
17 PACIFIC SPECIALTY FINANCE, INC. d/b/a
   CHECK 'N GO; AVANTE TELADVANCE,
18 INC. d/b/a CHECK 'N GO ONLINE;
   MONETARY MANAGEMENT OF
19 CALIFORNIA, INC. d/b/a MONEY MART;
   MONEY MART EXPRESS, INC. d/b/a
20 CUSTOMCASH ONLINE; FIRST BANK OF
   DELAWARE; and DOES 1 through 50,
21 inclusive.

22             Defendants.

23

24     **TO THE COURT, AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

25        PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

26 States District Court for the Northern District of California on May 29, 2007, under Case Number

27 C-07-2789-JSW in that Court.

28

ENDORSED
FILED
San Francisco County Superior Court

MAY 3 0 2007

GORDON PARK-LI Clerk
BY: CAROLYN BALISTRERI
               Deputy Clerk

A copy of the above-referenced Notice of Removal is attached to this Notice as Exhibit A and is served and filed with this Notice.

Copies of all orders and documents required to be served upon Plaintiff, including: (1) Order Setting Initial Case Management Conference and ADR Deadlines; (2) Notice of Availability of Magistrate Judge to Exercise Jurisdiction; (3) Guidelines of the U.S. District Court, San Francisco Office; and (4) ECF Registration Information Handout; are attached to this Notice as Exhibit B and are served and filed with this Notice.

Dated:  May 29, 2007

By: _Wm. H. Orrick III / mb_

William H. Orrick III, State Bar No.113252
Ann E. Johnston, State Bar No. 141252
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, CA  94111-4213
Telephone:    (415) 391-4800
Facsimile:    (415) 989-1663

Attorneys for Defendant
FIRST BANK OF DELAWARE

By: _Robert H. Bunzel / mb_

Robert H. Bunzel, State Bar No. 99395
C. Griffith Towle, State Bar No. 146401
BARTKO, ZANKEL, TARRANT & MILLER, A Professional Corporation
900 Front Street, Suite 300
San Francisco, CA  94111
Telephone:    (415) 956-1900
Facsimile:    (415) 956-1152

Stephen G. Harvey
Larry R. Wood, Jr.
Kathleen A. Mullen
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile:  (215) 981-4750

Attorneys for Defendants
MONETARY MANAGEMENT OF CALIFORNIA, INC. and MONEYMART EXPRESS, INC.

By: _____

Mark C. Dosker, State Bar. No. 114789
Daniel S. Kubasak, State Bar No. 222336
SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone:    (415) 954-0200
Facsimile:    (415) 393-9887

Amy L. Brown
Jeremy W. Dutra
SQUIRE, SANDERS & DEMPSEY LLP
1201 Pennsylvania Avenue, NW, Suite 500
Washington, DC 20004
Telephone:    (202) 626-6200
Facsimile:    (202) 626-6780

Attorneys for Defendants
CHECK 'N GO OF CALIFORNIA, INC;
SOUTHWESTERN & PACIFIC
SPECIALTY FINANCE, INC.; and
AVANTE TELADVANCE, INC.

- 3 -



## CERTIFICATE OF SERVICE

I, Mary Ann Dimapasoc, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Maritime Plaza, Suite 300, San Francisco, California 94111-3492.

On May 29, 2007, a copy of the following document(s):

- **NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT**

was served on:

Dennis J. Herrera
Owen J. Clements
Peter J. Keith
Christine Van Aken
Ann M. O'Leary
Office of the City Attorney
1 Dr. Carlton B. Goodlett Place, Suite 234
San Francisco, CA 94102

Counsel for Plaintiff

Stephen G. Harvey
Larry R. Wood, Jr.
Kathleen A. Mullen
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

Counsel for Monetary Management of
California, Inc. and Money Mart Express, Inc.

William H. Orrick
Ann E. Johnston
Coblentz, Patch, Duffy & Bass, LLP
One Ferry Building, Suite 200
San Francisco, California 94111

Counsel for First Bank of Delaware

Robert H. Bunzel
Griffith C. Towle
Bartko Zankel Tarrant Miller
900 Front Street, Suite 300
San Francisco, CA 94111

Counsel for Monetary Management of California, Inc. and Money Mart Express, Inc.

☒ By US Mail: On the above date, I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 29, 2007, at San Francisco, California.

MUIRE, SANDERS &
DEMPSEY L.L.P.

1

2

3                                              _____
                                                        Mary Ann Dimapasoc
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DUHRE, SANDERS &
DEMPSEY L.L.P.

**EXHIBIT A**

1 | William H. Orrick III, State Bar No. 113252
Ann E. Johnston, State Bar No. 141252
2 | COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
3 | San Francisco, CA 94111-4213
Telephone:     (415) 391-4800
4 | Facsimile:     (415) 989-1663

5 | Attorneys for Defendant
FIRST BANK OF DELAWARE
6 |
See Signature Page for Complete List of Defendants and
7 | the Counsel who Represent those Parties

8 |

9 |                    UNITED STATES DISTRICT COURT

10 |                  NORTHERN DISTRICT OF CALIFORNIA

**JSW**

11 |

THE PEOPLE OF THE STATE OF          Case No.:
12 | CALIFORNIA, acting by and through City
Attorney Dennis J. Herrera,          **NOTICE OF REMOVAL**
13 |
                 Plaintiffs,          **(FEDERAL QUESTION
14 |                                    JURISDICTION, DIVERSITY
       vs.                            JURISDICTION AND
15 |                                    SUPPLEMENTAL JURISDICTION)**
CHECK'N GO OF CALIFORNIA, INC. d/b/a
16 | CHECK'N GO; SOUTHWESTERN &
PACIFIC SPECIALTY FINANCE, INC. d/b/a
17 | CHECK 'N GO; AVANTE TELADVANCE,
INC. d/b/a CHECK 'N GO ONLINE;
18 | MONETARY MANAGEMENT OF
CALIFORNIA, INC. d/b/a MONEY MART;
19 | MONEY MART EXPRESS, INC. d/b/a
CUSTOMCASH ONLINE; FIRST BANK OF
20 | DELAWARE; and DOES 1 through 50,
inclusive.
21 |
                 Defendants.
22 |

