1   itself to consumers as a provider of payday loans, which are regulated by that law. The Deferred

2   Deposit Transaction Law prohibited MONEY MART from advertising its loans in a false,

3   misleading, or deceptive manner. Yet customers who entered MONEY MART's retail stores to

4   obtain payday loans from a licensed payday loan provider were subject to a bait-and-switch

5   advertising tactic: MONEY MART prominently displayed advertisements encouraging

6   customers to take out $1500 installment loans because "bigger is better." But these installment

7   loans did not comply with California law, allowed consumers to take on levels of debt that were

8   five times greater than allowed in lawful payday loans, and required consumers to pay more

9   interest. By pushing installment loans on unsuspecting payday loan borrowers, MONEY MART

10  attempted to circumvent the limits imposed by state law on the size, duration, and fees that

11  California law permits lenders to offer for payday loans. Furthermore, these MONEY MART

12  advertisements did not reveal the exorbitant interest rates or other repayment terms of the

13  installment loans, much less that these loans did not meet the requirements of California law.

14  MONEY MART's advertisements also did not disclose that MONEY MART was not a licensed

15  provider of installment loans under the California Finance Lenders Law. Nor was any of this

16  information posted in MONEY MART's stores or otherwise readily available to consumers.

### INTENDED UNLAWFUL PRACTICES BY DEFENDANTS
### MONEY MART AND CUSTOMCASH ONLINE

17      27.     In early 2007, defendant FIRST BANK OF DELAWARE represented in public

18  announcements that it would cease offering short-term installment loans through store-front

19  vendors effective April 17, 2007. Upon information and belief, as a result of this announcement,

20  MONEY MART has altered its installment lending practices, but MONEY MART has no

21  intention of ceasing these unfair and unlawful practices. Instead, beginning in mid-April 2007,

22  MONEY MART has explicitly directed consumers at its retail locations to go to the Internet site

23  of MONEY MART's affiliate, CUSTOMCASH ONLINE, to apply for short-term installment

24  loans with principal amounts of up to $1500. Although CUSTOMCASH ONLINE's Internet site

25  does not yet permit customers to apply for loans, upon information and belief MONEY MART

COMPLAINT

and CUSTOMCASH ONLINE imminently intend to use CUSTOMCASH ONLINE's Internet site to promote and offer installment loans that feature the same unconscionable interest rates, exceeding 400 percent, that MONEY MART offered in its retail stores prior to mid-April 2007. Just as the installment loans that MONEY MART offered prior to mid-April 2007 violated the California Finance Lenders Law and the California Constitution's usury restriction, so too will MONEY MART's and CUSTOMCASH ONLINE's installment loans violate these provisions.

28.    MONEY MART and CUSTOMCASH ONLINE have represented that they will market and arrange installment loans on behalf of the FIRST BANK OF DELAWARE, with the latter acting as lender of the loans. In doing so, MONEY MART and CUSTOMCASH ONLINE have threatened to violate the California Finance Lenders Law by acting as brokers for loans that are not in compliance with the terms of that law. Moreover, upon information and belief, MONEY MART and CUSTOMCASH ONLINE have threatened to violate the California Deferred Deposit Transaction Law by requiring consumers to supply the ability to debit their checking accounts, a kind of transaction regulated by the Deferred Deposit Transaction Law, while at the same time failing to comply with the restrictions on duration and amount of loans imposed by that law.

## UNLAWFUL PRACTICES BY DEFENDANT FIRST BANK OF DELAWARE

29.    Defendant FIRST BANK OF DELAWARE, a bank chartered in the State of Delaware, has long been in the business of offering payday loans and short-term installment loans through unaffiliated third-party marketers and brokers. FIRST BANK OF DELAWARE has repeatedly represented in public filings that it will leave the business of offering these payday and installment loans to consumers through the intermediary of third-party retail vendors, but despite its repeated representations to that effect it has not yet done so.

30.    Notwithstanding its representations, FIRST BANK OF DELAWARE has not ceased offering payday loans through unaffiliated third-party retailers because it permits CHECK 'N GO and CHECK 'N GO ONLINE to purport to offer loans made by FIRST BANK OF DELAWARE that require consumers to supply access to their checking accounts as collateral, in

12

COMPLAINT

violation of the California Deferred Deposit Transaction Law. Upon information and belief, FIRST BANK OF DELAWARE also intends to allow MONEY MART and CUSTOMCASH ONLINE to use a similar mechanism to offer loans through CUSTOMCASH ONLINE's Internet site, which arrangement will also violate the Deferred Deposit Transaction Law.

31.    Furthermore, notwithstanding its representations, FIRST BANK OF DELAWARE has not ceased offering installment loans through third-party retail vendors. Instead, FIRST BANK OF DELAWARE continues to purport to act as the lender for installment loans brokered and marketed by third party retailers such as CHECK 'N GO and MONEY MART.

32.    FIRST BANK OF DELAWARE unlawfully aids and abets violations of the California Finance Lenders Law by permitting CHECK 'N GO and CHECK 'N GO ONLINE to purport to broker installment loans for consumers where the terms of these loans violate the California Finance Lenders Law. Prior to April 2007, FIRST BANK OF DELAWARE unlawfully aided and abetted violations of this law by permitting MONEY MART to purport to broker similar installment loans that did not comply with the terms of this law. At present, FIRST BANK OF DELAWARE intends to aid and abet further violations of the California Finance Lenders Law by allowing MONEY MART and CUSTOMCASH ONLINE to promote and broker installment loans that do not comply with the terms of this law.

33.    To the extent that CHECK 'N GO and CHECK 'N GO ONLINE are the true lenders of the unlawful loans that they purport to broker, FIRST BANK OF DELAWARE aids and abets these unlawful loans because FIRST BANK OF DELAWARE pretends to be the true lender and thereby attempts to assist CHECK 'N GO and CHECK 'N GO ONLINE to evade the requirements of the California Finance Lenders Law. To the extent that MONEY MART was the true lender of unlawful loans that it purported to broker prior to April 2007, FIRST BANK OF DELAWARE aided and abetted these unlawful loans because FIRST BANK OF DELAWARE pretended to be the true lender and thereby attempted to assist MONEY MART in evading the requirements of the California Finance Lenders Law. Moreover, even if FIRST BANK OF DELAWARE is the true lender of the short-term installment loans offered by

13

MONEY MART, CHECK 'N GO, and CHECK 'N GO ONLINE, FIRST BANK OF DELAWARE nonetheless has aided and abetted violations of the California Finance Lenders Law by cooperating with brokers who are subject to that law to offer loans that violate that law.

34.    FIRST BANK OF DELAWARE also unlawfully aids and abets violations of the California Deferred Deposit Transactions Law in that it permits CHECK 'N GO and CHECK 'N GO ONLINE to offer loans purportedly made by FIRST BANK OF DELAWARE that require consumers to make their checking accounts available as collateral on the loans, where these loans do not comply with the California Deferred Deposit Transactions Law.  Upon information and belief, FIRST BANK OF DELAWARE intends to engage in the same unlawful and unfair conduct with respect to the loans that it intends to make or purport to make through the CUSTOMCASH ONLINE Internet site.

