**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
(Adequate Remedy at Law)

25.    Plaintiff's single cause of action and the requested injunctive remedy are barred in light of the fact that Plaintiff and California borrowers have an adequate legal remedy for the wrongs alleged.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
(Arbitration)

26.    The Consumer Installment Loan Agreement signed by California borrowers contains an arbitration agreement governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and therefore, any claims or disputes brought on a borrower's behalf are subject to the arbitration agreement.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
(Improper Party)

27.    CGCA is not currently marketing or servicing, and has not marketed or serviced, installment loans for FIRST BANK. Nor has CGCA conducted any business activities in California since CHECK 'N GO ONLINE began marketing and servicing installment loans for FIRST BANK.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
(Commerce Clause)

28.    Plaintiff's action attempts to impede the CHECK 'N GO DEFENDANTS' ability to conduct business in violation of the Commerce Clause of the United States Constitution.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
(Due Process I)

29.    Plaintiff's Complaint is barred, in whole or in part, by the due process clause of the United States and California Constitutions in that it seeks monetary relief on behalf of absent parties.

**THIRTIETH AFFIRMATIVE DEFENSE**
(Due Process II)

30.    Plaintiff's application of the California Unfair Competition Law here violates constitutional due process because it cannot reasonably be determined what conduct is required or proscribed by the Unfair Competition Law.

:E, SANDERS &
1PSEY L.L.P.
Suny Plaza, Suite 1140
1400 CA 94111-1492

CHECK 'N GO DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779

### THIRTY-FIRST AFFIRMATIVE DEFENSE
#### (Due Process III)

31.    Plaintiff's claims on behalf of California borrowers violate the CHECK 'N GO DEFENDANTS' due process rights to the extent the general public will not be bound by the outcome of this proceeding.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
#### (Violation of Separation of Powers)

32.    The California Unfair Competition Law violates the Constitutional Separation of Powers clause because it purports, by statute, to improperly delegate to the judiciary the powers of the legislative branch of Government.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
#### (Standing)

33.    The Complaint and the cause of action alleged therein are barred to the extent that Plaintiff lacks standing.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
#### (Forfeiture)

34.    The Complaint is barred because it seeks forfeiture in violation of the Due Process Clauses of the United States and California Constitutions.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
#### (Unlawful Punitive Damages)

35.    The Complaint is barred to the extent it seeks penalties which can be construed as unlawful punitive damages in violation of the Due Process Clauses of the United States and California Constitutions.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
#### (Retroactive Relief)

36.    The Complaint is barred because Constitutional and equitable principles would be violated if retroactive relief, when in the form of damages, rescission, disgorgement and/or penalties, were permissible based on a change in the law.

E. SANDERS &
IPSEY L.L.P.
600 Plaza, Suite 500
000 CA 94111-3492

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Additional Affirmative Defenses)

37.    The CHECK 'N GO DEFENDANTS presently have insufficient knowledge or information upon which they can form a belief as to whether they may have additional, as yet unknown and unstated, affirmative defenses. The CHECK 'N GO DEFENDANTS reserve the right to amend their answer to assert such additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

#### PRAYER

WHEREFORE, the CHECK 'N GO DEENDANTS pray for relief as follows:

1.    That Plaintiff takes nothing by this Complaint;

2.    That judgment be entered in favor of the CHECK 'N GO DEFENDANTS;

3.    For all costs and attorneys' fees incurred herein; and

4.    For such and other and further relief as the Court may deem just and proper.


Dated:  May 25, 2007                              SQUIRE, SANDERS & DEMPSEY L.L.P.


                                                   By
                                                        Mark C. Dosker

                                                   Attorneys for Defendants
                                                   CHECK 'N GO OF CALIFORNIA, INC.;
                                                   SOUTHWESTERN & PACIFIC SPECIALTY
                                                   FINANCE, INC.; and AVANTE
                                                   TELADVANCE, INC.

- 9 -

E. SANDERS &
1PSEY L.L.P.



## CERTIFICATE OF SERVICE

I, Mary Ann Dimapasoc, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Maritime Plaza, Suite 300, San Francisco, California 94111-3492.

