DENNIS J. HERRERA, State Bar #139669
City Attorney
OWEN J. CLEMENTS, State Bar #141805
Chief of Special Litigation
PETER J. KEITH, State Bar #206482
CHRISTINE VAN AKEN, State Bar #241755
ANN M. O'LEARY, State Bar #238408
Deputy City Attorneys
Office of the City Attorney
1 Dr. Carlton B. Goodlett Place, Suite 234
San Francisco, CA 94102
Telephone:     (415) 554-4721
Facsimile:      (415) 554-4757
E-Mail:          christine.van.aken@sfgov.org

Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA
Ex rel. San Francisco City Attorney Dennis J. Herrera

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through City Attorney Dennis J. Herrera,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO; SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a CHECK 'N GO; AVANTE TELADVANCE, INC. d/b/a CHECK 'N GO ONLINE; MONETARY MANAGEMENT OF CALIFORNIA, INC. d/b/a MONEY MART; MONEY MART EXPRESS, INC. d/b/a CUSTOMCASH ONLINE; FIRST BANK OF DELAWARE; and DOES 1-50, inclusive.<br><br>    Defendants. | Case No. C 07-2789-JSW<br><br>**PLAINTIFF PEOPLE OF THE STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:  August 3, 2007<br>Hearing Judge:  Hon. J. S. White<br>Time:    9:00 a.m.<br>Place:    Courtroom 2, 450 Golden Gate Avenue, San Francisco, CA<br><br>Date Action Filed:  April 26, 2007<br>Date Action Removed: May 30, 2007<br><br>Supporting documents filed herewith:<br>  Declaration of Peter J. Keith<br>  [Proposed] Order Granting Plaintiff's Motion to Remand |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE

NOTICE that Plaintiff the People of the State of California ("the People") moves this Court to

remand this case to the Superior Court of the State of California pursuant to 28 U.S.C. section

1447(c), and will appear for oral argument on August 3, 2007, at 9:00 a.m. in the courtroom of

the Honorable Jeffrey S. White, at Courtroom 2, 450 Golden Gate Avenue, San Francisco,

California.  PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 7-8 and 28 U.S.C.

section 1447(c), the People are filing a contemporaneous motion, also to be heard on August 3,

2007 at 9:00 a.m. in the courtroom of the Honorable Jeffrey S. White, to recover their costs,

including attorneys fees, incurred as a result of defendants' improvident removal of this action.

Movant the People seeks an order remanding this case in its entirety to the Superior Court

of the State of California.

## SUMMARY OF ARGUMENT

The People filed this case in state court.  The People seek to enjoin Defendants from committing acts of unfair competition while making short-term loans to California borrowers at astronomical interest rates, and to obtain restitution for those borrowers.  The People's Complaint contains one cause of action, and is based solely on defendants' violations of state law.  Cal. Bus. & Prof. Code § 17200.  The complaint nowhere alleges that Defendants have violated any duty imposed by federal law.  Under the well-pleaded complaint rule, this case belongs in state court and should be remanded there.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Defendants' petition for removal attempts to avoid the well-pleaded complaint rule by asserting that federal law completely preempts state-law claims against federally insured, state-chartered banks.  Notice, ¶ 14, *citing* 12 U.S.C. § 1831d.  Complete preemption is only found in an extraordinary case where Congress manifests clear intent to displace state law.  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  But federal law has long recognized the primary role of the states, and state law, in regulating state-chartered banks.  *Lewis v. BT Investment Mgrs, Inc.*, 447 U.S. 27, 38 (1980).  Accordingly, there is no complete preemption here.  *BankWest, Inc. v. Baker*, 411 F.3d 1289, 1301 (11th Cir. 2005), vacated as moot, 433 F.3d 1344.  Moreover, even if federal law did completely preempt state law claims for usury against banks chartered in other states – which it does not – the People here make no such claim.  Instead, the People allege that defendant First Bank of Delaware is liable for aiding and abetting the other defendants in violation of state unfair competition law.  Such claims clearly are not preempted.  *In re Community Bank of Northern Virginia*, 418 F.3d 277, 297 (3d Cir. 2005).

Defendants next argue that diversity jurisdiction exists, because the real plaintiff here is San Francisco, rather than the People.  But jurisdiction is determined based on the complaint actually filed, not on one imagined by Defendants.  This complaint was in fact filed on behalf of the People, as allowed by state law.  Cal. Bus. & Prof. Code § 17204.  When the People are the plaintiff, the state itself is suing in its sovereign capacity.  *People v. Steelcase*, 792 F. Supp. 84, 85 (C.D. Cal. 1992).  A state is not a citizen of itself for purposes of diversity jurisdiction, so there can be no such jurisdiction here.  *Moor v. Alameda County*, 411 U.S. 693, 717 (1973).

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ..................................................................... i

SUMMARY OF ARGUMENT ............................................................................... ii

TABLE OF AUTHORITIES ............................................................................... iv

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................1

INTRODUCTION AND PROCEDURAL HISTORY..................................................1

ARGUMENT ..................................................................................................2

I.  DEFENDANTS BEAR THE BURDEN OF ESTABLISHING
    JURISDICTION AND THIS CASE SHOULD BE REMANDED IF
    THERE IS ANY DOUBT.......................................................................2

II. FEDERAL QUESTION JURISDICTION DOES NOT EXIST BECAUSE
    NO FEDERAL QUESTION APPEARS ON THE FACE OF THE
    COMPLAINT. ....................................................................................3

III. NO FEDERAL QUESTION IS PRESENTED BECAUSE FEDERAL
     LAW DOES NOT COMPLETELY PREEMPT THE PEOPLE'S STATE
     LAW CLAIM......................................................................................4

     A.  Section 27 Does Not Have Extraordinary Preemptive Force, As It
         Must to Transform State-Law Claims into Federal Claims. ......................4

     B.  Section 27 Does Not Preempt Claims That State Banks Have
         Aided and Abetted Violations of State Law. ................................9

