1  William H. Orrick III, State Bar No. 113252
   Ann E. Johnston, State Bar No. 141252
2  COBLENTZ, PATCH, DUFFY & BASS LLP
   One Ferry Building, Suite 200
3  San Francisco, CA  94111-4213
   Telephone:    (415) 391-4800
4  Facsimile:    (415) 989-1663

5  Attorneys for Defendant
   FIRST BANK OF DELAWARE
6
   See Signature Page for Complete List of Defendants and
7  the Counsel who Represent those Parties

8
                     UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through City Attorney Dennis J. Herrera,<br><br>Plaintiffs,<br><br>vs.<br><br>CHECK'N GO OF CALIFORNIA, INC. d/b/a CHECK'N GO; SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a CHECK 'N GO; AVANTE TELADVANCE, INC. d/b/a CHECK 'N GO ONLINE; MONETARY MANAGEMENT OF CALIFORNIA, INC. d/b/a MONEY MART; MONEY MART EXPRESS, INC. d/b/a CUSTOMCASH ONLINE; FIRST BANK OF DELAWARE; and DOES 1 through 50, inclusive.<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>**(FEDERAL QUESTION JURISDICTION, DIVERSITY JURISDICTION AND SUPPLEMENTAL JURISDICTION)** |

Defendants FIRST BANK OF DELAWARE ("First Bank"); CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO, SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a CHECK 'N GO, and AVANTE TELADVANCE, INC. d/b/a CHECK 'N GO ONLINE (collectively "Check 'n Go Defendants"); and MONETARY MANAGEMENT OF CALIFORNIA, INC. d/b/a MONEY MART and MONEYMART EXPRESS, INC. d/b/a CUSTOMCASH ONLINE (collectively "Money Mart Defendants"), by their undersigned

- 1 -

attorneys, hereby provide Notice pursuant to 28 U.S.C. § 1446 of their removal of the above-captioned case from the Superior Court of the State of California in and for the County of San Francisco to the United States District Court for the Northern District of California. Removal is proper for the following reasons:

1. This action was commenced by Dennis J. Herrera, City Attorney for the City and County of San Francisco, in the Superior Court of the State of California in and for the County of San Francisco on April 26, 2007. The case was docketed as No. CGC-07-462779.

2. This Notice is timely. The summons and "Complaint for Injunctive Relief and Civil Penalties for Violations of Business and Professions Code Section 17200" were filed on April 26, 2007 and were served on Defendants no earlier than April 30, 2007. Consequently, this Notice is filed within thirty (30) days of the service of a complaint in state court asserting claims upon which this Court has jurisdiction. See 28 U.S.C. § 1446(b).

3. Removal jurisdiction is proper for any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

4. Any case that could have been initiated in a federal district court may be removed to that same court. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, Treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

5. As set forth herein, this case is removable to federal court on the basis of federal question jurisdiction. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

6. As set forth herein, this case is removable to federal court on the basis of diversity jurisdiction. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

7. This Court may also exercise jurisdiction of all claims in this matter pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

8. Venue is proper in this district in that this action is being removed from the Superior Court of the State of California in and for the County of San Francisco.

**Federal Question Jurisdiction**

9. First Bank is a full service commercial bank chartered under the laws of the State of Delaware. *See* Compl. ¶ 10; Declaration of Alonzo Primus submitted herewith (hereinafter "First Bank Decl.") at ¶ 2. First Bank's deposits are insured by the Federal Deposit Insurance Corporation. First Bank Decl. at ¶ 3.

10. First Bank offers various personal loan products to consumers, including consumer installment loans (the "Loans"). These Loans are at the center of Plaintiff's Complaint. First Bank charges interest or a fee on these Loans that is considered interest under Delaware law and under Section 27 of the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. § 1831d ("Section 27"); First Bank Decl. at ¶ 5.

11. In the Complaint, Plaintiff acknowledges that the Loans were made by First Bank, and acknowledges that the Loans with customers in the City and County of San Francisco identify First Bank as the lender. *See* Compl. ¶¶ 1, 19, 24, 29-32. Moreover, the Loan documents executed by borrowers identify First Bank as the lender. *See, e.g.,* Exhibit A to Declaration of Jerry R. Williams dated May 24, 2007 submitted herewith ("Williams Decl."). Plaintiff further alleges that First Bank acted jointly with the Check 'n Go and Money Mart Defendants with respect to the Loans and seeks to hold all Defendants jointly and severally liable for all acts alleged. *See* Compl. ¶ 12 ("Any reference in this complaint to any acts of "DEFENDANTS" shall be deemed to be the acts of each and every defendant acting individually, jointly or severally.").

12. Plaintiff further alleges that Defendants engaged in "unlawful, unfair and deceptive business acts and practices" in violation of Section 17200 of the California Business Code, arising from First Bank's provision of these Loans in California. *See* Compl. ¶ 36.