23 |        Defendants FIRST BANK OF DELAWARE ("First Bank"); CHECK 'N GO OF

24 | CALIFORNIA, INC. d/b/a CHECK 'N GO, SOUTHWESTERN & PACIFIC SPECIALTY

25 | FINANCE, INC. d/b/a CHECK 'N GO, and AVANTE TELADVANCE, INC. d/b/a CHECK 'N

26 | GO ONLINE (collectively "Check 'n Go Defendants"); and MONETARY MANAGEMENT OF

27 | CALIFORNIA, INC. d/b/a MONEY MART and MONEYMART EXPRESS, INC. d/b/a

28 | CUSTOMCASH ONLINE (collectively "Money Mart Defendants"), by their undersigned

- 1 -

attorneys, hereby provide Notice pursuant to 28 U.S.C. § 1446 of their removal of the above-captioned case from the Superior Court of the State of California in and for the County of San Francisco to the United States District Court for the Northern District of California. Removal is proper for the following reasons:

1.      This action was commenced by Dennis J. Herrera, City Attorney for the City and County of San Francisco, in the Superior Court of the State of California in and for the County of San Francisco on April 26, 2007. The case was docketed as No. CGC-07-462779.

2.      This Notice is timely. The summons and "Complaint for Injunctive Relief and Civil Penalties for Violations of Business and Professions Code Section 17200" were filed on April 26, 2007 and were served on Defendants no earlier than April 30, 2007. Consequently, this Notice is filed within thirty (30) days of the service of a complaint in state court asserting claims upon which this Court has jurisdiction. *See* 28 U.S.C. § 1446(b).

3.      Removal jurisdiction is proper for any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

4.      Any case that could have been initiated in a federal district court may be removed to that same court. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, Treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

5.      As set forth herein, this case is removable to federal court on the basis of federal question jurisdiction. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

6.      As set forth herein, this case is removable to federal court on the basis of diversity jurisdiction. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

7.      This Court may also exercise jurisdiction of all claims in this matter pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

8.      Venue is proper in this district in that this action is being removed from the Superior Court of the State of California in and for the County of San Francisco.

- 2 -

**Federal Question Jurisdiction**

9.      First Bank is a full service commercial bank chartered under the laws of the State of Delaware. *See* Compl. ¶ 10; Declaration of Alonzo Primus submitted herewith (hereinafter "First Bank Decl.") at ¶ 2. First Bank's deposits are insured by the Federal Deposit Insurance Corporation. First Bank Decl. at ¶ 3.

10.     First Bank offers various personal loan products to consumers, including consumer installment loans (the "Loans"). These Loans are at the center of Plaintiff's Complaint. First Bank charges interest or a fee on these Loans that is considered interest under Delaware law and under Section 27 of the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. § 1831d ("Section 27"); First Bank Decl. at ¶ 5.

11.     In the Complaint, Plaintiff acknowledges that the Loans were made by First Bank, and acknowledges that the Loans with customers in the City and County of San Francisco identify First Bank as the lender. *See* Compl. ¶¶ 1, 19, 24, 29-32. Moreover, the Loan documents executed by borrowers identify First Bank as the lender. *See, e.g.*. Exhibit A to Declaration of Jerry R. Williams dated May 24, 2007 submitted herewith ("Williams Decl."). Plaintiff further alleges that First Bank acted jointly with the Check 'n Go and Money Mart Defendants with respect to the Loans and seeks to hold all Defendants jointly and severally liable for all acts alleged. *See* Compl. ¶ 12 ("Any reference in this complaint to any acts of "DEFENDANTS" shall be deemed to be the acts of each and every defendant acting individually, jointly or severally.").

12.     Plaintiff further alleges that Defendants engaged in "unlawful, unfair and deceptive business acts and practices" in violation of Section 17200 of the California Business Code, arising from First Bank's provision of these Loans in California. *See* Compl. ¶ 36.

13.     Plaintiff's single-count Complaint is based upon Plaintiff's contention that these Loans. made by First Bank, violate California usury laws. *See. e.g.*, Compl. ¶ 1 ("These installment loans violate California law and California's constitutional ban on usury because of their unconscionable interest rates. which exceed 400 percent APR."). Plaintiff expressly alleges that all Defendants. including First Bank. have violated California's Deferred Deposit Transaction

1   Law, California's Finance Lenders Law and California's usury law. *See* Compl. ¶ 36.  Plaintiff

2   alleges liability for these claimed violations jointly or severally as to all Defendants. *See* Compl.

3   ¶ 12.

4        14.    Section 27 provides the basis for federal question jurisdiction over this matter

5   because it provides for complete preemption of claims against federally insured financial

6   institutions such as First Bank.

7        15.    Section 27 is the statutory counterpart to Sections 85 and 86 of the National Bank

8   Act, 12 U.S.C. §§ 85-86. *See Greenwood Trust Co. v. Massachusetts*, 971 F.2d 818, 827 (1st Cir.

9   1992), *cert. denied*, 506 U.S. 1052 (1993) (Section 27 and Section 85 of the National Bank Act

10   must be read *in pari materia*).

11        16.    In *Beneficial National Bank v. Anderson*, 539 U.S. 1, 10 (2003), the United States

12   Supreme Court held that a state law claim against a national bank for allegedly violating usury

13   was "completely preempted" by Sections 85 and 86 of the National Bank Act and, therefore, was

14   removable to federal district court.  As the Supreme Court stated, "Because §§ 85 and 86 provide

15   the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim

16   of usury against a national bank." *Id.* at 10.

17        17.    Because Section 27 must be read *in pari materia* with Sections 85 and 86 of the

18   National Bank Act, Section 27 similarly completely preempts state-law claims of usury against

19   state banks. *See In re Community Bank of Northern Virginia*, 418 F.3d 277, 295 (3d Cir. 2005)

20   (stating that FDIA "completely preempts any state law attempting to limit the amount of interest

21   and fees a federally insured-state chartered bank can charge.").

22        18.    Thus, as the Plaintiff's single-count Complaint is based upon a contention that the

23   Loans made by First Bank violate California's usury law, it is completely preempted and is,

24   therefore, removable to this Court.

25   **Diversity Jurisdiction**

26        19.    This Court also has diversity jurisdiction over this case pursuant to 28 U.S.C. §

27   1332 because the parties are diverse and the amount in controversy exceeds $75,000.