**CAUSE OF ACTION FOR**
**VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**
**AGAINST ALL DEFENDANTS**

35.    THE PEOPLE incorporate by reference paragraphs 1 through 34 inclusive.

36.    California Business and Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practices." DEFENDANTS, and each of them, have engaged in unlawful, unfair and deceptive business acts and practices in violation of section 17200.  Such acts and practices include but are not limited to the following:

a.    DEFENDANTS have violated the California Deferred Deposit Transaction Law, California Financial Code sections 23000 *et seq.*, or aided and abetted violations of the California Deferred Deposit Transaction Law, by the acts and practices set forth in this Complaint;

b.    DEFENDANTS have violated the California Finance Lenders Law, California Financial Code sections 22000 *et seq.*, or aided and abetted violations of the California Finance Lenders Law, by the acts and practices set forth in this Complaint;

14

COMPLAINT

c.      DEFENDANTS have violated Section 1 of Article XV of the California Constitution, California's usury law, or aided and abetted violations of Section 1 of Article XV of the California Constitution, by the acts and practices set forth in this Complaint;

d.      DEFENDANTS' lending and brokering practices constitute unfair business practices because they offend established public policy, and because the harm they cause to consumers in California greatly outweights any benefits associated with those practices; and

e.      DEFENDANTS have engaged in misleading and unfair advertising;

## PRAYER FOR RELIEF

THE PEOPLE pray for judgment against DEFENDANTS as follows:

1.      An order by which the Court enjoins the DEFENDANTS from performing or proposing to perform or aiding and abetting any acts of unfair competition in California;

2.      An order that DEFENDANTS restore to California borrowers all funds improperly received by DEFENDANTS;

3.      An order rescinding all loan contracts between California borrowers and any DEFENDANT made or brokered in violation of California law;

4.      An order by which the COURT requires the DEFENDANTS to cooperate fully to remove all adverse information related to loan contracts made or brokered in violation of California law from the credit reports of consumers harmed by DEFENDANTS' unfair practices;

5.      An order that DEFENDANTS pay $2,500.00 in civil penalties for each violation of section 17200;

6.      Costs of suit; and

///

///

///

///

///

COMPLAINT

7.    For such further and additional relief as the Court deems proper.

Dated:  April 26, 2007

                            DENNIS J. HERRERA
                            City Attorney
                            OWEN J. CLEMENTS
                            Chief of Special Litigation
                            PETER J. KEITH
                            CHRISTINE VAN AKEN
                            ANN M. O'LEARY
                            Deputy City Attorneys

                    By: _____
                            CHRISTINE VAN AKEN
                            Attorneys for Plaintiff
                            THE PEOPLE OF THE STATE OF
                            CALIFORNIA, ex rel. San Francisco City Attorney
                            Dennis J. Herrera

16

COMPLAINT

CASE NUMBER: CGC-0●●2779 THE PEOPLE OF THE STAT● CALIFORNIA, ACTING VS.

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

|  |  |
|---|---|
| **DATE:** | **SEP-28-2007** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
|  | **400 McAllister Street** |
|  | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number, and address):
CHRISTINE VAN AKEN SB#241755
OFFICE OF THE CITY ATTORNEY
1390 MARKET ST., SIXTH FLOOR
SAN FRANCISCO, CA                    94102-
    TELEPHONE NO.: (415) 554-3875    FAX NO (Optional): (415) 554-3837
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (name): PLAINTIFF

FOR COURT USE ONLY

**FILED**
San Francisco County Superior Court
MAY 0 4 2007
GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
    STREET ADDRESS: 400 McALLISTER ST.
    MAILING ADDRESS: 400 McALLISTER ST.
    CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
    BRANCH NAME:

PLAINTIFF/PETITIONER  THE PEOPLE OF THE STATE OF CALIFORNIA,
DEFENDANT/RESPONDENT  CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, ET AL

CASE NUMBER: 462779

**PROOF OF SERVICE OF SUMMONS**

REF NO. OR FILE NO. 071370

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the summons and
   a. ☑ complaint
   b. ☑ Alternative Dispute Resolution (ADR) package
   c. ☐ Civil Case Cover Sheet (served in complex cases only)
   d. ☐ cross-complaint
   e. ☑ other (specify documents):
      NOTICE TO PLAINTIFF; MEDIATION SERVICES;

3. a. Party served (specify name of party as shown on documents served):
      FIRST BANK OF DELAWARE;
   b. Person served: ☐ party in item 3a  ☑ other (specify name and relationship to the party named in item 3a):
      E. SAMSON, PROCESS AGENT

4. Address where the party was served:
   1000 ROCKY RUN PARKWAY
   WILMINGTON, DE 19803

5. I served the party (check proper box)
   a. ☑ a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
         process for the party    1) on (date): 4/30/2007    (2) at (time): 3:00 PM
   b. ☐ by substituted service.    On (date)    at (time):
      I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be
             served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the
             party. I informed him or her of the general nature of the papers.
      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the
             person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the
             copies were left (Code Div. Proc. § 415.20). I mailed the documents on
             (date):        from (city):              or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

TOTAL P.12

| PLAINTIFF/PETITIONER THE PEOPLE OF THE STATE OF CALIFORNIA, DEFENDANT/RESPONDENT CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, ET AL | CASE NUMBER: 462779 |

c. ☐ by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party to the address shown in item 4, by first-class mail, postage prepaid,

(1) on (date):     (2) from (city):

(3) ☐ with two copies of the "Notice and Acknowledgement of Receipt" (form 982(a)(4)) and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).) (Code Civ, Proc, § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Cov. Proc., § 415.40.)

d. ☐ by other means (specify means of service and authorizing code section):

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of (specify):
c. ☑ on behalf of (specify): FIRST BANK OF DELAWARE

under the following code of Civil Procedure section

☑ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)

☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. Person who served papers

a. Name: JAVIER SANCHEZ
b. Address: PO BOX 1360, WILMINGTON, DE 19899
c. Telephone number: (415)487-1750
d. The fee for service was:
e. I am:
(1) ☑ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☐ registered California process server.
(i) ☐ Employee or independent contractor.
(ii) Registration No.:
(iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct

Date: April 30, 2007

JAVIER SANCHEZ
_____
(NAME OF PERSON WHO SERVED PAPERS, SHERIFF OR MARSHAL)