On May 25, 2007, a copy of the following document(s):

- **DEFENDANTS CHECK 'N GO OF CALIFORNIA, INC.; SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC.; AND AVANTE TELADVANCE, INC.'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND CIVIL PENALTIES FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

was served on:

| | |
|---|---|
| Dennis J. Herrera<br>Owen J. Clements<br>Peter J. Keith<br>Christine Van Aken<br>Ann M. O'Leary<br>Office of the City Attorney<br>1 Dr. Carlton B. Goodlett Place, Suite 234<br>San Francisco, CA 94102<br><br>Counsel for Plaintiff | William H. Orrick<br>Ann E. Johnston<br>Coblentz, Patch, Duffy & Bass, LLP<br>One Ferry Building, Suite 200<br>San Francisco, California 94111<br><br>Counsel for First Bank of Delaware |
| Stephen G. Harvey<br>Larry R. Wood, Jr.<br>Kathleen A. Mullen<br>Pepper Hamilton LLP<br>3000 Two Logan Square<br>Eighteenth and Arch Streets<br>Philadelphia, PA 19103-2799<br><br>Counsel for Monetary Management of California, Inc. and Money Mart Express, Inc. | Robert H. Bunzel<br>Griffith C. Towle<br>Bartko Zankel Tarrant Miller<br>900 Front Street, Suite 300<br>San Francisco, CA 94111<br><br>Counsel for Monetary Management of California, Inc. and Money Mart Express, Inc. |

☒    By US Mail: On the above date, I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

- 10 -

RE, SANDERS & MILSEY L.L.P.
ONE PLAZA, SUITE 300
SANF, CA 94111-3492

1    I declare under penalty of perjury under the laws of the State of California that the above

2    is true and correct.

3    Executed on May 25, 2007, at San Francisco, California.

4

5

6                                        Mary Ann Dimapasoc

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RE. SANDERS &
MPSEY L.L.P.
nixnic Plaza Suite 500
umco, CA 94111-1492

- 11 -

CHECK 'N GO DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779

1   Robert H. Bunzel, State Bar No. 99395
    C. Griffith Towle, State Bar No. 146401
2   BARTKO, ZANKEL, TARRANT &
    MILLER
3   A Professional Corporation
    900 Front Street, Suite 300
4   San Francisco, CA 94111
    Telephone:   (415) 956-1900
5   Facsimile:   (415) 965-1152

6   Attorneys for Defendants
    MONETARY MANAGEMENT OF
7   CALIFORNIA, INC. and MONEYMART
    EXPRESS, INC.

8

ENDORSED
F I L E D
*San Francisco County Superior Court*

MAY 2 5 2007

GORDON PARK-LI, Clerk
BY _____
                    Deputy Clerk

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

11

12  THE PEOPLE OF THE STATE OF               Case No: CGC-07-462779
    CALIFORNIA, acting by and through City
13  Attorney Dennis J. Herrera,              **DEFENDANTS MONETARY
                                             MANAGEMENT OF CALIFORNIA, INC.
14              Plaintiffs,                   and MONEYMART EXPRESS, INC.'S
                                             ANSWER TO COMPLAINT FOR
15          vs.                              INJUNCTIVE RELIEF AND CIVIL
                                             PENALTIES FOR VIOLATIONS OF
16  CHECK 'N GO OF CALIFORNIA, INC.          BUSINESS AND PROFESSIONS CODE
    d/b/a CHECK 'N GO; SOUTHWESTERN          SECTION 17200**
17  & PACIFIC SPECIALTY FINANCE,
    INC. d/b/a CHECK 'N GO; AVANTE
18  TELADVANCE, INC. d/b/a CHECK 'N
    GO ONLINE; MONETARY                      Complaint Filed: April 26, 2007
19  MANAGEMENT OF CALIFORNIA, INC.
    d/b/a MONEY MART; MONEY MART
20  EXPRESS, INC. d/b/a CUSTOMCASH
    ONLINE; FIRST BANK OF
21  DELAWARE; and DOES 1-50, inclusive,

22              Defendants.

23

24

25      Defendants MONETARY MANAGEMENT OF CALIFORNIA, INC. and

26  MONEYMART EXPRESS, INC. (collectively, "MONEY MART DEFENDANTS"), by their

27  undersigned attorneys, hereby answer the unverified Complaint for Injunctive Relief and Civil

28  Penalties for Violations of Business and Professions Code section 17200 ("Complaint") as

_____
MONEY MART DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779

1  follows:

## GENERAL DENIAL

Pursuant to Section 431.30 of the California Code of Civil Procedure, the MONEY MART DEFENDANTS, and each of them, generally and specifically deny each, every, and all allegations contained in each paragraph of the Complaint. Further, the MONEY MART DEFENDANTS specifically deny that they, or any of them, caused any damage or loss allegedly suffered by Plaintiff or the people of the state of California.