IV.  DEFENDANTS CANNOT MEET THEIR BURDEN OF SHOWING
     THAT DIVERSITY JURISDICTION EXISTS IN THIS CASE.........................11

V.   BECAUSE THE COURT LACKS ORIGINAL JURISDICTION OVER
     THIS ACTION, IT MAY NOT EXERCISE SUPPLEMENTAL
     JURISDICTION. ................................................................................15

CONCLUSION................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Abrams v. General Motors Corp.*
   547 F. Supp. 703 (S.D.N.Y. 1982) .................................................................. 12, 14

*BankWest, Inc. v. Baker*
   411 F.3d 1289 (11th Cir. 2005) ....................................................................... ii, 6, 10

*Beneficial Nat'l Bank v. Anderson*
   539 U.S. 1 (2003).................................................................................... ii, 3, 4, 5, 8, 9

*Caterpillar, Inc. v. Williams*
   482 U.S. 386 (1987)........................................................................................... 3, 4

*Colorado ex rel. Salazar v. Ace Cash Express, Inc.*
   188 F. Supp. 2d 1282 (D. Colo. 2002)............................................................... 7

*Cross-Country Bank v. Klussman*
   No. C-01-4190-SC, 2004 WL 966289 (N.D. Cal. Apr. 30, 2004).......................... 7

*Donald v. Golden 1 Credit Union*
   839 F. Supp. 1394 (E.D. Cal. 1993) .................................................................. 7

*Duncan v. Stuetzle*
   76 F.3d 1480 (9th Cir. 1996) ............................................................................. 2

*Eure v. NVF Co.*
   481 F. Supp. 639 (E.D.N.C. 1979) .................................................................... 14

*Flowers v. EZPawn Oklahoma, Inc.*
   307 F. Supp. 2d 1191 (N.D. Okla. 2004)............................................................ 7

*Ford Motor Co. v. Dep't of Treasury*
   323 U.S. 459 (1945)......................................................................................... 12

*Franchise Tax Board of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*
   463 U.S. 1 (1983)............................................................................................. 3, 10

*Gaus v. Miles, Inc.*
   980 F.2d 564 (9th Cir. 1992) ............................................................................. 3

*Green v. H&R Block, Inc.*
   981 F. Supp. 951 (D. Md. 1997)........................................................................ 8

*Greenwood Trust Co. v. Massachusetts*
   971 F.2d 818 (1st Cir. 1992)............................................................................. 8

*Holman v. Laulo-Rowe Agency*
   994 F.2d 666 (9th Cir. 1993) ............................................................................ 4

*Hunter v. United Van Lines*
746 F.2d 635 (9th Cir. 1984) .................................................................. 15

*Illinois ex rel. Scott v. Hunt International Resources Corp.*
481 F. Supp. 71 (N.D. Ill. 1979) ............................................................. 15

*In re Community Bank of Northern Virginia*
418 F.3d 277 (3d Cir. 2005) ........................................................... ii, 8, 10

*Industrial Tectonics, Inc. v. Aero Alloy*
912 F.2d 1090 (9th Cir. 1990) ................................................................. 12

*Kokkonen v. Guardian Life Ins. Co.*
511 U.S. 375 (1994) ................................................................................... 2

*Lewis v. BT Investment Mgrs, Inc.*
447 U.S. 27 (1980) .............................................................................. ii, 6

*Long v. Ace Cash Express, Inc.*
No. 3:00-CV-1306-J25TJC, 2001 WL 34106904 (M.D. Fla. June 18, 2001) ............................ 7

*Lontz v. Tharp*
413 F.3d 435 (4th Cir. 2005) ............................................................. 5, 10

*Mangini v. R.J. Reynolds Tobacco Co.*
793 F. Supp. 925 (1992) .......................................................................... 12

*Maryland Stadium Authority v. Ellerbe Becket Inc.*
407 F.3d 255 (4th Cir. 2005) .................................................................. 12

*Medtronic, Inc. v. Lohr*
518 U.S. 470 (1996) ................................................................................... 5

*Merrell Dow Pharmaceuticals Inc. v. Thompson*
478 U.S. 804 (1986) ................................................................................. 10

*Metropolitan Life Ins. Co. v. Taylor*
481 U.S. 58 (1987) ..................................................................................... 4

*Moor v. Alameda County*
411 U.S. 693 (1973) ........................................................................... ii, 11

*Navarro Savings Association v. Lee*
446 U.S. 458 (1980) ................................................................................. 12

*Nuclear Eng'g Co. v. Scott*
660 F.2d 241 (7th Cir. 1981) .................................................................. 12

*Partin v. Cableview, Inc.*
948 F. Supp. 1046 (S.D. Ala. 1996) ......................................................... 7

*People of the State of California v. Steelcase*
   792 F. Supp. 84 (C.D. Cal. 1992) ........................................................ ii, 13, 14, 15

*People of the State of New York v. County Bank of Rehoboth Beach*
   No. 1:03-CV-1320 (N.D.N.Y. May 25, 2004) ........................................... 7

*People v. Beltz Travel Service, Inc.*
   379 F. Supp. 948 (N.D. Cal. 1974) ........................................................ 13

*Rivets v. Regions Bank*
   522 U.S. 470 (1998) ........................................................................... 3

*Rosciszewski v. Arete Assocs., Inc.*
   1 F.3d 225 (4th Cir 1993) .................................................................. 5

*Saxton v. Capital One Bank*
   392 F. Supp. 2d 772 (S.D. Miss. 2005) ............................................... 7, 9

*Shamrock Oil & Gas Corp. v. Sheets*
   313 U.S. 100 (1941) ........................................................................... 2

*State ex rel. Webster v. Best Buy Co.*
   715 F. Supp. 1455 (E.D. Mo. 1989) .................................................... 11

*Strawbridge v. Curtiss*
   7 U.S. 267 (1806) ........................................................................... 12