13. Plaintiff's single-count Complaint is based upon Plaintiff's contention that these Loans, made by First Bank, violate California usury laws. *See, e.g.,* Compl. ¶ 1 ("These installment loans violate California law and California's constitutional ban on usury because of their unconscionable interest rates, which exceed 400 percent APR."). Plaintiff expressly alleges that all Defendants, including First Bank, have violated California's Deferred Deposit Transaction

- 3 -

Law, California's Finance Lenders Law and California's usury law. *See* Compl. ¶ 36. Plaintiff alleges liability for these claimed violations jointly or severally as to all Defendants. *See* Compl. ¶ 12.

14. Section 27 provides the basis for federal question jurisdiction over this matter because it provides for complete preemption of claims against federally insured financial institutions such as First Bank.

15. Section 27 is the statutory counterpart to Sections 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85-86. *See Greenwood Trust Co. v. Massachusetts*, 971 F.2d 818, 827 (1st Cir. 1992), *cert. denied*, 506 U.S. 1052 (1993) (Section 27 and Section 85 of the National Bank Act must be read *in pari materia*).

16. In *Beneficial National Bank v. Anderson*, 539 U.S. 1, 10 (2003), the United States Supreme Court held that a state law claim against a national bank for allegedly violating usury was "completely preempted" by Sections 85 and 86 of the National Bank Act and, therefore, was removable to federal district court. As the Supreme Court stated, "Because §§ 85 and 86 provide the exclusive cause of action for such claims, there is, in short, no such thing as a state-law claim of usury against a national bank." *Id.* at 10.

17. Because Section 27 must be read *in pari materia* with Sections 85 and 86 of the National Bank Act, Section 27 similarly completely preempts state-law claims of usury against state banks. *See In re Community Bank of Northern Virginia*, 418 F.3d 277, 295 (3d Cir. 2005) (stating that FDIA "completely preempts any state law attempting to limit the amount of interest and fees a federally insured-state chartered bank can charge.").

18. Thus, as the Plaintiff's single-count Complaint is based upon a contention that the Loans made by First Bank violate California's usury law, it is completely preempted and is, therefore, removable to this Court.

**Diversity Jurisdiction**

19. This Court also has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

20. Dennis J. Herrera is the elected City Attorney for the City and County of San

- 4 -

Franciso, and in that position, represents the City and County of San Francisco.

21. The City and County of San Francisco is a citizen of the state of California. *See Moor v. County of Alameda*, 411 U.S. 693, 717-18 (1973) (holding that political subdivision of California is citizen of California for diversity purposes). The most recent federal census places San Francisco's population at less than 750,000 people.

22. Plaintiff admits that Defendants Check 'n Go of California, Inc., Southwestern & Pacific Specialty Finance, Inc., and Avante Teladvance, Inc. are Ohio corporations with their principal places of business located at 5155 Financial Way, Mason, Ohio 45040. *See* Compl. ¶¶ 6-7. *See also* Williams Decl. ¶¶ 2-4.

23. Plaintiff admits that Defendants Monetary Management of California, Inc. and Moneymart Express, Inc. are non-California corporations with their principal places of business at 1436 Lancaster Avenue, Berwyn, Pennsylvania 19312. *See* Compl. ¶¶ 8-9. Defendant Monetary of California, Inc. is a Delaware corporation and Defendant Money Mart Express, Inc. is a Utah corporation. Declaration of Emanuel Valadakis submitted herewith ("Valadakis Decl.") ¶¶ 2-3.

24. Plaintiff admits that Defendant First Bank of Delaware is a commercial bank chartered under the laws of the state of Delaware with its principal place of business located at Brandywine Commons II, 1000 Rocky Run Parkway, Wilmington, Delaware 19803. *See* Compl. ¶ 10.

25. Although Plaintiff has also attempted to identify unnamed Doe defendants, 28 U.S.C. § 1441(a) requires that the citizenship of such unnamed Doe defendants be disregarded for purposes of determining jurisdiction.

26. Because Plaintiff is a citizen of the state of California and all Defendants are citizens of states other than California, the parties are diverse.

27. The allegations of the Complaint also meet the amount in controversy requirement.

28. Plaintiff requests a judgment of, *inter alia*, $2,500.00 in civil penalties for each violation of Section 17200 by each defendant. *See* Compl., Prayer for Relief.