28        20.    Dennis J. Herrera is the elected City Attorney for the City and County of San

- 4 -

1     Franciso, and in that position, represents the City and County of San Francisco.

2         21.     The City and County of San Francisco is a citizen of the state of California. *See*

3     *Moor v. County of Alameda*, 411 U.S. 693, 717-18 (1973) (holding that political subdivision of

4     California is citizen of California for diversity purposes). The most recent federal census places

5     San Francisco's population at less than 750,000 people.

6         22.     Plaintiff admits that Defendants Check 'n Go of California, Inc., Southwestern &

7     Pacific Specialty Finance, Inc., and Avante Teladvance, Inc. are Ohio corporations with their

8     principal places of business located at 5155 Financial Way, Mason, Ohio 45040. *See* Compl. ¶¶

9     6-7. *See also* Williams Decl. ¶¶ 2-4.

10        23.     Plaintiff admits that Defendants Monetary Management of California, Inc. and

11     Moneymart Express, Inc. are non-California corporations with their principal places of business

12     at 1436 Lancaster Avenue, Berwyn, Pennsylvania 19312. *See* Compl. ¶¶ 8-9. Defendant

13     Monetary of California, Inc. is a Delaware corporation and Defendant Money Mart Express, Inc.

14     is a Utah corporation. Declaration of Emanuel Valadakis submitted herewith ("Valadakis Decl.")

15     ¶¶ 2-3.

16        24.     Plaintiff admits that Defendant First Bank of Delaware is a commercial bank

17     chartered under the laws of the state of Delaware with its principal place of business located at

18     Brandywine Commons II, 1000 Rocky Run Parkway, Wilmington, Delaware 19803. *See* Compl.

19     ¶ 10.

20        25.     Although Plaintiff has also attempted to identify unnamed Doe defendants, 28

21     U.S.C. § 1441(a) requires that the citizenship of such unnamed Doe defendants be disregarded for

22     purposes of determining jurisdiction.

23        26.     Because Plaintiff is a citizen of the state of California and all Defendants are

24     citizens of states other than California, the parties are diverse.

25        27.     The allegations of the Complaint also meet the amount in controversy requirement.

26        28.     Plaintiff requests a judgment of, *inter alia*, $2,500.00 in civil penalties for each

27     violation of Section 17200 by each defendant. *See* Compl., Prayer for Relief.

28        29.     During the four-year period preceding the filing of this lawsuit, customers who

1    reside in the City and County of San Francisco entered into more than 125 separate Loans that are

2    alleged in the Complaint to have been violations of section 17200 by each of the Check 'n Go

3    Defendants. *See* Williams Decl. ¶ 15. The matter in controversy, therefore, as to each of the

4    Check 'n Go Defendants exceeds the sum or value of $312,500 ($2,500 multiplied by 125)

5    exclusive of interest and costs. *Id.*

6        30.    During the four-year period preceding the filing of this lawsuit, customers who

7    reside in the City and County of San Francisco entered into more than 200 separate Loans that are

8    alleged in the Complaint to have been violations of section 17200 by each of the Money Mart

9    Defendants. Valadakis Decl. ¶ 12. The matter in controversy, therefore, as to each of the Money

10   Mart Defendants exceeds the sum or value of $500,000 ($2,500 multiplied by 200) exclusive of

11   interest and costs. *Id.*

12       31.    During the four years preceding the filing of this lawsuit, First Bank made at least

13   400 Loans in the City and County of San Francisco that are alleged in the Complaint to have

14   violated section 17200. *See* First Bank Decl. ¶9. The matter in controversy, therefore, as to First

15   Bank exceeds the sum or value of $1,000,000 ($2,500 multiplied by 400) exclusive of interest and

16   costs. *Id.*

17       32.    Pursuant to Section 17206(f) of the California Business and Professions Code, the

18   entire amount of the penalty sought by Plaintiff must be paid to the City and County of San

19   Francisco. Accordingly, the City and County of San Francisco, the real party in interest, will reap

20   any and all penalties sought to be collected in this action.

21       33.    Because the parties are diverse and the amount of controversy is met, this Court

22   has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

23   **Supplemental Jurisdiction**

24       34.    This Court also has supplemental jurisdiction over all other claims asserted by

25   Plaintiff as against all Defendants, in accordance with 28 U.S.C. §§ 1367(a) and 1441(c).

26       35.    Attached to this Notice of Removal are copies of all process, pleadings and orders

27   filed in the state court record through this date.

28       36.    All Defendants join in and consent to this removal.

WHEREFORE, Defendants respectfully serve notice that the above-referenced civil action is removed to this Court.

Dated: May 29, 2007

By: _____

    William H. Orrick III, State Bar No.113252
    Ann E. Johnston, State Bar No. 141252
    COBLENTZ, PATCH, DUFFY & BASS LLP
    One Ferry Building, Suite 200
    San Francisco, CA 94111-4213
    Telephone:   (415) 391-4800
    Facsimile:    (415) 989-1663

    Attorneys for Defendant
    FIRST BANK OF DELAWARE


By: _Robert H. Bunzel /wss_

    Robert H. Bunzel, State Bar No. 99395
    C. Griffith Towle, State Bar No. 146401
    BARTKO, ZANKEL, TARRANT & MILLER
    A Professional Corporation
    900 Front Street, Suite 300
    San Francisco, CA 94111
    Telephone:   (415) 956-1900
    Facsimile:    (415) 956-1152

    Stephen G. Harvey
    Larry R. Wood, Jr.
    Kathleen A. Mullen
    PEPPER HAMILTON LLP
    3000 Two Logan Square
    Eighteenth & Arch Streets
    Philadelphia, PA 19103-2799
    Telephone: (215) 981-4000
    Facsimile: (215) 981-4750

    Attorneys for Defendants
    MONETARY MANAGEMENT OF CALIFORNIA, INC. and MONEYMART EXPRESS, INC.

- 7 -

By: _____

    Mark C. Dosker, State Bar. No. 114789
    Daniel S. Kubasak, State Bar No. 222336
    SQUIRE, SANDERS & DEMPSEY L.L.P.
    One Maritime Plaza, Suite 300
    San Francisco, CA  94111-3492
    Telephone:    (415) 954-0200
    Facsimile:    (415) 393-9887

    Amy L. Brown
    Jeremy W. Dutra
    SQUIRE, SANDERS & DEMPSEY L.L.P.
    1201 Pennsylvania Avenue, NW, Suite 500
    Washington, DC  20004
    Telephone:    (202) 626-6200
    Facsimile:    (202) 626-6780

    Attorneys for Defendants
    CHECK 'N GO OF CALIFORNIA, INC;
    SOUTHWESTERN & PACIFIC
    SPECIALTY FINANCE, INC.; and
    AVANTE TELADVANCE, INC.