_____
(SIGNATURE)

**FreeWheelin'**
ATTORNEY SERVICES
41 Sutter Street, Suite 1777
San Francisco, California 94104
(415) 487-1750

| ATTORNEY OR PARTY WITHOUT ATTORNE ⬤ , State Bar Number, and address): | FOR COURT USE ONLY |
|---|---|
| CHRISTINE VAN AKEN SB#241755<br>OFFICE OF THE CITY ATTORNEY<br>1390 MARKET ST., SIXTH FLOOR<br>SAN FRANCISCO, CA                    94102-<br>        TELEPHONE NO.: (415) 554-3875    FAX NO (Optional) (415) 554-3837<br>E-MAIL ADDRESS (Optional):<br>    ATTORNEY FOR (name): PLAINTIFF | **FILED**<br>San Francisco County Superior Court<br>MAY 0 4 2007<br>GURDON PARKLI, Clerk<br>BY: _____<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>    STREET ADDRESS: 400 MCALLISTER STREET<br>    MAILING ADDRESS: 400 MCALLISTER STREET<br>    CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>    BRANCH NAME: |
|---|

| PLAINTIFF/PETITIONER  THE PEOPLE OF THE STATE OF CALIFORNIA,<br>DEFENDANT/RESPONDENT  CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, ET AL | CASE NUMBER:<br>           462779 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | REF NO. OR FILE NO.<br>        071370 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the summons and
   a. ☑ complaint
   b. ☑ Alternative Dispute Resolution (ADR) package
   c. ☐ Civil Case Cover Sheet (served in complex cases only)
   d. ☐ cross-complaint
   e. ☑ other (specify documents):
      NOTICE TO PLAINTIFF;  MEDIATION SERVICES;

3. a. Party served (specify name of party as shown on documents served):
      SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. dba CHECK 'N GO
   b. Person served: ☐ party in item 3a  ☑ other (specify name and relationship to the party named in item 3a):
      MARGRET WILSON, PROCESS SPECIALIST

4. Address where the party was served:
   CT CORPORATION, 818 WEST 7TH ST.
   LOS ANGELES, CA 90017

5. I served the party (check proper box)
   a. ☑ a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
          process for the party   1) on (date): 4/30/2007        (2) at (time): 12:26 PM
   b. ☐ by substituted service.  On (date)                          at (time):
          I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be
             served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the
             party. I informed him or her of the general nature of the papers.
      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the
             person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of
             the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the
             copies were left (Code Civ. Proc. § 415.20). I mailed the documents on
             (date)          from (city):                     or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER  THE PEOPLE OF THE STATE OF CALIFORNIA, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT  CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, ET AL | 462779 |

c.   by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):                 (2) from (city):

    (3)   with two copies of the "Notice and Acknowledgement of Receipt" (form 982(a)(4)) and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).) (Code Civ. Proc. § 415.30.)

    (4)   to an address outside California with return receipt requested. (Code Cov. Proc., § 415.40.)

d.   by other means (specify means of service and authorizing code section):

     Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a.   as an individual defendant.

    b.   as the person sued under the fictitious name of (specify):

    c. ☑ on behalf of (specify):  SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. dba CHECK 'N GO

        under the following code of Civil Procedure section

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.60 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers

    a. Name:     BRENDAN ETTER

    b. Address:     41 SUTTER STREET, STE. 1777, SAN FRANCISCO, CA. 94104

    c. Telephone number:     (415) 487-1750

    d. The fee for service was:

    e. I am:

        (1)   not a registered California process server.

        (2)   exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server.

            (i)   ☐ Employee or independent contractor.

            (ii)   Registration No.:   4810

            (iii)   County:      LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.   I am a California sheriff or marshal and  I certify that the foregoing is true and correct

Date:  April 30, 2007

BRENDAN ETTER                                            

(NAME OF PERSON WHO SERVED PAPERS, SHERIFF OR MARSHAL)                  (SIGNATURE)

**FreeWheelin'**
ATTORNEY SERVICES
41 Sutter Street, Suite 1777
San Francisco, California  94104
(415) 487-1750

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number, and address):

CHRISTINE VAN AKEN SB#241755
OFFICE OF THE CITY ATTORNEY
1390 MARKET ST., SIXTH FLOOR
SAN FRANCISCO, CA                    94102-
TELEPHONE NO.: (415) 554-3875    FAX NO. (Optional) (415) 554-3837
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (name): PLAINTIFF

FOR COURT USE ONLY

**FILED**
San Francisco County Superior Court

MAY 0 4 2007

GUHUUN PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McALLISTER ST.
MAILING ADDRESS: 400 McALLISTER ST.
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME:

PLAINTIFF/PETITIONER THE PEOPLE OF THE STATE OF CALIFORNIA,
DEFENDANT/RESPONDENT CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, ET AL

CASE NUMBER:
462779

REF NO. OR FILE NO.
071370

## PROOF OF SERVICE OF SUMMONS

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the summons and
   a. ✓ complaint
   b. ✓ Alternative Dispute Resolution (ADR) package
   c. ☐ Civil Case Cover Sheet (served in complex cases only)
   d. ☐ cross-complaint
   e. ✓ other (specify documents):
      **NOTICE TO PLAINTIFF; MEDIATION SERVICES;**

3. a. Party served (specify name of party as shown on documents served):
      **MONEY MART EXPRESS, INC. dba CUSTOMCASH ONLINE**
   b. Person served: ☐ party in item 3a   ✓ other (specify name and relationship to the party named in item 3a):
      **MARGRET WILSON, PROCESS SPECIALIST**

4. Address where the party was served:
   **CT CORPORATION, 818 WEST 7TH ST.
   LOS ANGELES, CA 90017**

5. I served the party (check proper box)
   a. ✓ a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   1) on (date): 4/30/2007   (2) at (time): 12:26 PM
      at (time):
   b. ☐ by substituted service.   On (date) .
      I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Div. Proc. § 415.20). I mailed the documents on
      (date):          from (city):          or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER  THE PEOPLE OF THE STATE OF CALIFORNIA, | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT  CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, ET AL | 462779 |

c.     by mail and acknowledgment of receipt of service, I mailed the documents listed in item 2 to the party to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on (date):         (2) from (city):

   (3)     with two copies of the "Notice and Acknowledgement of Receipt" (form 982(a)(4)) and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).) (Code Civ. Proc, § 415.30.)

   (4)     to an address outside California with return receipt requested. (Code Cov. Proc., § 415.40.)

d.     by other means (specify means of service and authorizing code section):

   Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.     as an individual defendant.
  b.     as the person sued under the fictitious name of (specify):
  c.  ☑ on behalf of (specify):   **MONEY MART EXPRESS, INC. dba CUSTOMCASH ONLINE**
     under the following code of Civil Procedure section

| | |
| --- | --- |
| ☑ 416.10 (corporation) | ☐ 416.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  Person who served papers

  a. Name:    **BRENDAN ETTER**
  b. Address:    **41 SUTTER ST., STE. 1777, SAN FRANCISCO, CA 94104**
  c. Telephone number:    **(415) 487-1750**
  d. The fee for service was:
  e. I am:
    (1)  ☐ not a registered California process server.
    (2)  ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☑ registered California process server.
      (i)   ☐ Employee or independent contractor.
      (ii)  Registration No.:  **4810**
      (iii)  County:   **LOS ANGELES**

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9.     I am a California sheriff or marshal and I certify that the foregoing is true and correct

Date:   **April 30, 2007**

       **BRENDAN ETTER**
_____      _____
(NAME OF PERSON WHO SERVED PAPERS, SHERIFF OR MARSHAL)      (SIGNATURE)

**FreeWheelin'**
ATTORNEY SERVICES
41 Sutter Street, Suite 1777
San Francisco, California  94104
(415) 487-1750

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number, and address):