## AFFIRMATIVE DEFENSES

Pursuant to Section 431.30(g) of the California Code of Civil Procedure, the MONEY MART DEFENDANTS also allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction/Preemption)

1.    The Superior Court lacks jurisdiction over all Defendants, including the MONEY MART DEFENDANTS, because exclusive jurisdiction resides in the federal district court. The installment loans challenged in the Complaint were made by Defendant First Bank of Delaware ("FIRST BANK"), and not the MONEY MART DEFENDANTS. FIRST BANK is a full-service, federally insured depository institution, chartered and headquartered in Delaware. The Complaint alleges that Defendants, including FIRST BANK, "have violated Section 1 of Article XV of the California Constitution, California's usury law, or aided and abetted violations of Section 1 of Article XV of the California Constitution." Plaintiff's claims in the Complaint are completely preempted by controlling Federal law, and specifically, Section 27 of the Federal Deposit Insurance Act, 12 U.S.C. § 1831d.

### SECOND AFFIRMATIVE DEFENSE
(Preemption)

2.    Delaware and preemptive Federal law, and not California law, govern the interest rates and fees on the installment loans made by FIRST BANK and challenged by Plaintiff in the Complaint.

- 2 -

MONEY MART DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779

### THIRD AFFIRMATIVE DEFENSE
(Preemption/Primary Jurisdiction)

3.        The Federal Deposit Insurance Corporation ("FDIC") and the Delaware State Banking Commissioner have primary jurisdiction in connection with the regulation of loans made by FIRST BANK. The Complaint seeks to impose different or conflicting standards than those prescribed by the FDIC and Delaware law, which would wholly or partially interfere with the ability of FIRST BANK to fully exercise its lending powers as a federally insured depository institution.

### FOURTH AFFIRMATIVE DEFENSE
(Abstention)

4.        The claims asserted in the Complaint are barred because the installment loans at issue are offered and made by FIRST BANK and are regulated by a detailed and comprehensive enforcement scheme established under Delaware and Federal law.

### FIFTH AFFIRMATIVE DEFENSE
(Choice of Law)

5.        The Consumer Installment Loan Agreement signed by California borrowers with FIRST BANK contains a choice of law clause which provides that any claims relating to the Installment Loan Agreement will be governed by Delaware law, except as Federal law may apply.

### SIXTH AFFIRMATIVE DEFENSE
(Failure to State a Claim)

6.        Plaintiff has failed to state a claim upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE
(Conduct Not "Unlawful")

7.        The MONEY MART DEFENDANTS' business practices are not "unlawful" within the meaning of Business and Professions Code section 17200. The MONEY MART DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

MONEY MART DEFENDANTS' ANSWER TO COMPLAINT - CASE NO. CGC- 07-462779

### EIGHTH AFFIRMATIVE DEFENSE
(Conduct not "Unfair")

8.    The MONEY MART DEFENDANTS' business practices are not "unfair" within the meaning of Business and Professions Code section 17200. The MONEY MART DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

### NINTH AFFIRMATIVE DEFENSE
(Conduct Not "Fraudulent")

9.    The MONEY MART DEFENDANTS' business practices are not fraudulent within the meaning of Business and Professions Code section 17200. The MONEY MART DEFENDANTS' business practices have been at all times in compliance with applicable State and Federal law.

### TENTH AFFIRMATIVE DEFENSE
(Alternative Source of Supply)

10.    Members of the general public had a reasonably available alternative source of supply from which to obtain financing and other services and, as such, the Complaint fails to state a claim for unfair business practices.

### ELEVENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

11.    Plaintiff's claims are barred to the extent they exceed the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE
(Consent)

12.    By their conduct, acts, and omissions, Plaintiff and California borrowers, and each of them, consented to and acquiesced in the MONEY MART DEFENDANTS' conduct. California borrowers, after full disclosure of the credit terms and with full knowledge of the pertinent facts, voluntarily executed the Consumer Installment Loan Agreements and consented to the rate of interest on the loans they obtained from FIRST BANK, and accordingly, Plaintiff is estopped or barred by ratification, acquiescence or waiver from asserting claims against Defendants, including the MONEY MART DEFENDANTS.