*Strong v. First American Cash Advance of Georgia, LLC*
   No. 1:04-cv-2610-WSD (N.D. Ga. Dec. 13, 2005) ................................ 7

*Ultramar America, Ltd. v. Dwelle*
   900 F.2d 1412 (9th Cir. 1990) ............................................................ 3

*Valles v. Ivy Hill Corp.*
   410 F.3d 1071 (9th Cir. 2005) .......................................................... 11

*Wayne v. DHL Worldwide Express*
   294 F.3d 1179 (9th Cir. 2002) ......................................................... ii, 5

*Wilson v. Republic Iron & Steel Co.*
   257 U.S. 92 (1921) ........................................................................... 2

**Federal Statutes**

12 United States Code
   § 24 ................................................................................................. 6

12 United States Code
   § 85 ............................................................................................. 4, 8, 9

12 United States Code
  § 86 ................................................................................................................ 4, 8, 9

28 United States Code
  § 1331 ................................................................................................................... 2

28 United States Code
  § 1332 ........................................................................................................ 2, 11, 12

28 United States Code
  § 1367 .................................................................................................................. 15

28 United States Code
  § 1441 ............................................................................................................... 2, 15

28 United States Code
  § 1447 .................................................................................................................... i

12 United States Code
  § 1820 .................................................................................................................... 6

12 United States Code
  § 1831 ......................................................................................................... ii, 1, 4, 6

Labor-Management Relations Act
  § 301 ............................................................................................................... 10, 11

**State Cases**

*Nguyen v. Superior Court*
  (1996) 49 Cal. App. 4th 1781 ...................................................................... 13, 14

*People v. Pacific Land Research Co.*
  (1970) 20 Cal.3d 10 ............................................................................................ 13

**State Statutes & Codes**

California Business & Professions Code
  § 17200 ....................................................................................................... ii, 1, 3, 13

California Business & Professions Code
  § 17204 ..................................................................................................... ii, 13, 14

California Business & Professions Code
  § 17206 ............................................................................................................ 13, 14

California Code of Civil Procedure
  § 394 .................................................................................................................... 14

California Financial Code
  §§ 22000 ................................................................................................................ 1

Motion to Remand, Case No. C 07-2789-JSW

California Financial Code
   §§ 23000 .................................................................................................... 1

California Government Code
   § 100 .................................................................................................... 3, 13

California Penal Code
   § 11226 .................................................................................................... 13, 14

Motion to Remand, Case No. C 07-2789-JSW

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION AND PROCEDURAL HISTORY

On April 29, 2007, plaintiff the People of the State of California ("the People") brought suit in the San Francisco Superior Court against payday lenders Check 'N Go and its affiliates[1] and Money Mart and its affiliates,[2] and against state-chartered bank the First Bank of Delaware (collectively, "Defendants").  (Complaint, Exh. A to Declaration of Peter J. Keith ("Keith Decl.").)  The People allege that Check 'N Go and Money Mart and their affiliates, none of which is a state-chartered bank, have engaged in unlawful and unfair business practices, in violation of California Business & Professions Code § 17200, in three regards: (1) by making loans that violate California's usury laws (Complaint ¶¶ 2, 20, 25), or in the alternative (2) by acting as a broker in California of loans that violate California's usury laws (*id.* ¶¶ 1, 19, 24); and (3) by engaging in other practices, wholly unrelated to interest rates, that violate California's Finance Lenders Law, California Financial Code §§ 22000 *et seq.*, and its Deferred Deposit Transactions Law, Financial Code §§ 23000 *et seq.* (Complaint ¶¶ 3, 18, 21-22, 26).  The People further allege that First Bank of Delaware has engaged in unlawful and unfair business practices by aiding and abetting Check 'N Go's and Money Mart's unlawful practices.  (Complaint ¶¶ 1, 32-34.)  Nowhere in the Complaint do the People allege that First Bank of Delaware has violated California law by making loans bearing excessive interest rates.

On May 30, 2007, Defendants removed the action to this Court.  (Notice of Removal, Exh. B to Keith Decl.)  Although the People do not allege that First Bank of Delaware has violated California's usury laws, Defendants' removal notice nonetheless contends that the action may be removed because "Section 27 [of the Federal Deposit Insurance Act, 12 U.S.C. § 1831d] … completely preempts state-law claims of usury against state banks."  (Notice of Removal ¶ 17.)  Additionally, although the Complaint is brought by the People and not by the City and

---

[1]  Check 'N Go and its affiliates are Check 'N Go of California, Inc., Southwestern & Pacific Specialty Finance, Inc., and Avante Teladvance, Inc.

[2]  Money Mart and its affiliates are Monetary Management of California, Inc. and Money Mart Express, Inc.

Motion to Remand, Case No. C 07-2789-JSW

County of San Francisco (Complaint ¶ 5), Defendants' removal notice contends that complete diversity exists because the Defendants are not California citizens but "[t]he City and County of San Francisco is a citizen of the state of California."  (Notice of Removal ¶ 21.)

Defendants' removal of this action was improper.  Federal-question jurisdiction does not exist in this case because (1) the People have not alleged a state-law usury claim against a state-chartered bank; and (2) even if the People had alleged such a claim, Section 27 of the Federal Deposit Insurance Act ("FDIA") does not completely preempt state law actions against state-chartered banks.  Congress has never evinced the intent to displace state regulation over state-chartered banks, and indeed the FDIA itself reflects that states have authority over state-chartered banks in many regards.  Nor does diversity jurisdiction exist here.  When suit is brought in the name of the People, under state law the sovereign State itself is the real party in interest.  The State is not a citizen of itself, and diversity jurisdiction does not exist.  Thus, the People now bring this remand motion to return this case to its proper forum.