29. During the four-year period preceding the filing of this lawsuit, customers who

- 5 -

reside in the City and County of San Francisco entered into more than 125 separate Loans that are alleged in the Complaint to have been violations of section 17200 by each of the Check 'n Go Defendants. *See* Williams Decl. ¶ 15. The matter in controversy, therefore, as to each of the Check 'n Go Defendants exceeds the sum or value of $312,500 ($2,500 multiplied by 125) exclusive of interest and costs. *Id.*

30. During the four-year period preceding the filing of this lawsuit, customers who reside in the City and County of San Francisco entered into more than 200 separate Loans that are alleged in the Complaint to have been violations of section 17200 by each of the Money Mart Defendants. Valadakis Decl. ¶ 12. The matter in controversy, therefore, as to each of the Money Mart Defendants exceeds the sum or value of $500,000 ($2,500 multiplied by 200) exclusive of interest and costs. *Id.*

31. During the four years preceding the filing of this lawsuit, First Bank made at least 400 Loans in the City and County of San Francisco that are alleged in the Complaint to have violated section 17200. *See* First Bank Decl. ¶9. The matter in controversy, therefore, as to First Bank exceeds the sum or value of $1,000,000 ($2,500 multiplied by 400) exclusive of interest and costs. *Id.*

32. Pursuant to Section 17206(f) of the California Business and Professions Code, the entire amount of the penalty sought by Plaintiff must be paid to the City and County of San Francisco. Accordingly, the City and County of San Francisco, the real party in interest, will reap any and all penalties sought to be collected in this action.

33. Because the parties are diverse and the amount of controversy is met, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

**Supplemental Jurisdiction**

34. This Court also has supplemental jurisdiction over all other claims asserted by Plaintiff as against all Defendants, in accordance with 28 U.S.C. §§ 1367(a) and 1441(c).

35. Attached to this Notice of Removal are copies of all process, pleadings and orders filed in the state court record through this date.

36. All Defendants join in and consent to this removal.

WHEREFORE, Defendants respectfully serve notice that the above-referenced civil action is removed to this Court.

Dated: May 29, 2007

By: [signature] William H. Orrick III /mca

William H. Orrick III, State Bar No.113252
Ann E. Johnston, State Bar No. 141252
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, CA 94111-4213
Telephone: (415) 391-4800
Facsimile: (415) 989-1663

Attorneys for Defendant
FIRST BANK OF DELAWARE

By: [signature] Robert H. Bunzel /mca

Robert H. Bunzel, State Bar No. 99395
C. Griffith Towle, State Bar No. 146401
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152

Stephen G. Harvey
Larry R. Wood, Jr.
Kathleen A. Mullen
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4000
Facsimile: (215) 981-4750

Attorneys for Defendants
MONETARY MANAGEMENT OF CALIFORNIA, INC. and MONEYMART EXPRESS, INC.

By: /s/ Dale G. ___

Mark C. Dosker, State Bar. No. 114789
Daniel S. Kubasak, State Bar No. 222336
SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492
Telephone:   (415) 954-0200
Facsimile:   (415) 393-9887

Amy L. Brown
Jeremy W. Dutra
SQUIRE, SANDERS & DEMPSEY L.L.P.
1201 Pennsylvania Avenue, NW, Suite 500
Washington, DC 20004
Telephone:   (202) 626-6200
Facsimile:   (202) 626-6780

Attorneys for Defendants
CHECK 'N GO OF CALIFORNIA, INC;
SOUTHWESTERN & PACIFIC
SPECIALTY FINANCE, INC.; and
AVANTE TELADVANCE, INC.

# CERTIFICATE OF SERVICE

I, Mary Ann Dimapasoc, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Maritime Plaza, Suite 300, San Francisco, California 94111-3492.

On May 29, 2007, a copy of the following document(s):

- **NOTICE OF REMOVAL (FEDERAL QUESTION JURISDICTION, DIVERSITY JURISDICTION AND SUPPLEMENTAL JURISDICTION)**

was served on:

| | |
|---|---|
| Dennis J. Herrera<br>Owen J. Clements<br>Peter J. Keith<br>Christine Van Aken<br>Ann M. O'Leary<br>Office of the City Attorney<br>1 Dr. Carlton B. Goodlett Place, Suite 234<br>San Francisco, CA 94102<br><br>Counsel for Plaintiff | William H. Orrick<br>Ann E. Johnston<br>Coblentz, Patch, Duffy & Bass, LLP<br>One Ferry Building, Suite 200<br>San Francisco, California 94111<br><br>Counsel for First Bank of Delaware |
| Stephen G. Harvey<br>Larry R. Wood, Jr.<br>Kathleen A. Mullen<br>Pepper Hamilton LLP<br>3000 Two Logan Square<br>Eighteenth and Arch Streets<br>Philadelphia, PA 19103-2799<br><br>Counsel for Monetary Management of California, Inc. and Money Mart Express, Inc. | Robert H. Bunzel<br>Griffith C. Towle<br>Bartko Zankel Tarrant Miller<br>900 Front Street, Suite 300<br>San Francisco, CA 94111<br><br>Counsel for Monetary Management of California, Inc. and Money Mart Express, Inc. |

☒ By US Mail: On the above date, I placed the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

SQUIRE, SANDERS & DEMPSEY L.L.P.
One Maritime Plaza, Suite 300
San Francisco, CA 94111-3492

Executed on May 29, 2007, at San Francisco, California.

_____
Mary Ann Dimapasoc