## CERTIFICATE OF SERVICE

I, Mary Ann Dimapasoc, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Maritime Plaza, Suite 300, San Francisco, California 94111-3492.

On May 29, 2007, a copy of the following document(s):

- **NOTICE OF REMOVAL (FEDERAL QUESTION JURISDICTION, DIVERSITY JURISDICTION AND SUPPLEMENTAL JURISDICTION)**

was served on:

| | |
|---|---|
| Dennis J. Herrera | William H. Orrick |
| Owen J. Clements | Ann E. Johnston |
| Peter J. Keith | Coblentz, Patch, Duffy & Bass, |
| Christine Van Aken | LLP |
| Ann M. O'Leary | One Ferry Building, Suite 200 |
| Office of the City Attorney | San Francisco, California |
| 1 Dr. Carlton B. Goodlett Place, Suite 234 | 94111 |
| San Francisco, CA 94102 | |
| | Counsel for First Bank of |
| Counsel for Plaintiff | Delaware |
| | |
| Stephen G. Harvey | Robert H. Bunzel |
| Larry R. Wood, Jr. | Griffith C. Towle |
| Kathleen A. Mullen | Bartko Zankel Tarrant Miller |
| Pepper Hamilton LLP | 900 Front Street, Suite 300 |
| 3000 Two Logan Square | San Francisco, CA 94111 |
| Eighteenth and Arch Streets | |
| Philadelphia, PA 19103-2799 | Counsel for Monetary |
| | Management of California, Inc. |
| Counsel for Monetary Management of | and Money Mart Express, Inc. |
| California, Inc. and Money Mart Express, Inc. | |

☒    By US Mail: On the above date, I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

SQUIRE, SANDERS &
DEMPSEY L.L.P.
One Maritime Plaza Suite 300
San Francisco, CA 94111-3492

1    Executed on May 29, 2007, at San Francisco, California.

2

3

4                                                    _____
                                                     Mary Ann Dimapasoc
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SQUIRE, SANDERS &
DEMPSEY L.L.P.

CGC-07-462779

## Superior Court of California, County of San Francisco

Case Number: CGC-07-462779

Title: THE PEOPLE OF THE STATE OF CALIFORNIA, ACTING VS. CHECK 'N GO OF
CALIFORNIA, INC. DBA CHECK 'N GO et al

Cause of Action: BUSINESS TORT

Generated: May-29-2007 9:51 am PST

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

## Register of Actions

Date Range: First Date Apr-26-2007    Last Date May-29-2007    (Dates must be entered as MMM-DD-YYYY)

Descending Date Sequence ▼    ALL FILING TYPES ▼    Submit

| Date | Proceedings | Document | Fee |
|------|-------------|----------|-----|
| MAY-25-2007 | ANSWER TO COMPLAINT FILED BY DEFENDANT FIRST BANK OF DELAWARE | | 335.00 |
| MAY-25-2007 | ANSWER TO COMPLAINT FILED BY DEFENDANT CHECK 'N GO OF CALIFORNIA, INC. DBA CHECK 'N GO SOUTHWESTWERN & PACIFIC SPECIALTY FINANCE INC., DBA CHECK 'N GO AVANTE TELADVANCE, INC. DBA CHECK 'N GO ONLINE | | 1005.00 |
| MAY-25-2007 | ANSWER TO COMPLAINT FILED BY DEFENDANT MONETARY MANAGEMENT OF CALIFORNIA, INC. DBA MONEY MART MONEYMART EXPRESS, INC. | | 670.00 |
| MAY-24-2007 | OBJECTION TO HEARING BY COMMISSIONER/PRO TEM ACTING AS JUDGE FILED BY PLAINTIFF THE PEOPLE OF THE STATE OF CALIFORNIA, ACTING BY AND THROUGH CITY ATTORNEY DENNIS J. HERRERA | | |
| MAY-04-2007 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF THE PEOPLE OF THE STATE OF CALIFORNIA, ACTING BY AND THROUGH CITY ATTORNEY DENNIS J. HERRERA SERVED APR-30-2007, PERSONAL SERVICE ON DEFENDANT CHECK 'N GO OF CALIFORNIA, INC. DBA CHECK 'N GO | | |
| MAY-04-2007 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF THE PEOPLE OF THE STATE OF CALIFORNIA, ACTING BY AND THROUGH CITY ATTORNEY DENNIS J. HERRERA SERVED APR-30-2007, PERSONAL SERVICE ON DEFENDANT MONETARY MANAGEMENT OF CALIFORNIA, INC. DBA MONEY MART | | |
| MAY-04-2007 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF THE PEOPLE OF THE STATE OF CALIFORNIA, ACTING BY AND THROUGH CITY ATTORNEY DENNIS J. HERRERA SERVED APR-30-2007, PERSONAL SERVICE ON DEFENDANT AVANTE TELADVANCE, INC. DBA CHECK 'N GO ONLINE | | |
| MAY-04-2007 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF THE PEOPLE OF THE STATE OF CALIFORNIA, ACTING BY AND THROUGH CITY ATTORNEY DENNIS J. HERRERA SERVED APR-30-2007, PERSONAL SERVICE ON DEFENDANT MONEY MART EXPRESS, INC. DBA CUSTOMCASH ONLINE | | |
| MAY-04-2007 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF THE PEOPLE OF THE STATE OF CALIFORNIA, ACTING BY AND THROUGH CITY ATTORNEY DENNIS J. HERRERA SERVED APR-30-2007, PERSONAL SERVICE ON DEFENDANT SOUTHWESTWERN & PACIFIC SPECIALTY FINANCE INC., DBA CHECK 'N GO | | |