CHRISTINE VAN AKEN SB#241755
OFFICE OF THE CITY ATTORNEY
1390 MARKET ST., SIXTH FLOOR
SAN FRANCISCO, CA                                    94102-
　　TELEPHONE NO.: (415) 554-3875　　FAX NO (Optional) (415) 554-3837
E-MAIL ADDRESS (Optional):
　　ATTORNEY FOR (name): PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
　　STREET ADDRESS: 400 McALLISTER ST.
　　MAILING ADDRESS: 400 McALLISTER ST.
　　CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
　　BRANCH NAME:

FOR COURT USE ONLY

**FILED**
San Francisco County Superior Court

MAY 0 4 2007

GURDON PARK-LI, Clerk
BY: _____
Deputy Clerk

PLAINTIFF/PETITIONER THE PEOPLE OF THE STATE OF CALIFORNIA,
DEFENDANT/RESPONDENT CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, ET AL

CASE NUMBER:
462779

REF NO. OR FILE NO.
071370

### PROOF OF SERVICE OF SUMMONS

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the summons and
   a. ☑ complaint
   b. ☑ Alternative Dispute Resolution (ADR) package
   c. ☐ Civil Case Cover Sheet (served in complex cases only)
   d. ☐ cross-complaint
   e. ☑ other (specify documents):
      **NOTICE TO PLAINTIFF: MEDIATION SERVICES**

3. a. Party served (specify name of party as shown on documents served):
      AVANTE TELADVANCE, INC. dba CHECK 'N GO ONLINE
   b. Person served: ☐ party in item 3a    ☑ other (specify name and relationship to the party named in item 3a):
      MARGRET WILSON, PROCESS SPECIALIST

4. Address where the party was served:
   CT CORPORATION, 818 WEST 7TH ST.
   LOS ANGELES, CA 90017

5. I served the party (check proper box)
   a. ☑ a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
      process for the party    1) on (date): 4/30/2007    (2) at (time): 12:26 PM
   b. ☐ by substituted service.    On (date): _____    at (time): _____

      I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be
          served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the
          party. I informed him or her of the general nature of the papers.
      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the
          person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of
          the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the
          copies were left (Code Civ. Proc. § 415.20). I mailed the documents on
          (date): _____    from (city): _____    or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER  THE PEOPLE OF THE STATE OF CALIFORNIA, | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT  CHECK 'N GO OF CALIFORNIA, INC, d/b/a CHECK 'N GO, ET AL | 462779 |

c.  ☐ by mail and acknowledgment of receipt of service, I mailed the documents listed in item 2 to the party to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):            (2) from (city):

    (3)     with two copies of the "Notice and Acknowledgement of Receipt" (form 982(a)(4)) and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).) (Code Civ. Proc, § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Cov. Proc., § 415.40.)

d.  ☐ by other means (specify means of service and authorizing code section):

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    a.  ☐ as an individual defendant.

    b.  ☐ as the person sued under the fictitious name of (specify):

    c.  ☑ on behalf of (specify):  AVANTE TELADVANCE, INC. dba CHECK 'N GO ONLINE

        under the following code of Civil Procedure section

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.60 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers .

    a. Name:     BRENDAN ETTER

    b. Address:    41 SUTTER ST., STE. 1777, SAN FRANCISCO, CA 94104

    c. Telephone number:    (415)487-1750

    d. The fee for service was:

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server.

          (i)   ☐ Employee or independent contractor.

          (ii)  Registration No.:    4810

          (iii) County:    .    LOS ANGELES

8.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct

Date:  April 30, 2007

        BRENDAN ETTER

(NAME OF PERSON WHO SERVED PAPERS, SHERIFF OR MARSHAL)        (SIGNATURE)

**FreeWheelin**
ATTORNEY SERVICES
41 Sutter Street, Suite 1777
San Francisco, California  94104
(415) 487-1750

ATTORNEY OR PARTY WITHOUT ATTORNE●● , State Bar Number, and address):
CHRISTINE VAN AKEN SB#241755
OFFICE OF THE CITY ATTORNEY
1390 MARKET ST., SIXTH FLOOR
SAN FRANCISCO, CA                    94102-
   TELEPHONE NO.: (415) 554-3875    FAX NO (Optional) (415) 554-3837
E-MAIL ADDRESS (Optional):
   ATTORNEY FOR (name):  PLAINTIFF

FOR COURT USE ONLY

**FILED**
San Francisco County Superior Court

MAY 0 4 2007

GORDON PARK-LI, Clerk

Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
  STREET ADDRESS:  400 McALLISTER ST.
  MAILING ADDRESS:  400 McALLISTER ST.
  CITY AND ZIP CODE:  SAN FRANCISCO, CA 94102
  BRANCH NAME:

PLAINTIFF/PETITIONER  THE PEOPLE OF THE STATE OF CALIFORNIA,
DEFENDANT/RESPONDENT  CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, ET AL.

CASE NUMBER:
  462779

REF NO. OR FILE NO.
  071370

**PROOF OF SERVICE OF SUMMONS**

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of the summons and
   a. ☑ complaint
   b. ☑ Alternative Dispute Resolution (ADR) package
   c. ☐ Civil Case Cover Sheet (served in complex cases only)
   d. ☐ cross-complaint
   e. ☑ other (specify documents):
      NOTICE TO PLAINTIFF;  MEDIATION SERVICES;
3. a. Party served (specify name of party as shown on documents served):
      MONETARY MANAGEMENT OF CALIFORNIA, INC. dba MONEY MART
   b. Person served:  ☐ party in item 3a    ☑ other (specify name and relationship to the party named in item 3a):
      MARGRET WILSON, PROCESS SPECIALIST
4. Address where the party was served:
   CT CORPORATION, 818 WEST 7TH ST.
   LOS ANGELES, CA
5. I served the party (check proper box)
   a. ☑ a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
      process for the party    1) on (date):  4/30/2007    (2) at (time):  12:26 PM
   b. ☐ by substituted service.    On (date):        at (time):
      I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):

   (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be
          served. I informed him or her of the general nature of the papers.
   (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the
          party. I informed him or her of the general nature of the papers.
   (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the
          person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of
   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the
          copies were left (Code Div. Proc. § 415.20). I mailed the documents on
          (date)        from (city):        or ☐ a declaration of mailing is attached.
   (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

PLAINTIFF/PETITIONER  THE PEOPLE OF THE STATE OF CALIFORNIA,
DEFENDANT/RESPONDENT  CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, ET AL

CASE NUMBER:
462779

c. ☐ by mail and acknowledgment of receipt of service, I mailed the documents listed in Item 2 to the party to the address shown in Item 4, by first-class mail, postage prepaid.