- 4 -

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Ratification)

13.     The Complaint and the single cause of action alleged therein are barred by the conduct, actions, and inactions of the Plaintiff and the California borrowers, and each of them, under the doctrine of ratification.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Waiver/Laches/Unclean Hands/Estoppel)

14.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Good Faith)

15.     At all times relevant hereto, the MONEY MART DEFENDANTS acted in good faith and based upon applicable law, upon which the MONEY MART DEFENDANTS reasonably relied, with respect to the installment loans challenged by the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Absence of Intent)

16.     Plaintiff's claims are barred by the absence of intent on the part of the MONEY MART DEFENDANTS to engage in the conduct alleged to be in violation of state laws.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Contrary to Express Contractual Terms)

17.     Plaintiff's claims are contrary to the express terms of the loan documents executed by California borrowers.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Full Disclosure of Contract Terms)

18.     The challenged installment loans were bona fide transactions and provided for full disclosure of all terms and conditions of the loan in accordance with Federal and Delaware law.

- 5 -

### NINETEENTH AFFIRMATIVE DEFENSE
(Reasonable Opportunity)

19.    California borrowers who obtained an installment loan from FIRST BANK had reasonable opportunity to discover facts concerning the installment loan with FIRST BANK by using ordinary intelligence before entering into said loans.

### TWENTIETH AFFIRMATIVE DEFENSE
(No Injury)

20.    No act or omission on the part of any of the MONEY MART DEFENDANTS injured Plaintiff or members of the general public.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(No Causation)

21.    No act or omission on the part of any of the MONEY MART DEFENDANTS caused in fact, or proximately caused, the harm alleged to have been suffered by Plaintiff or members of the general public.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(No Threat of Imminent or Immediate Harm)

22.    No threat of immediate harm exists sufficient to support Plaintiff's request for injunctive relief.

### TWENTY -THIRD AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

23.    Plaintiff's single cause of action and the requested injunctive remedy are barred in light of the fact that Plaintiff and California borrowers have an adequate legal remedy for the wrongs alleged.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Arbitration)

24.    The Consumer Installment Loan Agreement signed by California borrowers contains an arbitration agreement governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and therefore, any claims or disputes brought on a borrower's behalf are subject to the arbitration agreement.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
(Mootness)

25.    As the Complaint admits, no installment loans have been made by FIRST BANK through any of the MONEY MART DEFENDANTS' retail stores since mid-April 2007.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
(Ripeness)

26.    As the Complaint admits, no installment loans are currently capable of being made by FIRST BANK through any of the MONEY MART DEFENDANTS.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
(Commerce Clause)

27.    Plaintiff's action attempts to impede the MONEY MART DEFENDANTS' ability to conduct business in violation of the Commerce Clause of the United States Constitution.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
(Due Process I)

28.    Plaintiff's Complaint is barred, in whole or in part, by the due process clause of the United States and California Constitutions in that it seeks monetary relief on behalf of absent parties.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
(Due Process II)

29.    Plaintiff's application of the California Unfair Competition Law here violates constitutional due process because it cannot reasonably be determined what conduct is required or proscribed by the Unfair Competition Law.

**THIRTIETH AFFIRMATIVE DEFENSE**
(Due Process III)

30.    Plaintiff's claims on behalf of California borrowers violate the MONEY MART DEFENDANTS' due process rights to the extent the general public will not be bound by the outcome of this proceeding.

- 7 -

### THIRTY-FIRST AFFIRMATIVE DEFENSE
(Violation of Separation of Powers)

31.    The California Unfair Competition Law violates the constitutional Separation of Powers clause because it purports, by statute, to improperly delegate to the judiciary the powers of the legislative branch of Government.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
(Standing)

32.    The Complaint and the cause of action alleged therein are barred to the extent Plaintiff lacks standing to bring such a cause of action, and specifically, since the population of the City and County of San Francisco is currently under 750,000, the City Attorney for the City and County of San Francisco does not have standing under Sections 17204 or 17206 to bring this Complaint.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
(Forfeiture)

33.    The Complaint is barred because it seeks forfeiture in violation of the Due Process clauses of the United States and California Constitutions.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
(Unlawful Punitive Damages)