## ARGUMENT

### I. DEFENDANTS BEAR THE BURDEN OF ESTABLISHING JURISDICTION AND THIS CASE SHOULD BE REMANDED IF THERE IS ANY DOUBT.

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A defendant may remove a state court action to federal court only if the federal court has original jurisdiction over the subject matter.  28 U.S.C. § 1441(a), (b).  Federal courts have original jurisdiction only where there is federal question jurisdiction – that is, if the action "aris[es] under the Constitution, laws, or treaties of the United States," *id.* § 1331 – or if, under 28 U.S.C. § 1332, the parties to the action are citizens of different states and the amount in controversy exceeds $75,000.

The defendant seeking removal "must take and carry the burden of proof" that removal is proper.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).  "Because of the 'Congressional purpose to restrict the jurisdiction of federal courts on removal,' the statute is strictly construed."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).  Indeed, because of this congressional

2

purpose, "[f]ederal jurisdiction <u>must be rejected if there is any doubt</u> as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added).

Finally, when the State itself is the plaintiff, federal courts must be particularly cautious in taking jurisdiction.  As the Supreme Court has stated, "considerations of comity make us reluctant to snatch cases <u>which a State has brought</u> from the courts of that State." *Franchise Tax Board of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983) (emphasis added).  Here, it is the People of the State of California who have brought suit against defendants in state court, and state law treats this suit as brought by the sovereign State itself.  *See* California Government Code § 100 (discussed below in Section IV).  The *Franchise Tax Board* Court's caution therefore applies with full force.

## II.    FEDERAL QUESTION JURISDICTION DOES NOT EXIST BECAUSE NO FEDERAL QUESTION APPEARS ON THE FACE OF THE COMPLAINT.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule ….'  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[T]he paramount policies embodied in the well-pleaded complaint rule [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the case heard in state court." *Id.* at 398-99.  Moreover, whether the plaintiff's claim arises under federal law "must be ascertained by the legal construction of [the plaintiff's] allegations, and not by the effect attributed to those allegations by the adverse party." *Ultramar America, Ltd. v. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990) (internal quotation and citation omitted).

Here, the People have pleaded no federal question in their complaint.  Instead, the People's claim arises exclusively under California Business and Professions Code § 17200 *et seq.*, and the People's complaint presents no federal question on its face.  Even if Defendants attempt to avoid liability based on a defense arising under federal law, removal is improper. *Rivets v. Regions Bank*, 522 U.S. 470, 475 (1998) ("[A] case may not be removed to federal court on the basis of a federal defense …").  This rule applies even where the federal defense is the defense of preemption. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   NO FEDERAL QUESTION IS PRESENTED BECAUSE FEDERAL LAW DOES NOT COMPLETELY PREEMPT THE PEOPLE'S STATE LAW CLAIM.

Section 27 of the Federal Deposit Insurance Act ("Section 27"), codified at 12 U.S.C. § 1831d, states that, "[i]n order to prevent discrimination against State-chartered insured depository institutions," state-chartered banks such as First Bank of Delaware may charge interest in any state either at a rate derived from Federal Reserve bank rates or at the rate allowed by the laws of the bank's home state.  12 U.S.C. § 1831d(a).  Section 27 then goes on to provide a federal cause of action for usury against state banks.  *Id.* § 1831d(b).  Section 27 is silent about any preemptive force it has over state-law causes of action.

Defendants nonetheless contend that "Section 27 … provides for complete preemption of claims against federally insured financial institutions such as First Bank."  (Notice of Removal ¶ 14.)  Defendants' claim that Section 27 is read *in pari materia* with Sections 85 and 86 of the National Bank Act ("NBA") [12 U.S.C. §§ 85 & 86], that the NBA completely preempts state-law usury claims against national banks, and therefore that Section 27 must preempt state-law usury claims against state banks.  (Notice of Removal ¶¶ 14-18.)  Thus they contend that federal-question jurisdiction is present here.  Defendants' argument is specious for two reasons, discussed in turn below.

#### A.   Section 27 Does Not Have Extraordinary Preemptive Force, As It Must to Transform State-Law Claims into Federal Claims.

The complete preemption doctrine is a narrow exception to the well-pleaded complaint rule.  This doctrine applies only when "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts [the state law claim] into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Caterpillar, Inc.*, 482 U.S. at 393 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).)  The touchstone of the complete preemption doctrine is "whether Congress intended the federal cause of action to be exclusive."  *Beneficial*, 539 U.S. at 9 n.5.  The court must determine "whether Congress <u>clearly manifested an intent</u> to convert state law claims into federal-question claims."  *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) (emphasis added).  The required intent must be more than that Congress intended to preempt state law claims; instead, the court must find that "Congress intends … to

4

transfer jurisdiction of the subject matter from state to federal court."  *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).  Since courts do not find even ordinary preemption of state law causes of action "unless that was the clear and manifest purpose of Congress," and since courts must give preemptive language in federal statutes "a narrow interpretation," *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 484 (1996) (internal quotations and citations omitted), complete preemption is rare indeed, and the Supreme Court has construed it in only four instances.  *See Beneficial Nat'l Bank*, 539 U.S. at 7-8 & n.4.

    In order to find this extraordinary preemption, the court must determine that Congress intended not merely to preempt state law on a topic but to "transfer jurisdiction of the subject matter from state to federal court."  *Wayne*, 294 F.3d at 1183.  "Federalism concerns strongly counsel against imputing to Congress an intent to displace a whole panoply of state law absent some clearly expressed direction."  *Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005) (internal quotation marks and alteration omitted).  Section 27 of the FDIA is bereft of any such express direction to displace a panoply of state law, including, for example, California laws requiring non-bank loan brokers to maintain licenses and to broker only those loans that do not exceed California's interest-rate standards.  The legislative history of the statute also reflects no such intent to displace these areas of state law.