CGC-07-462779

| | | | |
|---|---|---|---|
| MAY-04-2007 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF THE PEOPLE OF THE STATE OF CALIFORNIA, ACTING BY AND THROUGH CITY ATTORNEY DENNIS J. HERRERA SERVED APR-30-2007, PERSONAL SERVICE ON DEFENDANT FIRST BANK OF DELAWARE | | |
| APR-26-2007 | NOTICE TO PLAINTIFF | View | |
| APR-26-2007 | BUSINESS TORT, COMPLAINT FILED BY PLAINTIFF THE PEOPLE OF THE STATE OF CALIFORNIA, ACTING BY AND THROUGH CITY ATTORNEY DENNIS J. HERRERA AS TO DEFENDANT CHECK 'N GO OF CALIFORNIA, INC. DBA CHECK 'N GO SOUTHWESTWERN & PACIFIC SPECIALTY FINANCE INC., DBA CHECK 'N GO AVANTE TELADVANCE, INC. DBA CHECK 'N GO ONLINE MONETARY MANAGEMENT OF CALIFORNIA, INC. DBA MONEY MART MONEY MART EXPRESS, INC. DBA CUSTOMCASH ONLINE FIRST BANK OF DELAWARE DOES 1-50, INCLUSIVE SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR SEP-28-2007 PROOF OF SERVICE DUE ON JUN-25-2007 CASE MANAGEMENT STATEMENT DUE ON SEP-13-2007 | View | EXEMPT |

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Dennis J. Herrera, SB #139669
Christine Van Aken, Deputy City Attorney, SB #241755
Office of the City Attorney
Dr. Carlton B. Goodlett Place, Suite 234
San Francisco, CA 94102

TELEPHONE NO.:                FAX NO.: 415-554-4757
ATTORNEY FOR *(Name):* The People of the State of California,

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME: People of the State of California, etc. vs.
Check 'N Go of California, Inc., et al.

**FOR COURT USE ONLY**

# FILED
San Francisco County Superior Court

APR 2 6 2007

GORDON PARK-LI, Clerk
BY: _____
                Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☐ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-07-462779 |
| | | | JUDGE |
| | | | DEPT |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☒ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify):* One

5. This case ☐ is ☒ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 26, 2007

Christine Van Aken
*(TYPE OR PRINT NAME)*                        *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19

 

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):*
CHECK 'N GO OF CALIFORNIA, INC. dba CHECK 'N GO;
SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. dba
CHECK 'N GO; AVANTE TELADVANCE, INC. dba CHECK 'N
GO ONLINE; MONETARY MANAGEMENT OF CALIFORNIA, INC.
dba MONEY MART; MONEY MART EXPRESS, INC. dba
CUSTOMCASH ONLINE; FIRST BANK OF DELAWARE; and DOES
1-50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDATE)*
THE PEOPLE OF THE STATE OF CALIFORNIA, acting by
and through City Attorney Dennis J. Herrera

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):*<br>Superior Court of the State of California<br>400 McAllister Street<br><br>San Francisco, CA 94102 | CASE NUMBER *(Número del Caso):*<br>**CGC-07-462779** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dennis J. Herrera, SB 139669    415-554-4721    Fax:415-554-4757
Christine Van Aken, SB 241755
Office of the City Attorney
1 Dr. Carlton B. Goodlett Place, Suite 234
San Francisco, CA 94102

DATE:  **APR 2 6 2007**    **Gordon Park-Li**    Clerk, by _____ , Deputy
*(Fecha)*    *(Secretaria)*    Jun Panelo    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ____ as an individual defendant.
2. ____ as the person sued under the fictitious name of *(specify):*

3. ____ on behalf of *(specify):*

   under: ____ CCP 416.10 (corporation)    ____ CCP 416.60 (minor)
          ____ CCP 416.20 (defunct conservatee)    ____ CCP 416.70 (conservatee)
          ____ CCP 416.40 (association or partnership)    ____ CCP 416.90 (individual)
          ____ other *(specify):*
4. ____ by personal delivery on *(date):*

Page 1 of 1

DENNIS J. HERRERA, State Bar #139669
City Attorney
OWEN J. CLEMENTS, State Bar #141805
Chief of Special Litigation
PETER J. KEITH, State Bar #206482
CHRISTINE VAN AKEN, State Bar #241755
ANN M. O'LEARY, State Bar #238408
Deputy City Attorneys
Office of the City Attorney
1 Dr. Carlton B. Goodlett Place, Suite 234
San Francisco, CA 94102
Telephone:    (415) 554-4721
Facsimile:    (415) 554-4757
E-Mail:    christine.van.aken@sfgov.org

Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA
Ex rel. San Francisco City Attorney Dennis J. Herrera

**FILED**
San Francisco County Superior Court

APR 2 6 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

SUMMONS ISSUED    SEP 2 8 2007 -9:00 AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

THE PEOPLE OF THE STATE OF
CALIFORNIA, acting by and through
City Attorney Dennis J. Herrera,

    Plaintiffs,

    vs.

CHECK 'N GO OF CALIFORNIA, INC.
d/b/a CHECK 'N GO; SOUTHWESTERN
& PACIFIC SPECIALTY FINANCE,
INC. d/b/a CHECK 'N GO; AVANTE
TELADVANCE, INC. d/b/a CHECK 'N
GO ONLINE; MONETARY
MANAGEMENT OF CALIFORNIA,
INC. d/b/a MONEY MART; MONEY
MART EXPRESS, INC. d/b/a
CUSTOMCASH ONLINE; FIRST BANK
OF DELAWARE; and DOES 1-50,
inclusive.

    Defendants.

Case No.  **CGC-07-462779**

**COMPLAINT FOR INJUNCTIVE
RELIEF AND CIVIL PENALTIES FOR
VIOLATIONS OF BUSINESS AND
PROFESSIONS CODE SECTION 17200**

Plaintiff, the People of the State of California, acting by and through San Francisco City Attorney Dennis Herrera, is informed and believes and alleges as follows:

1

COMPLAINT

## INTRODUCTION

1.        Defendants CHECK 'N GO and MONEY MART, registered deferred deposit lenders in California who operate retail stores providing financial services, and their affiliates CHECK 'N GO ONLINE and CUSTOMCASH ONLINE, have formed relationships with defendant FIRST BANK OF DELAWARE, an out-of-state bank, to engage in unlawful and deceptive business practices in an attempt to avoid California laws regulating the provision of deferred deposit loans (also known as "payday loans") and short-term consumer loans (also known as "installment loans") to customers in California.  CHECK 'N GO and MONEY MART, who hold themselves out as licensed providers of payday loans, also advertise and broker installment loans, purportedly made by FIRST BANK OF DELAWARE.  These installment loans violate California law and California's constitutional ban on usury because of their unconscionable interest rates, which exceed 400 percent APR.  FIRST BANK OF DELAWARE has formed business relationships with CHECK 'N GO, MONEY MART, CHECK 'N GO ONLINE, and CUSTOMCASH ONLINE to aid and abet these defendants' violations of California's consumer protection laws, and these relationships exist to circumvent California's restrictions on interest rates and fees.