   (1) on (date):                        (2) from (city):

   (3) ☐ with two copies of the "Notice and Acknowledgement of Receipt" (form 982(a)(4)) and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).) (Code Civ, Proc, § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Cov. Proc., § 415.40.)

d. ☐ by other means (specify means of service and authorizing code section):


   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☑ on behalf of (specify):  MONETARY MANAGEMENT OF CALIFORNIA, INC. dba MONEY MART
          under the following code of Civil Procedure section

   | | |
   |---|---|
   | ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7. Person who served papers
   a. Name:        BRENDAN ETTER
   b. Address:     41 SUTTER ST., STE. 1777, SAN FRANCISCO, CA 94104
   c. Telephone number:   (415) 487-1750
   d. The fee for service was:
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ registered California process server.
           (i) ☐ Employee or independent contractor.
           (ii) Registration No.:  4810
           (iii) County:     LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: April 30, 2007

        BRENDAN ETTER                                        _____
_____                              (SIGNATURE)
(NAME OF PERSON WHO SERVED PAPERS, SHERIFF OR MARSHAL)


**FreeWheelin'**
ATTORNEY SERVICES
41 Sutter Street, Suite 1777
San Francisco, California  94104
(415) 487-1750

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number, and address): | FOR COURT USE ONLY |
|---|---|
| CHRISTINE VAN AKEN SB#241755<br>OFFICE OF THE CITY ATTORNEY<br>1390 MARKET ST., SIXTH FLOOR<br>SAN FRANCISCO, CA                    94102-<br>    TELEPHONE NO.: (415) 554-3875    FAX NO (Optional) (415) 554-3837<br>E-MAIL ADDRESS (Optional):<br>    ATTORNEY FOR (name): PLAINTIFF | **FILED**<br>San Francisco County Superior Court<br>MAY 0 4 2007<br>GORDON PARK-LI, Clerk<br>BY _____<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>    STREET ADDRESS: 400 McALLISTER ST.<br>    MAILING ADDRESS: 400 McALLISTER ST.<br>    CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>    BRANCH NAME: | |

| PLAINTIFF/PETITIONER  THE PEOPLE OF THE STATE OF CALIFORNIA,<br>DEFENDANT/RESPONDENT  CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, ET AL | CASE NUMBER:<br>462779 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | REF NO. OR FILE NO.<br>071370 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the summons and

    a. ☑ complaint

    b. ☑ Alternative Dispute Resolution (ADR) package

    c. ☐ Civil Case Cover Sheet (served in complex cases only)

    d. ☐ cross-complaint

    e. ☑ other (specify documents):
        **NOTICE TO PLAINTIFF; MEDIATION SERVICES;**

3. a. Party served (specify name of party as shown on documents served):
        **CHECK 'N GO OF CALIFORNIA, INC. dba CHECK 'N GO**

    b. Person served:  ☐ party in item 3a    ☑ other (specify name and relationship to the party named in item 3a):
        **MARGRET WILSON, PROCESS SPECIALIST**

4. Address where the party was served:
    **CT CORPORATION, 818 WEST 7TH ST,
    LOS ANGELES, CA 90017**

5. I served the party (check proper box)

    a. ☑ a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party    1) on (date):    **4/30/2007**    (2) at (time):    **12:26 PM**

    b. ☐ by substituted service.    On (date):    at (time):
        I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3b):

        (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc. § 415.20). I mailed the documents on
            (date):        from (city):        or ☐ a declaration of mailing is attached.

        (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER  THE PEOPLE OF THE STATE OF CALIFORNIA, | 462779 |
| DEFENDANT/RESPONDENT  CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, ET AL. | |

   c.    by mail and acknowledgment of receipt of service, I mailed the documents listed in item 2 to the party to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on (date):          (2) from (city):

      (3) ☐ with two copies of the "Notice and Acknowledgment of Receipt" (form 982(a)(4)) and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).) (Code Civ. Proc. § 415.30.)

      (4) ☐ to an address outside California with return receipt requested. (Code Cov. Proc., § 415.40.)

   d.    by other means (specify means of service and authorizing code section):

      ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. ☐ as an individual defendant.

   b. ☐ as the person sued under the fictitious name of (specify):

   c. ☑ on behalf of (specify):  CHECK 'N GO OF CALIFORNIA, INC. dba CHECK 'N GO

      under the following code of Civil Procedure section

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers

   a. Name:     BRENDAN ETTER

   b. Address:    41 Sutter St., Ste. 1777, San Francisco, CA 94104

   c. Telephone number:   (415)487-1750

   d. The fee for service was:

   e. I am:

      (1) ☐ not a registered California process server.

      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

      (3) ☑ registered California process server.

         (i)   ☐ Employee or independent contractor.

         (ii)  Registration No.:  4810

         (iii) County:     LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct

Date:  April 30, 2007

        BRENDAN ETTER

(NAME OF PERSON WHO SERVED PAPERS, SHERIFF OR MARSHAL)            (SIGNATURE)

**FreeWheelin'**
ATTORNEY SERVICE
41 Sutter Street, Suite 1777
San Francisco, California  94104
(415) 487-1750

1  WILLIAM H. ORRICK, III (State Bar No. 113252)
   ef-who@cpdb.com
2  ANN E. JOHNSTON (State Bar No. 141252)
   ef-aej@cpdb.com
3  COBLENTZ, PATCH, DUFFY & BASS LLP
   One Ferry Building, Suite 200
4  San Francisco, California 94111-4213
   Telephone: 415.391.4800
5  Facsimile: 415.989.1663

6  Attorneys for Defendant
   FIRST BANK OF DELAWARE

7

8

ENDORSED
FILED
San Francisco County Superior Court

MAY 2 5 2007

GORDON PARK-LI, Clerk

By:    ROSSALY DE LA VEGA
                        Deputy Clerk

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN FRANCISCO

11 | THE PEOPLE OF THE STATE OF         | Case No. CGC-07-462779
   | CALIFORNIA, acting by and through City |
12 | Attorney Dennis J. Herrera,        | **DEFENDANT FIRST BANK OF**
   |                                    | **DELAWARE'S ANSWER TO**
13 |                 Plaintiff,         | **COMPLAINT FOR INJUNCTIVE**
   |                                    | **RELIEF AND CIVIL PENALTIES FOR**
14 |        v.                          | **VIOLATIONS OF BUSINESS AND**
   |                                    | **PROFESSIONS CODE SECTION 17200**
15 | CHECK 'N GO OF CALIFORNIA, INC. d/b/a |
   | CHECK 'N GO; SOUTHWESTERN &        | Action Filed:    April 26 2007
16 | PACIFIC SPECIALTY FINANCE, INC.,   | Trial Date:      None Set
   | d/b/a CHECK 'N GO; AVANTE          |
17 | TELADVANCE, INC. d/b/a CHECK N' GO |
   | ONLINE; MONETARY MANAGEMENT        |
18 | OF CALIFORNIA, INC. d/b/a MONEY    |
   | MART; MONEY MART EXPRESS, INC.     |
19 | d/b/a/ CUSTOMCASH ONLINE; FIRST    |
   | BANK OF DELAWARE; and DOES 1-50    |
20 | inclusive,                         |
   |                                    |
21 |                 Defendants.        |

22

23        Defendant FIRST BANK OF DELAWARE ("FIRST BANK"), by its undersigned

24 attorneys, hereby answers the unverified Complaint for Injunctive Relief and Civil Penalties for

25 Violations of Business and Professions Code section 17200 ("Complaint") as follows:

26                              **GENERAL DENIAL**

27        Pursuant to Section 431.30 of the California Code of Civil Procedure, FIRST BANK

28 generally and specifically denies each, every, and all allegations contained in each paragraph of

10145.004.620915v2                                    Case No. CGC-07-462779

DEFENDANTS MONETARY MANAGEMENT OF CALIFORNIA, INC.'S AND

1   the Complaint. Further, FIRST BANK specifically denies that it caused any damage or loss

2   allegedly suffered by Plaintiff or the people of the state of California.