34.    The Complaint is barred to the extent it seeks penalties which can be construed as unlawful punitive damages in violation of the Due Process Clauses of the United States and California Constitutions.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
(Retroactive Relief)

35.    The Complaint is barred because Constitutional and equitable principles would be violated if retroactive relief, whether in the form of damages, rescission, disgorgement and/or penalties, were permissible based on a change in the law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
(Additional Affirmative Defenses)

36.    The MONEY MART DEFENDANTS presently have insufficient knowledge or information upon which they can form a belief as to whether they may have additional, as yet unknown and unstated, affirmative defenses. The MONEY MART DEFENDANTS reserve the

- 8 -

1  right to amend their answer to assert such additional affirmative defenses in the event that

2  discovery indicates that additional affirmative defenses are appropriate.

3  **PRAYER**

4      WHEREFORE, the MONEY MART DEFENDANTS pray for relief as follows:

5      1.    That Plaintiff takes nothing by this Complaint;

6      2.    That judgment be entered in favor of the MONEY MART DEFENDANTS;

7      3.    For all costs and attorneys' fees incurred herein; and

8      4.    For such and other and further relief as the Court may deem just and proper.

9

10  Dated:   May 25, 2007

11

12                By: _C. Griffith Towle_

13                Robert H. Bunzel, State Bar No. 99395
              C. Griffith Towle, State Bar No. 146401

14                BARTKO, ZANKEL, TARRANT &
              MILLER

15                A Professional Corporation
              900 Front Street, Suite 300

16                San Francisco, CA 94111
              Telephone:    (415) 956-1900
              Facsimile:    (415) 965-1152

17

18                Attorneys for Defendants
              MONETARY MANAGEMENT OF

19                CALIFORNIA, INC. and MONEYMART
              EXPRESS, INC.

20      CERTIFICATE OF SERVICE

21      I hereby certify that on this 25^th^ day of May, 2007, I served the foregoing document by

22  U.S. Mail, postage prepaid, on:
    Dennis J. Herrera

23      Owen J. Clements
    Peter J. Keith

24      Christine Van Aken
    Ann M. O'Leary

25      OFFICE OF THE CITY ATTORNEY
    1 Dr. Carlton B. Goodlett Place, Suite 234

26      San Francisco, CA 94102

27      *Attorneys for Plaintiff*

28

- 9 -

By: _____

Robert H. Bunzel, State Bar No. 99395
C. Griffith Towle, State Bar No. 146401
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, CA  94111
Telephone:   (415) 956-1900
Facsimile:   (415) 965-1152

Attorneys for Defendants
MONETARY MANAGEMENT OF
CALIFORNIA, INC. and MONEYMART
EXPRESS, INC.

- 10 -

### PROOF OF SERVICE BY MAIL

I, Paul H. Brown, the undersigned, hereby certify and declare:

1.      I am over the age of 18 years and am not a party to the within cause.

2.      I am employed in the office of a member of the bar of this Court, at whose direction this service was made.

3.      My business address is 900 Front Street, Suite 300, San Francisco, California 94111.

4.      I am familiar with my employer's mail collection and processing practices; know that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in the interoffice mail; and know that postage thereon is fully prepaid.

5.      Following said practice, on May 25, 2007, I served a true copy of the attached document titled exactly: *Defendants' Monetary Management of California, Inc. and Moneymart Express, Inc.'s Answer to Complaint for Injunctive Relief and Civil Penalties for Violations of Business and Professions Code section 17200* by placing the same in an addressed, sealed envelope and depositing it in the regularly maintained interoffice mail addressed to the following:

> **Dennis J. Herrera**
> **Owen J. Clements**
> **Peter J. Keith**
> **Christine Van Aken**
> **Ann M. O'Leary**
> **Office of the City Attorney**
> **1 Dr. Carlton B. Goodlett Place, Suite 234**
> **San Francisco, CA  94102**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 25, 2007 at San Francisco, California.

_Paul H. Brown_
Paul H. Brown

1.

**EXHIBIT B**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PEOPLE OF STATE OF CA,

    Plaintiff (s),

    v.

CHECK'N GO OF CALIFORNIA,

    Defendant(s).

No. C 07-02789 JSW

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Jeffrey S. White. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the handbook entitled "Dispute Resolution Procedures in the Northern District of California" and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the handbook entitled "Dispute Resolution Procedures in the Northern District of California."