    Nor does the FDIA contain any of the other indicia that courts have treated as expressing Congress's preemptive intent.  For example, in attributing complete preemption to Sections 85 and 86 of the NBA of state-law usury claims against national banks, the Supreme Court relied on "the special nature of federally chartered banks."  *Beneficial Nat'l Bank*, 539 U.S. at 10.  Federally chartered banks are subject to "[u]niform rules limiting the liability of national banks and prescribing exclusive remedies for their overcharges."  *Ibid.*  In another example, the Fourth Circuit has held that where the Copyright Act's statutory text insisted on exclusive and uniform national regulation of copyright, then complete preemption applied.  *Lontz,* 413 F.3d at 441, citing *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225 (4th Cir 1993).  By contrast, state-chartered banks are not governed by exclusive and uniform federal rules.  Instead, "it is clear that the FDIA was not intended to 'occupy the field' of state bank regulation. … FDIA itself makes it clear that

while state banks are subject to some federal regulation, the states remain the 'primary regulatory authority' over state banks participating in the FDIC's deposit insurance program." *BankWest, Inc. v. Baker*, 411 F.3d 1289, 1301 (11th Cir. 2005), vacated and appeal dismissed as moot, 446 F.3d 1358 (2006); *see also Lewis v. BT Investment Mgrs, Inc.*, 447 U.S. 27, 38 (1980) ("[B]oth as a matter of history and as a matter of present commercial reality, banking and related financial activities are of profound local concern. … [I]t is not surprising that ever since the early days of our Republic, the States have chartered banks and have actively regulated their activities.")

It is not only the chartering state that retains authority over state banks, but other states as well have the power to exercise regulatory authority over out-of-state banks operating within their jurisdictions. *See, e.g.*, 12 U.S.C. § 1820(j) (providing for state enforcement against out-of-state banks for, *inter alia*, compliance with host state's consumer protection laws); *id.* § 1831a(i) ("This section shall not be construed as limiting the authority of … any State supervisory authority to impose more stringent restrictions.")  "Although [Section] 27(a) authorizes state banks to export their home interest rate to another state, the FDIA expressly acknowledges that the host state's consumer and fraud laws still apply to the exporting state banks." *BankWest*, 411 F.3d at 1302, citing 12 U.S.C. § 1820(h)(1)(A).  Indeed, even with regard to state banks' loans, which the FDIA regulates, the FDIA's scope is narrow.  It regulates only the interest-rate term of these loans, and "does not mention any collateral activity associated with the loan, such as marketing, advertising, solicitation, or any aspect of the loan procurement process." *Id.* at 1304.  Finally, the NBA includes expansive provisions displacing state law, such as by granting national banks "all such incidental powers as shall be necessary to carry on the business of banking," 12 U.S.C. § 24; and by exempting national banks from visitorial powers of state authorities, *id.* § 484(a).  By contrast, no analogous provisions appear in the FDIA.

Several other district courts have already rejected the same complete preemption argument made by defendants here.  In a string of cases that may be colloquially known as the "Rent-a-Bank Cases," payday lenders and their affiliates and agents have tried to remove based on the FDIA or the NBA.  In each and every of these cases, the defendants' improper removal has been rejected and the case has been remanded.  *See Strong v. First American Cash Advance*

6

Motion to Remand, Case No. C 07-2789-JSW

*of Georgia, LLC*, No. 1:04-cv-2610-WSD, at *15, *26 (N.D. Ga. Dec. 13, 2005) (Exh. C to Keith Decl.) (remanding action against payday lenders because Section 27 did not have completely preemptive effect and because plaintiff's complaint stated usury claim against payday lenders, not against any state-chartered bank); *People of the State of New York v. County Bank of Rehoboth Beach*, No. 1:03-CV-1320, at *10 (N.D.N.Y. May 25, 2004) (Exh. D to Keith Decl.) (remanding action against state-chartered bank and payday lenders because Section 27 did not completely preempt claims against bank for violating consumer protection laws and facilitating payday lenders' alleged usurious practices); *Flowers v. EZPawn Oklahoma, Inc.*, 307 F. Supp. 2d 1191, 1204 (N.D. Okla. 2004) (remanding action by plaintiffs against payday lenders because Section 27 did not completely preempt state-law usury claims); *Colorado ex rel. Salazar v. Ace Cash Express, Inc.*, 188 F. Supp. 2d 1282, 1283-84 (D. Colo. 2002) (remanding action by plaintiffs against payday lenders who allegedly worked in concert with national bank because complete preemption effects of NBA did not extend to state-law usury claims against payday lenders); *cf. Saxton v. Capital One Bank*, 392 F. Supp. 2d 772, 782-83 (S.D. Miss. 2005) (holding that FDIA's credit union interest limit and cause of action did not completely preempt state law fraud and usury claims); *Cross-Country Bank v. Klussman*, No. C-01-4190-SC, 2004 WL 966289, at *5-6 (N.D. Cal. Apr. 30, 2004) (Exh. E to Keith Decl.) (remanding action against state-chartered bank alleging, *inter alia*, illegal fees because, regardless of any complete preemptive effects of the FDIA, plaintiff did not expressly state a state-law usury claim against bank); *Partin v. Cableview, Inc.*, 948 F. Supp. 1046, 1049 (S.D. Ala. 1996) (remanding action alleging under state law that defendants unlawfully charged an interest rate that plaintiffs did not agree to pay because the action did not state a claim for usury and because Section 27 of the FDIA does not completely preempt state law); *Donald v. Golden 1 Credit Union*, 839 F. Supp. 1394, 1401, 1403 (E.D. Cal. 1993) (holding that FDIA credit union interest limit and cause of action did not completely preempt state law concerning liquidated damages); *Long v. Ace Cash Express, Inc.*, No. 3:00-CV-1306-J25TJC, 2001 WL 34106904, at *1 (M.D. Fla. June 18, 2001) (Exh. F to Keith Decl.) (remanding action to state court where plaintiff named only payday lender in state-law usury action and did not name national bank that allegedly provided loans);

*Green v. H&R Block, Inc.*, 981 F. Supp. 951 (D. Md. 1997) (remanding action to state court where plaintiffs pleaded state-law fiduciary duty claims against tax refund preparer; rejecting argument that refund preparer's agency relationship with national banks required removal because of NBA complete preemption).