2.        In the alternative, upon information and belief, defendants CHECK 'N GO and MONEY MART are the true lenders of the illicit installment loans they have purported to broker because they bear the risk of loss associated with these loans; FIRST BANK OF DELAWARE is the lender in name only.

3.        Additionally, defendant CHECK 'N GO violates California's consumer protection laws by demanding access to the checking accounts of California customers as collateral for its illicit installment loans, which are brokered through CHECK 'N GO and through its affiliate and co-defendant CHECK 'N GO ONLINE.  MONEY MART has present plans to implement a similar unlawful arrangement through its affiliate and co-defendant CUSTOMCASH ONLINE.  Both CHECK 'N GO and MONEY MART have violated the terms of their deferred deposit lenders' licenses by offering these illicit financial products, and they have violated the deferred

2

COMPLAINT

deposit law by their misleading advertising concerning their installment loans. CHECK 'N GO and MONEY MART have violated California financial laws by operating multiple consumer lending businesses within the same stores without leave of the California Department of Corporations. CHECK 'N GO ONLINE violates California law by failing to possess a deferred deposit originator's license.

4.     CHECK 'N GO, MONEY MART, CHECK 'N GO ONLINE, and CUSTOMCASH ONLINE must comply with the California Constitution, the California Finance Lenders Law and the California Deferred Deposit Transaction law. FIRST BANK OF DELAWARE must cease aiding and abetting violations of these laws. THE PEOPLE bring this suit to enjoin DEFENDANTS from future illegal conduct that is harmful to consumers and to DEFENDANTS' competitors and to recover funds for consumers who were charged illegally and unfairly high interest rates and fees. THE PEOPLE also seek to impose civil penalties on DEFENDANTS for their illegal conduct. This action arises under the Unfair Competition Law, California Business and Professions Code sections 17200 *et seq.*

## PARTIES

5.     Plaintiff the People of the State of California, by and through San Francisco City Attorney Dennis J. Herrera ("THE PEOPLE"), prosecute this action pursuant to California Business and Professions Code sections 17204 and 17206. The City and County of San Francisco has a population in excess of 750,000 as determined by the Demographic Research Unit of the State of California's Department of Finance.

6.     Defendants CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO; and SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a CHECK 'N GO (collectively "CHECK 'N GO") are Ohio corporations with their principal offices located at 5155 Financial Way, Mason, Ohio 45040. CHECK 'N GO makes payday loans and short-term installment loans to customers in San Francisco, California and is doing business in California. CHECK 'N GO is licensed as a deferred deposit originator with the California Department of Corporations, but is not licensed to provide short-term installment loans in California.

3

COMPLAINT

7.    Defendant AVANTE TELADVANCE, INC. d/b/a CHECK 'N GO ONLINE ("CHECK 'N GO ONLINE") is an Ohio corporation with its principal offices located at 5155 Financial Way, Mason, Ohio 45040. CHECK 'N GO ONLINE makes payday loans and short-term installment loans to customers in San Francisco, California and is doing business in California. CHECK 'N GO ONLINE is not licensed to provide deferred deposit transactions or short-term installment loans in California.

8.    Defendant MONETARY MANAGEMENT OF CALIFORNIA, INC. d/b/a MONEY MART ("MONEY MART") is a Pennsylvania corporation with its principal offices located at 1436 Lancaster Avenue, Berwyn, Pennsylvania 19312. MONEY MART makes payday loans and short-term installment loans to customers in San Francisco, California and is doing business in California. MONEY MART is licensed as a deferred deposit originator with the California Department of Corporations, but is not licensed to provide short-term installment loans in California.

9.    Defendant MONEYMART EXPRESS, INC. d/b/a CUSTOMCASH ONLINE ("CUSTOMCASH ONLINE") is a Pennsylvania corporation with its principal offices located at 1436 Lancaster Avenue, Berwyn, Pennsylvania 19312. CUSTOMCASH ONLINE has formed a business plan to offer short-term installment loans to customers in San Francisco, California and is currently advertising its short-term installment loans to San Francisco consumers. CUSTOMCASH ONLINE is doing business in California.

10.    Defendant FIRST BANK OF DELAWARE is a commercial bank chartered under the laws of the State of Delaware with its principal office located at Brandywine Commons II, 1000 Rocky Run Parkway, Wilmington, Delaware 19803. FIRST BANK OF DELAWARE, through its relationships with MONEY MART, CHECK 'N GO, CHECK 'N GO ONLINE, CUSTOMCASH ONLINE and others, is doing business in San Francisco, California.

11.    The transactions and practices described herein involve additional entities whose identities and involvement are unknown to THE PEOPLE. The true names and capacities, whether corporate, associate, individual, partnership or otherwise, of Defendants Does 1 through 50, inclusive, are unknown to THE PEOPLE, which therefore sue said defendants by such

4

COMPLAINT

fictitious names. THE PEOPLE will seek leave of court to amend this complaint to allege their true names and capacities when the same are ascertained.

12.    THE PEOPLE are informed and believe and thereupon allege that all of the acts and omissions described in this Complaint by any defendant were duly performed by, and attributable to, all DEFENDANTS, including Doe Defendants, each acting as agent and/or under the direction and control of the others, and such acts and omissions were within the scope of such agency, direction, and/or control. Any reference in this complaint to any acts of "DEFENDANTS" shall be deemed to be the acts of each and every defendant acting individually, jointly or severally.

## JURISDICTION AND VENUE

13.    The Superior Court has jurisdiction over this action. DEFENDANTS are conducting unlawful and deceptive business practices in San Francisco and the City Attorney has the right and authority to prosecute these cases on behalf of the THE PEOPLE.

14.    Venue is proper in this Court because the defendants transact business in the City and County of San Francisco and some of the acts complained of occurred in this venue.

## CALIFORNIA LAW GOVERNING INSTALLMENT LOANS AND PAYDAY LOANS

15.    The State of California, by Section 1 of Article XV of the California Constitution, prohibits usury and deems to be usurious interest rates on personal loans that exceed ten percent per annum. Persons who lawfully offer loans or broker the offering of loans pursuant to the California Deferred Deposit Transactions Law or the California Finance Lenders Law are exempt from the California Constitution's usury prohibition.