### AFFIRMATIVE DEFENSES

4   Pursuant to Section 431.30(g) of the California Code of Civil Procedure, FIRST BANK

5   also alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction/Preemption)

7   1.    The Superior Court lacks jurisdiction over all Defendants, including FIRST BANK,

8   because exclusive jurisdiction resides in the federal district court. The installment loans

9   challenged in the Complaint were made by FIRST BANK. FIRST BANK is a full-service,

10  federally insured depository institution, chartered and headquartered in Delaware. The Complaint

11  alleges that Defendants, including FIRST BANK, "have violated Section 1 of Article XV of the

12  California Constitution, California's usury law, or aided and abetted violations of Section 1 of

13  Article XV of the California Constitution." Plaintiff's claims in the Complaint are completely

14  preempted by controlling Federal law, *including without limitation*, Section 27 of the Federal

15  Deposit Insurance Act, 12 U.S.C. § 1831d.

### SECOND AFFIRMATIVE DEFENSE
(Preemption)

18  2.    Delaware and preemptive Federal law, and not California law, govern the interest

19  rates and fees on the installment loans made by FIRST BANK and challenged by Plaintiff in the

20  Complaint.

### THIRD AFFIRMATIVE DEFENSE
(Preemption/Primary Jurisdiction)

22  3.    The Federal Deposit Insurance Corporation ("FDIC") and the Delaware State

23  Banking Commissioner have primary jurisdiction in connection with the regulation of loans made

24  by FIRST BANK. The Complaint seeks to impose different or conflicting standards than those

25  prescribed by the FDIC and Delaware law, which would wholly or partially interfere with the

26  ability of FIRST BANK to fully exercise its lending powers as a federally insured depository

27  institution.

28

DEFENDANTS MONETARY MANAGEMENT OF CALIFORNIA, INC.'S AND
MONEYMART EXPRESS, INC.'S ANSWER TO COMPLAINT

### FOURTH AFFIRMATIVE DEFENSE
#### (Abstention)

4.    The cause of action asserted in the Complaint is barred because the installment loans offered by FIRST BANK are regulated by a detailed and comprehensive enforcement scheme established under Delaware and Federal law.

### FIFTH AFFIRMATIVE DEFENSE
#### (Choice of Law)

5.    The Consumer Installment Loan Agreement signed by California borrowers with FIRST BANK contains a choice of law clause which provides that any claims relating to the Installment Loan Agreement will be governed by Delaware law, except as Federal law may apply.

### SIXTH AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

6.    Plaintiff has failed to state a claim upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Conduct Not "Unlawful")

7.    FIRST BANK'S business practices are not "unlawful" within the meaning of Business Professions Code section 17200.  The business practices of FIRST BANK have been at all times in compliance with applicable State and Federal law.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Conduct Not "Unfair")

8.    FIRST BANK'S business practices are not "unfair" within the meaning of Business and Professions Code section 17200.  The business practices of FIRST BANK have been at all times in compliance with applicable State and Federal law.

### NINTH AFFIRMATIVE DEFENSE
#### (Conduct Not "Fraudulent")

9.    The business practices of FIRST BANK are not fraudulent within the meaning of Business and Professions Code section 17200.  FIRST BANK'S business practices have been at all times in compliance with applicable State and Federal law.

DEFENDANTS MONETARY MANAGEMENT OF CALIFORNIA, INC.'S AND
MONEYMART EXPRESS, INC.'S ANSWER TO COMPLAINT

### TENTH AFFIRMATIVE DEFENSE
### (Alternative Source of Supply)

10.    California borrowers had a reasonably available alternative source of supply from which to obtain financing and other services and, as such, the Complaint fails to state a claim for unfair business practices.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

11.    Plaintiff's claims are barred to the extent they exceed the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE
### (Consent)

12.    By their conduct, acts, and omissions, Plaintiff and California borrowers, and each of them, consented to and acquiesced in FIRST BANK'S conduct.    California borrowers, after full disclosure of the credit terms and with full knowledge of the pertinent facts, voluntarily executed the Consumer Installment Loan Agreements and consented to the rate of interest on the loans they obtained from FIRST BANK, and accordingly, Plaintiff is estopped or barred by ratification, acquiescence or waiver from asserting claims against Defendants, including FIRST BANK.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Ratification)

13.    The Complaint and the single cause of action alleged therein are barred by the conduct, actions, and inactions of the Plaintiff and the California borrowers, and each of them, under the doctrine of ratification.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

14.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Laches)

15.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

16.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

DEFENDANTS MONETARY MANAGEMENT OF CALIFORNIA, INC.'S AND
MONEYMART EXPRESS, INC.'S ANSWER TO COMPLAINT

415.391.4800 · FAX 415.989.1663
SUITE 600, SAN FRANCISCO, CALIFORNIA 94111-4213

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

17.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

18.    At all times relevant hereto, FIRST BANK acted in good faith and based upon applicable law, upon which FIRST BANK reasonably relied, with respect to the installment loans challenged by the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Absence of Intent)

19.    Plaintiff's claims are barred by the absence of intent on the part of FIRST BANK to engage in the conduct alleged to be in violation of state laws.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Voluntary Payment Doctrine)

20.    Plaintiff's claims on behalf of California borrowers are barred, in whole or in part, by the voluntary payment doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Contrary to Express Contractual Terms)

21.    Plaintiff's claims are contrary to the express terms of the loan documents executed by California borrowers.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Full Disclosure of Contract Terms)

22.    The challenged installment loans were bona fide transactions and provided for full disclosure of all terms and conditions of the loan in accordance with Federal and Delaware law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Reasonable Opportunity)

23.    California borrowers who obtained an installment loan from FIRST BANK had reasonable opportunity to discover facts concerning the installment loan with FIRST BANK by using ordinary intelligence before entering into said loans.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (No Injury)

24.   No act or omission on the part of FIRST BANK injured Plaintiff or California borrowers.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (No Causation)

25.   No act or omission on the part of FIRST BANK caused in fact, or proximately caused, the harm alleged to have been suffered by Plaintiff or California borrowers.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (No Threat of Imminent of Immediate Harm)

26.   No threat of immediate harm exists sufficient to support Plaintiff's request for injunctive relief.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Adequate Remedy at Law)

27.   Plaintiff's single cause of action and the requested injunctive remedy are barred in light of the fact that Plaintiff and California borrowers have an adequate legal remedy for the wrongs alleged.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Arbitration)

28.   The Consumer Installment Loan Agreement signed by California borrowers contains an arbitration agreement governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and therefore, any claims or disputes brought on a borrower's behalf are subject to the arbitration agreement.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### (Commerce Clause)

29.   Plaintiff's action attempts to impede FIRST BANK'S ability to conduct business in violation of the Commerce Clause of the United States Constitution.