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 5/29/2007 | Notice of removal filed | |
| 8/17/2007 | Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 8/31/2007 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 9/7/2007 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Courtroom 2, 17th floor at 1:30 PM | Civil L.R. 16-10 |



## CIVIL STANDING ORDERS

1.  **Conformity to Rules.** Counsel are expected to consult and comply with all provisions of the Local Rules and the Federal Rules of Civil Procedure relating to motions, briefs, continuances, and all other matters, unless specifically superceded by these Standing Orders. Any failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

2.  **Scheduling days.** Prior to noticing a motion, counsel shall check the scheduling information on this Court's website to confirm open and available dates. However, noticed days may be reset as the Court's calendar requires, with order of call to be determined by the Court. Motions shall be noticed in accordance with the following times:

    a.   Civil Law and Motion calendar is conducted on Fridays at 9:00 a.m.
    b.   Case Management Conferences are conducted on Fridays at 1:30 p.m.
    c.   Pretrial conferences are conducted on Mondays at 2:00 p.m. Trials are set to commence on Mondays at 8:30 a.m.
    d.   By 4:00 p.m. on the first court date preceding any hearing, parties participating in the e-filing program shall check the e-filing system to determine whether there has been a tentative ruling issued in their matter (or a ruling with respect to requests for specific issues to be addressed during oral argument).
    e.   Before appearing for a matter before this Court, all parties shall check the Court's calendar at www.cand.uscourts.gov or the posting in the Clerk's Office to confirm that their matter is still on calendar.

3.  **Changes to Court Calendar.** No changes to the Court's schedule shall be made except by signed order of the Court and only upon a showing of good cause. Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make any other procedural changes shall submit a signed stipulation and proposed order, or, if stipulation is not possible, a Motion for Administrative Relief, as contemplated by Civil Local Rule 7-11. Continuances will be granted only upon a showing of good cause, particularly focusing on evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

    Briefing schedules may not be changed by stipulation; the parties must obtain leave of court. Parties seeking to enlarge a filing deadline by way of a Motion for Administrative Relief are admonished to such a motion in advance of the filing deadline, rather than on the day a brief or other matter is due.

4.  **Chambers Copy.** A copy of all documents filed both electronically and manually with the Clerk's Office shall be submitted to the Clerk's Office in an envelope clearly marked with the case number and "JSW Chambers Copy" no later than noon on the next business day after the document is filed.



5.  **Case Management Conference Statements.** Joint case management statements are required and must be filed five court days in advance of the case management conference date. Counsel shall conform to all elements requested in the initial case management scheduling order, and particularly with respect to the Court's requirements regarding a discovery plan. In cases involving pro se litigants, the parties may file separate case management statements.

6.  **Motions.** All briefs, whether in support of, in opposition to, or in reply to any motion, with the exception of summary judgment motions and claims construction briefs, may not exceed fifteen pages in length, exclusive of title pages, indices of cases, table of contents, exhibits, and summaries of argument, if required. All declarations shall be filed as separate documents. Briefs exceeding ten pages in length must contain an additional one-page summary of argument, including reference to any important cases cited.

7.  **Discovery and Discovery Motions.** Except as specifically set forth below, no motions regarding discovery disputes may be filed without prior leave of Court.

    If a dispute arises during a deposition and involves a persistent obstruction of the deposition or a refusal to answer a material question on the basis of any ground other than privilege or the work product doctrine, counsel may arrange a telephonic conference with the Court through contact with Chambers at (415) 522-4160. Any such conference shall be attended by the court reporter recording the deposition.

    All other requests for discovery relief must be summarized jointly by the parties in a *joint letter brief* no longer than four pages. The joint letter brief must attest that, prior to filing the request for relief, counsel met and conferred in person and must concisely summarize those remaining issues that counsel were unable to resolve. The joint letter brief may cite to limited and specific legal authority only for resolution of dispositive issues. The joint letter brief may not be accompanied by declarations; however any specific excerpt of disputed discovery material may be attached. The Court will then advise the parties if additional briefing or a telephonic conference will be necessary.

    This provision applies only to cases in which discovery is supervised by this Court rather than the magistrate judge. The Court, at its discretion, may elect to transfer discovery matters to a magistrate judge or a special master.