Defendants cite to only two cases for support of their complete preemption argument. Notice of Removal ¶¶ 16-17.  But these cases do not support removal here.  *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003), which interprets the NBA rather than the FDIA, relies not only on the text of Sections 85 and 86 of the NBA to find complete preemption of state-law usury claims but also on the "the special nature of federally chartered banks."  (*Id.* at 10.)  But state-chartered banks do not share the special nature of federally chartered banks, being subject to primary regulation by the states rather than the federal government.  Defendants also cite to *In re Community Bank of Northern Virginia*, 418 F.3d 277 (3rd Cir. 2005), which states that, because Sections 85 and 86 of the NBA completely preempt state-law claims for usury against national banks, and because Section 27 of the FDIA is similar to Sections 85 and 86, then Section 27 "completely preempts any state law attempting to limit the amount of interest and fees a federally insured-state chartered bank can charge."  *Id.* at 295.  But this statement, accompanied by little analysis, does not support Defendants' removal here because it is pure *dicta*.  Because the plaintiffs in *Community Bank* had, subsequent to the case's removal, amended their complaint to add federal claims, the Third Circuit held that federal jurisdiction existed regardless of whether the complaint, as originally removed, stated a federal question.  *Id.* at 298. Thus, any analysis of the complete preemption effects of Section 27 was unnecessary to the decision.[3]

---

[3]  Moreover, as noted *infra* in Section III.B, the *Community Bank* decision supports the People's remand argument.  That case found no preemption of the plaintiffs' state-law claims because those claims did not strictly concern usury, just as the People's complaint here does not accuse First Bank of Delaware of usury in violation of California law.

Defendants also cite *Greenwood Trust Co. v. Massachusetts*, 971 F.2d 818, 827 (1st Cir. 1992), which states that Section 27 must be read *in pari materia* with Sections 85 and 86 of the NBA.  But *Greenwood Trust* discusses only ordinary preemption in the context of a summary judgment motion, not extraordinary complete preemption or the related issue of federal-question jurisdiction.  *Id.* at 821, 831.  Other courts have specifically rejected the assertion that an *in pari* (continued on next page)

**B.      Section 27 Does Not Preempt Claims That State Banks Have Aided and Abetted Violations of State Law.**

Even if Defendants are correct that Section 27 completely preempts state-law usury claims against state banks, their removal attempt must nonetheless fail because the People's claim does not arise under Section 27.  The People have pleaded no state-law usury claims against First Bank of Delaware; instead, the People contend that it is unlawful for non-bank actors to broker loans that exceed California's interest rate limits, regardless of whether a state bank is itself permitted to make loans exceeding those rates.  The People have pleaded that Check 'N Go and Money Mart are unlawfully acting as brokers in California, and that First Bank of Delaware "unlawfully aids and abets" violations of California law by participating in Check 'N Go's and Money Mart's unlawful conduct.  (Complaint ¶ 32).  In the alternative, the People contend that Check 'N Go and Money Mart, which are not state banks, are the true lenders of the loans, and that First Bank of Delaware unlawfully aids and abets their unlawful conduct by pretending to be the lender.  (*Id.* ¶ 33.)  The complaint is bereft of any allegation that First Bank of Delaware has violated California law by its practice of charging interest rates that exceed 400 percent APR to California consumers.  Thus, the state-law claims pleaded in the complaint are not displaced by Section 27's permissive interest rate provision.

In *Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003), the Supreme Court found that a plaintiff's state-law claim for usury against a national bank was completely preempted by Sections 85 and 86 of the National Bank Act, which, the Court held, "provide the exclusive cause of action for [usury] claims."  *Id.* at 11.  Because federal law provides the exclusive cause of action for usury claims against national banks, "there is, in short, no such thing as <u>a state-law claim of usury</u> against a national bank."  *Ibid.* (emphasis added).  But *Beneficial* does not stand for the proposition that claims against national banks for offenses other than usury are displaced by Sections 85 and 86.  Instead, the *Beneficial* Court was clear that "[r]espondents' complaint …

(footnote continued from previous page)

*materia* reading of these sections should allow *state* banks to assert complete preemption.  *See, e.g.*, *Saxton*, 392 F. Supp. 2d at 782-83.

Motion to Remand, Case No. C 07-2789-JSW

expressly charged petitioners with usury" in violation of state law.  *Id.* at 9.  Here, by contrast, the People do not allege usury against First Bank of Delaware.  Only by distorting the People's complaint can the Defendants make it so.  But "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced."  *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

This distinction – between a state-law claim alleging usury and one alleging other offenses – was acknowledged in *In re Community Bank of Northern Virginia*, 418 F.3d 277 (3d Cir. 2005), the very case on which Defendants themselves rely in their Notice of Removal.  In that case, the Third Circuit stated in *dicta* that Section 27 preempts state-law usury claims against state banks.  But the Third Circuit went on to find nonetheless that removal was improper in an action by consumers against a tax-return preparer, in part because the complaint "failed to plead any state law usury claims, alleging only a series of other state law claims that are not preempted by the NBA, [the FDIA], or any other federal law."  *Id.* at 297.  The Third Circuit concluded, therefore, that the defendants' removal of the complaint "was improper."  *Ibid.*; *see also Lontz v. Tharp*, 413 F.3d 435, 442 (4th Cir. 2005) (noting that "not every state law claim that touches on [National Labor Relations Act sections with preemptive effect] is in fact preempted").