16.    The State of California regulates originators of short-term consumer installment loans through the California Finance Lenders Law, Financial Code sections 22000 *et seq.* These provisions require finance lenders and brokers who operate in the State of California to obtain licenses to do business from the California Department of Corporations and to conduct their business of consumer lending in accordance with the provisions of the law. These provisions

5

COMPLAINT

1  place limits on the amount of interest that may be charged on consumer loans in California and

2  on the kinds of business that may be conducted in the same facility where the business of

3  consumer installment lending is conducted.  California law exempts state-chartered banks whose

4  charters are issued by other states from the limits and requirements of the California Finance

5  Lenders Law, but it does not exempt brokers or non-bank lenders.

6       17.    The State of California regulates originators of payday loans through the

7  California Deferred Deposit Transaction Law, Financial Code sections 23000 *et seq.*  Payday

8  loans are loan arrangements whereby the consumer provides the lender with access to funds in

9  the consumer's checking account, typically by giving the lender a post-dated check that the

10  lender agrees to cash at a later specified date.  The consumer in turn receives the value of the

11  check less fees charged by the lender, and these fees take the place of interest charges.  The

12  provisions of the California Deferred Deposit Transaction Law require payday loan originators

13  who operate in California to obtain licenses to do business from the California Department of

14  Corporations and to conduct their business of payday lending in accordance with the provisions

15  of the law.  These provisions place limits, *inter alia*, on the duration of payday loans, the fees

16  that may be charged on payday loans, the amount of money that may be lent on any single

17  payday loan, and the advertisements that may be made concerning payday loans.  California law

18  exempts state-chartered banks whose charters are issued by other states from the limits and

19  requirements of the California Deferred Deposit Transactions Law, but brokers or arrangers of

20  payday loans offered by state-chartered banks are not exempted from most requirements of this

21  law.

22

23                    **UNLAWFUL PRACTICES BY DEFENDANTS**
                      **CHECK 'N GO AND CHECK 'N GO ONLINE**

24

25       18.    Defendant CHECK 'N GO is licensed in California pursuant to the California

26  Deferred Deposit Transaction Law.  CHECK 'N GO offers, through retail presences in San

27  Francisco and other locations in California, payday loans to consumers.  CHECK 'N GO

28  advertises itself as a payday lender to consumers.  In addition, in its retail locations, CHECK 'N

                                          6

GO advertises installment loans to consumers with a principal amount of up to $1500. These installment loans are available through a CHECK 'N GO-affiliated internet site, owned and/or operated by CHECK 'N GO ONLINE, to which CHECK 'N GO directs consumers who inquire about installment loans based on advertisements in CHECK 'N GO's retail stores. CHECK 'N GO and CHECK 'N GO ONLINE permit consumers to take out payday loans at the same time as they have installment loans outstanding. The terms of CHECK 'N GO and CHECK 'N GO ONLINE's installment loans violate the provisions of the California Finance Lenders Law because these loans bear unconscionable, usurious interest rates: the annual percentage rates for CHECK 'N GO's installment loans exceed 400 percent. Moreover, because CHECK 'N GO and CHECK 'N GO ONLINE do not comply with the California Finance Lenders Law in offering these installment loans, they are not exempt from the California Constitution's usury restriction, and they are also in violation of this constitutional provision. Finally, in offering these loans at the same place of business as it offers payday loans without leave of the California Department of Corporations, CHECK 'N GO further violates the California Finance Lenders Law.

19.    CHECK 'N GO and CHECK 'N GO ONLINE purport to market and arrange installment loans on behalf of the FIRST BANK OF DELAWARE, which purports to act as the lender on the installment loans offered through the CHECK 'N GO ONLINE website and advertised in CHECK 'N GO's retail stores. CHECK 'N GO and CHECK 'N GO ONLINE violate the California Finance Lenders Law by acting as brokers for loans that are not in compliance with the terms of that law.

20.    In the alternative, upon information and belief concerning industry practices, CHECK 'N GO and/or CHECK 'N GO ONLINE are the true lenders of these installment loans because they bear the risk of loss in the event of consumer default on these loans. In addition, CHECK 'N GO and/or CHECK 'N GO ONLINE are the true lenders on these loans because they supply loan applications to consumers, accept loan applications from consumers, and accept loan payments from consumers. If CHECK 'N GO and CHECK 'N GO ONLINE are the true lenders of these loans, they are required to comply with California law in setting their terms, and they are

7

1   in violation of the California Finance Lenders Law by making installment loans without a license

2   and by offering installment loans that violate the interest rate provisions of that law.

3        21.    In addition, whether they are acting as brokers or as lenders with regard to their

4   illicit installment loans, CHECK 'N GO and CHECK 'N GO ONLINE's practices violate the

5   loan-terms restrictions of the California Deferred Deposit Transaction Law. Under this law,

6   licensed payday lenders may make loans by accepting post-dated checks that they agree to cash

7   at a later date. Payday lenders are allowed to lend no more than $300 to consumers on each

8   payday loan, they may not lend more than one payday loan to any consumer at one time, and

9   each payday loan must be due and payable within 31 days. Payday lenders may charge a fee that

10  is no more than 15 percent of face value of the consumer's check. CHECK 'N GO and CHECK

11  'N GO ONLINE's installment loans are similar to payday loans in that they require consumers to

12  permit CHECK 'N GO ONLINE and/or its agents to deduct installment payments from

13  consumers' checking accounts on a regular basis to repay the installment loans. By requiring

14  consumers to supply the ability to debit their checking accounts as a form of collateral, CHECK

15  'N GO and CHECK 'N GO ONLINE's installment loans operate in the same manner as payday

16  loans, which require consumers to supply as collateral the ability to debit their checking accounts

17  through post-dated checks. CHECK 'N GO and CHECK 'N GO ONLINE's installment loans,

18  however, are longer in duration and greater in amount than the payday loans permitted by the

19  California Deferred Deposit Transaction Law, and CHECK 'N GO and CHECK 'N GO ONLINE

20  allow consumers to take out more than one loan at one time. By requiring consumers to supply

21  their checking accounts as a form of collateral on loans that bear abusive terms, CHECK 'N GO

22  and CHECK 'N GO ONLINE violate the provisions of the California Deferred Deposit