DEFENDANTS MONETARY MANAGEMENT OF CALIFORNIA, INC.'S AND
MONEYMART EXPRESS, INC.'S ANSWER TO COMPLAINT

### THIRTIETH AFFIRMATIVE DEFENSE
#### (Due Process I)

30.    Plaintiff's Complaint is barred, in whole or in part, by the due process clause of the United States and California Constitutions in that is seeks monetary relief on behalf of absent parties.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
#### (Due Process II)

31.    Plaintiff's application of the California Unfair Competition Law here violates constitutional due process because it cannot reasonably be determined what conduct is required or proscribed by the Unfair Competition Law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
#### (Due Process III)

32.    Plaintiff's claims on behalf of California borrowers violate FIRST BANK'S due process rights to the extent the general public will not be bound by the outcome of this proceeding.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
#### (Violation of Separation of Powers)

33.    The California Unfair Competition Law violates the Constitutional Separation of Powers clause because it purports, by statute, to improperly delegate to the judiciary the powers of the legislative branch of Government.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
#### (Standing)

34.    The Complaint and the cause of action alleged therein are barred to the extent Plaintiff lacks standing to bring such a cause of action, and specifically, to the extent the population of the City and County of San Francisco is currently under 750,000, the City Attorney for the City and County of San Francisco does not have standing under Sections 17204 or 17206 to bring this Complaint.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
#### (Forfeiture)

35.    The Complaint is barred because it seeks forfeiture in violation of the Due Process clauses of the United States and California Constitutions.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
**(Unlawful Punitive Damages)**

36.    The Complaint is barred to the extent it seeks penalties which can be construed as unlawful punitive damages in violation of the Due Process Clauses of the United States and California Constitutions.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
**(Retroactive Relief)**

37.    The Complaint is barred because Constitutional and equitable principles would be violated if retroactive relief, whether in the form of damages, rescission, disgorgement and/or penalties, were permissible based on a change in the law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
**(Exemption of FIRST BANK from California Finance Lenders Law)**

38.    FIRST BANK is chartered under the laws of the State of Delaware and, as alleged in the Complaint, is therefore exempted under California law from the limits and requirements of the California Finance Lenders Law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
**(Exemption of FIRST BANK from California Deferred Deposit Transaction Law)**

39.    FIRST BANK is chartered under the laws of the State of Delaware and, as alleged in the Complaint, is therefore exempted under California law from the limits and requirements of the California Deferred Deposit Transaction Law.

### FORTIETH AFFIRMATIVE DEFENSE
**(Set-off)**

40.    If FIRST BANK is liable in any amount to California borrowers, then FIRST BANK is entitled to set-offs in the amount of all sums owed by those California borrowers to FIRST BANK.

### FORTY-FIRST AFFIRMATIVE DEFENSE
**(Additional Affirmative Defenses)**

41.    FIRST BANK presently has insufficient knowledge or information upon which it can form a belief as to whether they may have additional, as yet unknown and unstated, affirmative defenses. FIRST BANK reserves the right to amend its answer to assert such

DEFENDANTS MONETARY MANAGEMENT OF CALIFORNIA, INC.'S AND
MONEYMART EXPRESS, INC.'S ANSWER TO COMPLAINT

1  additional affirmative defenses in the event that discovery indicates that additional affirmative

2  defenses are appropriate.

3  **PRAYER**

4  WHEREFORE, FIRST BANK prays for relief as follows:

5  1.    That Plaintiff takes nothing by this Complaint;

6  2.    That judgment be entered in favor of FIRST BANK;

7  3.    For all costs and attorneys' fees incurred herein; and

8  4.    For such and other and further relief as the Court may deem just and proper.

9  Dated: May 25, 2007                    COBLENTZ, PATCH, DUFFY & BASS LLP

10

11  By: _____

12  Ann E. Johnston
    Attorneys for Defendant
    FIRST BANK OF DELAWARE.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS MONETARY MANAGEMENT OF CALIFORNIA, INC.'S AND
MONEYMART EXPRESS, INC.'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is One Ferry Building, Suite 200, San Francisco, California 94111-4213.

On May 25, 2007, I served true copies of the following document(s) described as

**DEFENDANT FIRST BANK OF DELAWARE'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND CIVIL PENALTIES FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

on the interested parties in this action as follows:

Dennis J. Herrera, City Attorney
Owen J. Clements
Peter J. Keith
Christine Van Aken
Amy M. O'Leary
OFFICE OF THE CITY ATTORNEY
1 Dr. Carlton B. Goodlett Place, Suite 234
San Francisco, California  94102
Telephone:  415. 554. 4721
Facsimile:  415.554.4757

Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF
CALIFORNIA

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Coblentz, Patch, Duffy & Bass LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 25, 2007, at San Francisco, California.

Kathy Leduc

1



1  SQUIRE, SANDERS & DEMPSEY L.L.P.
   Mark C. Dosker (State Bar No. 114789)
2  Daniel S. Kubasak (State Bar No. 222336)
   One Maritime Plaza, Suite 300
3  San Francisco, CA  94111-3492
   Telephone:  +1.415.954.0200
4  Facsimile:  +1.415.393.9887

5  SQUIRE, SANDERS & DEMPSEY L.L.P
   Amy L. Brown
6  Jeremy W. Dutra
   1201 Pennsylvania Ave., NW, Suite 500
7  Washington, DC  20004
   Telephone:  +1.202.626.6200
8  Facsimile:  +1.202.626.6780

9
   Attorneys for Defendants
10 CHECK 'N GO OF CALIFORNIA, INC.;
   SOUTHWESTERN & PACIFIC SPECIALTY
11 FINANCE, INC.; and AVANTE TELADVANCE,
   INC.

12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

14

15

16 THE PEOPLE OF THE STATE OF            Case No.  CGC-07-462779
   CALIFORNIA, acting by and through City
17 Attorney Dennis J. Herrera,           **DEFENDANTS CHECK 'N GO OF
                                         CALIFORNIA, INC.; SOUTHWESTERN &
18          Plaintiffs,                  PACIFIC SPECIALTY FINANCE, INC.;
                                         AND AVANTE TELADVANCE, INC.'S
19     vs.                               ANSWER TO COMPLAINT FOR
                                         INJUNCTIVE RELIEF AND CIVIL
20 CHECK 'N GO OF CALIFORNIA, INC.       PENALTIES FOR VIOLATIONS OF
   d/b/a CHECK 'N GO; SOUTHWESTERN       BUSINESS AND PROFESSIONS CODE
21 & PACIFIC SPECIALTY FINANCE,          SECTION 17200**
   INC. d/b/a CHECK 'N GO; AVANTE
22 TELADVANCE, INC. d/b/a CHECK 'N
   GO ONLINE; MONETARY
23 MANAGEMENT OF CALIFORNIA, INC.
   d/b/a MONEY MART; MONEY MART
24 EXPRESS, INC. d/b/a CUSTOMCASH
   ONLINE; FIRST BANK OF
25 DELAWARE; and DOES 1-50, inclusive,

26          Defendants.

27

28

E. SANDERS &
IPSEY L.L.P.
...ime Plaza, Suite 300
...ico CA  94111-3492

CHECK 'N GO DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779

1     Defendants SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. ("CHECK

2  'N GO"), AVANTE TELADVANCE, INC. ("CHECK 'N GO ONLINE"), and CHECK 'N GO

3  OF CALIFORNIA, INC. ("CGCA") (collectively, "CHECK 'N GO DEFENDANTS"), by their

4  undersigned attorneys, hereby answer the unverified Complaint for Injunctive Relief and Civil

5  Penalties for Violations of Business and Professions Code section 17200 ("Complaint") as

6  follows:

### GENERAL DENIAL

8     Pursuant to Section 431.30 of the California Code of Civil Procedure, the CHECK 'N GO

9  DEFENDANTS, and each of them, generally and specifically deny each, every, and all

10  allegations contained in each paragraph of the Complaint. Further, the CHECK 'N GO

11  DEFENDANTS specifically deny that they, or any of them, caused any damage or loss allegedly

12  suffered by the Plaintiff or the people of the state of California.