8.  **Motions for Summary Judgment.** All issues shall be contained within one motion, may not exceed twenty-five pages in length, and shall conform with Civil Local Rule 7-2. Absent of a showing of good cause, the Court will address only one motion for summary judgment per party or side. Separate statements of undisputed facts will not be considered by the Court. Joint statements of undisputed facts are not required, but are helpful if completely agreed upon.

9.  **Proposed Orders Required.** Each party filing or opposing a motion shall also serve a proposed order that sets forth the relief or action sought and a short statement of the



rationale of decision, including citation of authority, that the party requests the Court to adopt. The proposed order should be filed at the same time as the motion or opposition.

10.   **Communication with Court.** Counsel shall not attempt to make contact by telephone, facsimile, or any other *ex parte* means with the Court or its chambers staff, but may contact the Courtroom Deputy Clerk, Jennifer Ottolini, at (415) 522-4173 with appropriate inquiries. Counsel should list their facsimile transmission numbers as well as their telephone numbers on their papers to facilitate communication with the Courtroom Deputy. All counsel listed on the parties' briefing must be fully apprised of the status of the pending matter and must be authorized to respond to calendar settings by the Court.

11.   **Grounds for Recusal.** Parties are directed to inform the Court of any and all reasonable bases for recusal at the earliest possible date, and no later than the initial case management conference. *See also* Standing Order on Recusal.

12.   **Service of Standing Orders.** Plaintiff (or in the case of removed cases, any removing defendant) is directed to serve copies of these standing orders at once upon all parties to their action, and upon those subsequently joined, in accordance with the provisions of Federal Rules of Civil Procedure, Rules 4 and 5, and to file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil Local Rule 5-6(a).

**IT IS SO ORDERED.**

JEFFREY S. WHITE
United States District Court

7/06 rev.

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.    <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.    <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.    <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.    <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5.    <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.    <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.    <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.    <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.    <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified.

10.    <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.    <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

# NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE
# TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

magcons.ntc (rev. 10/99)

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO:   (A) _____

as    (B) _____ of (C) _____

     A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____ District of _____ and has been assigned docket number (E) _____ .

     This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) _____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

     If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

     If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

     I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____ , _____ .

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

\ — Name of individual defendant (or name of officer or agent of corporate defendant)
} — Title, or other relationship of individual to corporate defendant
: — Name of corporate defendant, if any
) — District
  — Docket number of action
  — Addressee must be given at least 30 ...

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: _____

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of

_____ , which is case number _____

(DOCKET NUMBER)

(CAPTION OF ACTION)

in the United States District Court for the _____ District of

_____ . I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _____ ,

(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
        (DATE)                                  SIGNATURE

                               Printed/Typed Name: _____

                               As _____ of _____
                                      (TITLE)                      (CORPORATE DEFENDANT)

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
## OFFICE HOURS:  9:00 A.M. TO 4:00 P.M.
### 415.522.2000
#### www.cand.uscourts.gov

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy.  For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1.  Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned.  We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2.  This office will retain the original plus one copy of most documents submitted.  We will conform as many copies as you bring for your use.  Related cases require an extra copy for **each** related action designated.

3.  The copy retained goes directly to the assigned Judge.  Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4.  In order to facilitate the file stamping process, each original document should be submitted on top of its copies.  In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5.  The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number.  Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6.  The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7.  The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made.  This is especially important when submitting Settlement Conference Statements.

8.  Documents are to be stapled or acco-fastened at the top.  Backings, bindings and covers are not required.  Two holes punched at the top of the original document will facilitate processing.

9.  Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.



10.  Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11.  There are no filing fees once a case has been opened.

12.  New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the <u>complaint</u>. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13.  Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14.  Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15.  A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16.  The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17.  Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18.  We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.



## SAN FRANCISCO

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Jenkins, Martin J. | MJJ | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

## SAN JOSE

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

## OAKLAND

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |





# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. <u>This means that you **must**</u> (check off the boxes ☑ when done):

- ☐ **1) Serve** <u>this</u> ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

<u>Each attorney representing a party must also</u>:

- ☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, <u>do not</u> register again, your registration is valid for life on all ECF cases in this district.

- ☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

- ☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856**.

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**




**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the <u>subject line</u> of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

 

**Questions**
Almost all questions can be answered in our **FAQ**s at
**http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or
call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from
9:00am to 4:00pm Pacific time, excluding court holidays.