Other cases, too, support the distinction between allegedly preempted state-law usury claim and related claims that are not completely preempted.  In *BankWest, Inc. v. Baker*, 411 F.3d 1289 (11th Cir. 2005), vacated and appeal dismissed as moot, 446 F.3d 1358 (2006), the Eleventh Circuit held that "Section 27(a) does not preempt state legislation imposing penalties on: (1) payday stores who enter into illegal agency agreements; and (2) out-of-state banks who aid and abet such violations."  *Id.* at 1308 (emphasis added).  Even where a statute has complete preemption effects, its preemptive effect does not spread like an inkblot to related state law claims.  *See Franchise Tax Board*, 463 U.S. at 25 n.28 ("[E]ven under § 301 [of the Labor-Management Relations Act] we have never intimated that any action merely relating to a contract within the coverage of § 301 arises exclusively under that section.  For instance, a state battery suit growing out of a violent strike would not arise under § 301 simply because the strike may have been a violation of an employer-union contract.") (emphasis added).

The Ninth Circuit has expressly recognized that even where a federal statute completely preempts certain state-law causes of action, the preemptive effect of that statute must nonetheless be narrowly construed.  In *Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005), the Ninth Circuit considered a lawsuit by employees under California labor codes that concerned meal periods and rest breaks.  The employer removed the action to federal court based on complete preemption under § 301 of the Labor Management Relations Act.  *Id.* at 1074.  The Ninth Circuit held that the action was improperly removed.  Although § 301 supplies complete preemption for cases where a collective bargaining agreement is to be interpreted and enforced, the court noted that "§ 301 preemption is not designed to trump substantive and mandatory state law regulation of the employer-employee relationship; § 301 has not become a 'mighty oak' that might supply cover to employers from all substantive aspects of state law."  *Id.* at 1076 (internal quotation marks and citation omitted).  Thus, even though the action on the same facts could have been brought under § 301, and even where a court might be required "to refer to the language of a labor-management agreement," the action is not preempted unless it is within the ambit of § 301.  *Ibid.* (internal quotation marks omitted).

The Ninth Circuit's reasoning applies with equal force here.  The People have not stated a state-law usury claim against First Bank of Delaware, and regardless of whether Section 27 is completely preemptive of state-law usury claims, it does not preempt the People's aiding and abetting claim.  Defendants' removal on grounds of complete preemption was improper.

## IV.   DEFENDANTS CANNOT MEET THEIR BURDEN OF SHOWING THAT DIVERSITY JURISDICTION EXISTS IN THIS CASE.

Just as Defendants must bear the burden of proving that federal-question jurisdiction exists, so too must they demonstrate that diversity jurisdiction is present to justify removal.  *State ex rel. Webster v. Best Buy Co.*, 715 F. Supp. 1455, 1456 (E.D. Mo. 1989).  Defendants cannot meet this burden.

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have jurisdiction of all civil actions between "citizens of different States" where the amount in controversy exceeds $75,000.  States, however, are not "citizens of a state" for diversity purposes.  *Moor v. Alameda County*,

1   411 U.S. 693, 717 (1973).  For a suit to be between "citizens of different states," 28 U.S.C.

2   § 1332(a)(1), "each distinct interest should be represented by persons, all of whom are entitled to

3   sue, or may be sued, in the federal courts."  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  Thus, if

4   one party to an action is not a citizen of any state, a district court cannot exercise diversity

5   jurisdiction over the action.  *Maryland Stadium Authority v. Ellerbe Becket Inc.*, 407 F.3d 255,

6   260 (4th Cir. 2005).  Moreover, the citizenship of a nominal party is disregarded in determining

7   the existence of diversity; "only those with a real and substantial interest in the controversy are

8   considered."  *Abrams v. General Motors Corp.*, 547 F. Supp. 703, 704 (S.D.N.Y. 1982) (citing

9   *Navarro Savings Association v. Lee*, 446 U.S. 458, 460-61 (1980)).  "[W]hether the respective

10  state is itself the real party in interest is a question to be determined from the 'essential nature and

11  effect of the proceeding.'"  *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981),

12  quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945).  Thus, where a state is

13  found to be the real party in interest, the requirements of section 1332 are not satisfied and

14  removal is improper.

15      Defendants are all incorporated in states other than California.[4]  In an effort to create

16  diversity, Defendants' Notice of Removal mischaracterizes the plaintiff in this action as the City

17  and County of San Francisco, a political subdivision of the State of California.  This is plainly

18  incorrect.  This complaint is not brought to vindicate any proprietary right of City and County

19  government.  There are no allegations that San Francisco itself has ever availed itself of any of

20  Defendants' pay day or short term loans, or that San Francisco itself has been damaged by

21  Defendants' practices.  For this reason, San Francisco would not have Article III standing to

22  challenge Defendants practices in federal court.  *Mangini v. R.J. Reynolds Tobacco Co.*, 793 F.

23  Supp. 925, 929-930 (1992); *see also People v. Beltz Travel Service, Inc.*, 379 F.Supp. 948, 950

24

25      [4]  Even so, Defendants will not be able to establish complete diversity if "a substantial
    predominance of corporate operations" take place in California.  *Industrial Tectonics, Inc. v.
26  Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990)  Two defendants appear to be California-based
    operating companies:  Check 'N Go of California, Inc. and Monetary Management of California,
27  Inc.  Should the People's remand motion be denied based on purported diversity, the People
    would need to take jurisdictional discovery on this issue.

28

Motion to Remand, Case No. C 07-2789-JSW

(N.D. Cal. 1974) (remanding unfair business practices action brought by District Attorney for lack of Article III standing).

The complaint is instead brought by the "People of the State of California acting by and through City Attorney Dennis Herrera."  State law expressly grants standing to certain public prosecutors (e.g., the Attorney General, District Attorneys, and certain City Attorneys including the San Francisco City Attorney) to file suits on behalf of the People.  Cal. Bus. & Prof.  Code §§ 17204, 17206(a).  Such suits are filed in a sovereign capacity, to protect the citizens of the state from unscrupulous businesses.  *People v. Pacific Land Research Co.*, 20 Cal.3d 10, 17 (1970).  In this case, the People seek to enjoin Defendants from engaging in unlawful practices, and to obtain restitution and civil penalties.[5]  The State of California has a sovereign interest in the outcome of this lawsuit: to secure an honest marketplace for its residents in which they are not subject to unlawful and deceptive business practices.