23  Transaction Law. CHECK 'N GO ONLINE further violates the provisions of the California

24  Deferred Deposit Transaction Law by failing to possess a license as required by that law.

25       22.    Furthermore, whether it is acting as a lender or as a broker with regard to its illicit

26  installment loans, CHECK 'N GO's practices violate the advertising provisions of the California

27  Deferred Deposit Transaction Law. CHECK 'N GO advertises itself to consumers as a provider

28  of payday loans, which are regulated by that law. The Deferred Deposit Transaction Law

8

prohibits CHECK 'N GO from advertising its loans in a false, misleading, or deceptive manner. Yet customers who enter CHECK 'N GO's retail stores to obtain payday loans from a licensed payday loan provider are subject to a bait-and-switch advertising tactic: CHECK 'N GO prominently displays advertisements encouraging customers to take out "more flexible" installment loans, which do not comply with California law, which allow consumers to take on levels of debt that are five times greater than with payday loans, and which require consumers to pay more interest. By pushing installment loans on unsuspecting payday loan borrowers, CHECK 'N GO attempts to circumvent the limits imposed by state law on the size, duration, and fees that California law permits lenders to offer for payday loans. Furthermore, these CHECK 'N GO advertisements do not reveal the exorbitant interest rates or other repayment terms of the installment loans, much less that these loans do not meet the requirements of California law. CHECK 'N GO's advertisements also do not disclose that CHECK 'N GO is not a licensed provider of installment loans under the California Finance Lenders Law. Nor is any of this information posted in CHECK 'N GO's stores or otherwise readily available to consumers. Finally, even if CHECK 'N GO's bait-and-switch advertising tactics—designed to induce payday borrowers to enter into grossly less favorable and illegal installment loan transactions—were not a violation of the California law governing advertising of payday loans, CHECK 'N GO's advertising of its installment loans violates the payday loan law advertising provisions for a further reason: the installment loans are themselves a form of payday loans governed by the California Deferred Deposit Transaction Law because they require consumers to provide access to their checking accounts as a mechanism for repaying their loans. Again, CHECK 'N GO's advertisements that these loans are better for consumers because they are "more flexible" is misleading because CHECK 'N GO's so-called installment loans are highly disadvantageous to consumers when compared to lawful payday loans and are illegal in various respects.

## UNLAWFUL PRACTICES BY DEFENDANT MONEY MART UNTIL MID-APRIL 2007

23.    Defendant MONEY MART is licensed in California pursuant to the California Deferred Deposit Transaction Law.  MONEY MART advertises itself as a payday lender to

9

COMPLAINT

consumers, and it offers payday loans to consumers in its retail stores in San Francisco and in other locations throughout California. Until mid-April 2007, MONEY MART also offered installment loans with principal amounts of up to $1500 to consumers through its retail stores, and it advertised these installment loans in its retail stores. The terms of MONEY MART's installment loans violated the provisions of the California Finance Lenders Law because these loans bore unconscionable, usurious interest rates: the annual percentage rates for MONEY MART's installment loans exceeded 400 percent. Moreover, because MONEY MART's installment loans did not comply with the California Finance Lenders Law, these transactions were not exempt from the California Constitution's usury restriction, and they were also in violation of this constitutional provision. By offering these loans at the same place of business as it offered payday loans without leave of the California Department of Corporations, MONEY MART further violated the California Finance Lenders Law.

24.    Prior to mid-April 2007, MONEY MART purported to market and arrange installment loans on behalf of the FIRST BANK OF DELAWARE, which purported to act as the lender on the installment loans offered through MONEY MART's retail stores. In doing so, MONEY MART violated the California Finance Lenders Law by acting as broker for loans that were not in compliance with the terms of that law.

25.    In the alternative, upon information and belief, MONEY MART was the true lender on these loans because it possessed the preponderant economic interest in these loans and because it bore the financial risk of loss for these loans in the event of a consumer default. In addition, MONEY MART was the true lender on these loans because it supplied loan applications to consumers, accepted loan applications from consumers, and accepted loan payments from consumers. By acting as the true lender on these installment loans, MONEY MART violated the provisions of the California Finance Lenders Law and misled consumers concerning the identity of the lender.

26.    Furthermore, whether it was acting as a lender or as a broker with regard to its illicit installment loans, MONEY MART's practices prior to mid-April violated the advertising provisions of the California Deferred Deposit Transaction Law. MONEY MART advertised

10

itself to consumers as a provider of payday loans, which are regulated by that law. The Deferred Deposit Transaction Law prohibited MONEY MART from advertising its loans in a false, misleading, or deceptive manner. Yet customers who entered MONEY MART's retail stores to obtain payday loans from a licensed payday loan provider were subject to a bait-and-switch advertising tactic: MONEY MART prominently displayed advertisements encouraging customers to take out $1500 installment loans because "bigger is better." But these installment loans did not comply with California law, allowed consumers to take on levels of debt that were five times greater than allowed in lawful payday loans, and required consumers to pay more interest. By pushing installment loans on unsuspecting payday loan borrowers, MONEY MART attempted to circumvent the limits imposed by state law on the size, duration, and fees that California law permits lenders to offer for payday loans. Furthermore, these MONEY MART advertisements did not reveal the exorbitant interest rates or other repayment terms of the installment loans, much less that these loans did not meet the requirements of California law. MONEY MART's advertisements also did not disclose that MONEY MART was not a licensed provider of installment loans under the California Finance Lenders Law. Nor was any of this information posted in MONEY MART's stores or otherwise readily available to consumers.

## INTENDED UNLAWFUL PRACTICES BY DEFENDANTS
## MONEY MART AND CUSTOMCASH ONLINE

27.    In early 2007, defendant FIRST BANK OF DELAWARE represented in public announcements that it would cease offering short-term installment loans through store-front vendors effective April 17, 2007. Upon information and belief, as a result of this announcement, MONEY MART has altered its installment lending practices, but MONEY MART has no intention of ceasing these unfair and unlawful practices. Instead, beginning in mid-April 2007, MONEY MART has explicitly directed consumers at its retail locations to go to the Internet site of MONEY MART's affiliate, CUSTOMCASH ONLINE, to apply for short-term installment loans with principal amounts of up to $1500. Although CUSTOMCASH ONLINE's Internet site does not yet permit customers to apply for loans, upon information and belief MONEY MART

COMPLAINT