### AFFIRMATIVE DEFENSES

14     Pursuant to Section 431.30(g) of the California Code of Civil Procedure, the CHECK 'N

15  GO DEFENDANTS also allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction/Preemption)

18     1.    The Superior Court of the State of California lacks jurisdiction over all

19  Defendants, including the CHECK 'N GO DEFENDANTS, because exclusive jurisdiction resides

20  in the federal district court. The installment loans challenged in the Complaint were made by

21  Defendant First Bank of Delaware ("FIRST BANK"), and not the CHECK 'N GO

22  DEFENDANTS. FIRST BANK is a full-service, federally insured depository institution,

23  chartered and headquartered in Delaware. The Complaint alleges that Defendants, including

24  FIRST BANK, "have violated Section 1 of Article XV of the California Constitution, California's

25  usury law, or aided and abetted violations of Section 1 of Article XV of the California

26  Constitution." Plaintiff's claims in the Complaint are completely preempted by controlling

27  Federal law, and specifically, Section 27 of the Federal Deposit Insurance Act, 12 U.S.C. §

28  1831d.

RE, SANDERS &
MPSEY L.L.P.
Annex Plaza, Suite 900

- 2 -

## SECOND AFFIRMATIVE DEFENSE
### (Preemption)

2.    Delaware and preemptive Federal law, and not California law, govern the interest rates and fees on the installment loans made by FIRST BANK and challenged by the Plaintiff in the Complaint.

## THIRD AFFIRMATIVE DEFENSE
### (Preemption/Primary Jurisdiction)

3.    The Federal Deposit Insurance Corporation ("FDIC") and the Delaware State Banking Commissioner have primary jurisdiction in connection with the regulation of loans made by FIRST BANK.    The Complaint seeks to impose different or conflicting standards than those prescribed by the FDIC and Delaware law, which would wholly or partially interfere with the ability of FIRST BANK to fully exercise its lending powers as a federally insured depository institution.

## FOURTH AFFIRMATIVE DEFENSE
### (Abstention)

4.    The cause of action asserted in the Complaint is barred because the installment loans offered by FIRST BANK are regulated by a detailed and comprehensive enforcement scheme established under Delaware and Federal law such that the Court should abstain from proceeding in this case.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

5.    Plaintiff has failed to state a claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE
### (Conduct Not "Unlawful")

6.    The CHECK 'N GO DEFENDANTS' business practices are not "unlawful" within the meaning of Business Professions Code section 17200.    The CHECK 'N GO DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

- 3 -

RE. SANDERS &
MPSEY L.L.P.

 

### SEVENTH AFFIRMATIVE DEFENSE
(Conduct not "Unfair")

7.    The CHECK 'N GO DEFENDANTS' business practices are not "unfair" within the meaning of Business and Professions Code section 17200. The CHECK 'N GO DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

### EIGHTH AFFIRMATIVE DEFENSE
(Conduct Not "Fraudulent")

8.    The CHECK 'N GO DEFENDANTS' business practices are not fraudulent within the meaning of Business and Professions Code section 17200. The CHECK 'N GO DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

### NINTH AFFIRMATIVE DEFENSE
(Alternative Source of Supply)

9.    California borrowers had a reasonably available alternative source of supply from which to obtain financing and other services and, as such, the Complaint fails to state a claim for unfair business practices.

### TENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

10.    Plaintiff's claims are barred to the extent they exceed the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE
(Consent)

11.    By their conduct, acts, and omissions, Plaintiff and California borrowers, and each of them, consented to and acquiesced in the CHECK 'N GO DEFENDANTS' conduct. California borrowers, after full disclosure of the credit terms and with full knowledge of the pertinent facts, voluntarily executed the Consumer Installment Loan Agreements and consented to the rate of interest on the loans they obtained from FIRST BANK, and accordingly, Plaintiff is estopped or barred by ratification, acquiescence or waiver from asserting claims against Defendants, including the CHECK 'N GO DEFENDANTS.

CHECK 'N GO DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779

## TWELFTH AFFIRMATIVE DEFENSE
### (Ratification)

12.    The Complaint and the single cause of action alleged therein are barred by the conduct, actions, and inactions of the plaintiff and the California borrowers, and each of them, under the doctrine of ratification.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

13.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Laches)

14.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

15.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

16.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

17.    At all times relevant hereto, the CHECK 'N GO DEFENDANTS acted in good faith and based upon applicable law, upon which the CHECK 'N GO DEFENDANTS reasonably relied, with respect to the installment loans challenged by the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Absence of Intent)

18.    Plaintiff's claims are barred by the absence of intent on the part of the CHECK 'N GO DEFENDANTS to engage in the conduct alleged to be in violation of state laws.

E. SANDERS &
FSEY L.L.P.
ume Plaza, Suite 300
ico CA 94111-3492

- 5 -



1

### NINETEENTH AFFIRMATIVE DEFENSE
(Contrary to Express Contractual Terms)

2

19.    Plaintiff's claims are contrary to the express terms of the loan documents

3

executed by California borrowers.

4

### TWENTIETH AFFIRMATIVE DEFENSE
(Full Disclosure of Contract Terms)

5

6

20.    The challenged installment loans were bona fide transactions and provided for

7

full disclosure of all terms and conditions of the loan in accordance with Federal and Delaware

8

law.

9

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Reasonable Opportunity)

10

11

21.    California borrowers who obtained an installment loan from FIRST BANK

had reasonable opportunity to discover facts concerning the installment loan with FIRST BANK

12

by using ordinary intelligence before entering into said loans.

13

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(No Injury)

14

15

22.    No act or omission on the part of any of the CHECK 'N GO DEFENDANTS

16

injured Plaintiff or California borrowers.

17

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(No Causation)

18

19

23.    No act or omission on the part of any of the CHECK 'N GO DEFENDANTS

caused in fact, or proximately caused, the harm alleged to have been suffered by Plaintiff or

20

California borrowers.

21

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(No Threat of Imminent or Immediate Harm)

22

23

24.    No threat of immediate harm exists sufficient to support Plaintiff's request for

24

injunctive relief.

25

26

27

28

E. SANDERS &
IPSEY L.L.P.
[illegible]
[illegible]

- 6 -