In California, the State is the real party in interest in actions prosecuted in the name of the People.  *See* Cal. Govt. Code § 100 ("The sovereignty of the state resides in the people thereof, and all writs and processes shall issue in their name. …  The style of all process shall be 'The People of the State of California,' and all prosecutions shall be conducted in their name and by their authority."); *People of the State of California v. Steelcase*, 792 F. Supp. 84, 85 (C.D. Cal. 1992) (State was real party in interest where action was brought by district attorney of Los Angeles under Cal. Bus. & Prof. Code §§ 17200 *et seq.*); *Nguyen v. Superior Court*, 49 Cal. App. 4th 1781, 1788-89 (1996) (State was real party in interest where action was brought by San Mateo County district attorney under state's Red Light Abatement Law, Penal Code § 11226).

In *Steelcase*, which involved an action brought under the same unfair competition law that the People's present action invokes, the court held that "the unfair competition statute

---

[5]  Defendants also assert that the City and County of San Francisco is the real party in interest because San Francisco would receive any civil penalties awarded in this case.  Notice, ¶ 32.  However, under state law such penalties are not for the benefit of the City itself.  Instead, they "shall be for the exclusive use . . . by the district attorney . . . and the city attorney for the enforcement of consumer protection laws."  Cal. Bus. & Prof. Code § 17206(c).

1    expressly authorizes this action to be prosecuted in the name of the People," and further, likened

2    civil penalties to criminal enforcement undertaken in the public interest.  792 F. Supp. at 85, 86.

3    Pursuant to the unfair competition statute district attorneys and city attorneys of cities, or cities

4    and counties, with a population in excess of 750,000, may bring actions seeking civil penalties

5    (Cal. Bus. & Prof. Code § 17206(a)), or injunctive relief (Cal. Bus. & Prof. Code § 17204) in the

6    name of the people of the State of California.  Accordingly, the court found that "the State of

7    California is the real party in interest" concerning the unfair competition suit, and thus, remanded

8    the case for lack of diversity jurisdiction.  *Steelcase*, 792 F. Supp. at 86, 87.

9           Similarly, in *Nguyen*, the court held that the plain language of the Red Light Abatement

10   Law, Penal Code § 11226, authorized the district attorney of San Mateo County to "bring the

11   action 'in the name of the people of the State of California.'"  49 Cal. App. 4th at 1787.

12   Moreover, the court found public nuisance actions are analogous to unfair competition suits in

13   that both resemble criminal actions and are prosecuted on behalf of the people.  *Id.* at 1788.

14   Accordingly, because actions brought by the State are exempted from the mandatory transfer

15   provision of § 394 of the California Code of Civil Procedure, the court found red light abatement

16   actions prosecuted by a district attorney in the name of the people were similarly exempted from

17   the mandatory transfer provision.  *Id.* at 1790, 1792.

18          In analogous actions brought on behalf of other states, federal courts have remanded for

19   lack of diversity jurisdiction.  In *Abrams v. General Motors Corp.*, 547 F. Supp. 703 (S.D.N.Y.

20   1982), the New York Attorney General brought an action against General Motors, alleging

21   "fraudulent and illegal business practices" and seeking, *inter alia*, restitution for aggrieved

22   consumers.  The court found that the State has a quasi-sovereign interest in "securing an honest

23   marketplace in which to transact business" in order to safeguard the economic well being of its

24   citizens.  *Id.* at 705 (citation omitted).  Because the State itself was the plaintiff, diversity

25   jurisdiction did not exist.  *Id.* at 707.  In *Eure v. NVF Co.*, 481 F. Supp. 639, 642 (E.D.N.C.

26   1979), the court held that North Carolina was a real party in interest in a suit by its Secretary of

27   State to compel compliance with the state's Tender Offer Disclosure Act, noting that the state

28   was concerned with ensuring "aboveboard dealings in the purchase of stock," and thus, remanded

14

for lack of diversity jurisdiction.  Additionally, in *Illinois ex rel. Scott v. Hunt International Resources Corp.*, 481 F. Supp. 71 (N.D. Ill. 1979), the court found the State of Illinois was a real party in interest in a suit by its Attorney General to enjoin violations of the Illinois Consumer Fraud and Deceptive Practices Act and obtain damages and restitution for consumers affected, and thus, remanded for lack of diversity jurisdiction.  Civil penalties are akin to criminal enforcement, *Steelcase*, 792 F. Supp. at 86, and have been found consistent with suits prosecuted in the name of the people, *Illinois ex rel. Scott*, 481 F. Supp. at 73.

Accordingly, for the reasons stated above, the State of California is the real party in interest in this lawsuit.  Because the State itself is not a citizen of any state, there is no complete diversity, and this case must be remanded for lack of diversity jurisdiction.

## V.   BECAUSE THE COURT LACKS ORIGINAL JURISDICTION OVER THIS ACTION, IT MAY NOT EXERCISE SUPPLEMENTAL JURISDICTION.

Sections 1367(a) and 1441(c) of Title 28 allow district courts to exercise supplemental jurisdiction over claims in a case that are related to those over which the court has original jurisdiction.  Here, however, there is neither diversity jurisdiction nor federal-question jurisdiction, and this Court therefore may not exercise supplemental jurisdiction over any claim in this action.  *Hunter v. United Van Lines*, 746 F.2d 635, 649 (9th Cir. 1984).

## CONCLUSION

For the reasons offered above, the People respectfully submit that this Court should enter an order remanding this case in its entirety to the San Francisco Superior Court.

Dated:  June 20, 2007

DENNIS J. HERRERA
City Attorney
OWEN J. CLEMENTS
Chief of Special Litigation
PETER J. KEITH
CHRISTINE VAN AKEN
ANN M. O'LEARY
Deputy City Attorneys

By:  Christine Van Aken
CHRISTINE VAN AKEN
Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF
CALIFORNIA, ex rel. Herrera