

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JENNAFER LONG,

    Plaintiff,

v.                                              Case No. 3:00-CV-1306-J-25TJC

ACE CASH EXPRESS, INC.,

    Defendant.
_____/

## ORDER

This cause is before the Court on Plaintiff's Motion to Remand (Dkt. 10) and Defendant's response (Dkt. 12). Upon consideration, the Court finds as follows:

Plaintiff's complaint, brought on behalf of herself and others similarly situated, alleges two causes of action against Defendant. The first cause of action arises under Chapter 687, Florida Statutes, for violation of Florida's usury laws and the second alleges a violation of § 501.204, Florida Statutes, the Florida Deceptive and Unfair Trade Practices Act. On its face, the complaint does not allege any federal causes of action. Plaintiff filed her complaint in state court. Thereafter, Defendant filed a notice of removal based upon the doctrine of complete preemption. Plaintiff asserts that the doctrine of complete preemption does not apply in this case. If complete preemption does not apply, then no basis for federal jurisdiction exists.

When evaluating whether a case arises under federal law, the "well-pleaded complaint" rule applies. *Blab T.V. of Mobile, Inc. v. Comcast Cable Communications, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) (*citing Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). The well-

pleaded complaint rule provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination. *Id.* An exception, or corollary, to this rule is the doctrine of complete preemption. *Id.* Complete preemption occurs when the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into one stating a federal claim for purposes of the well-pleaded complaint rule. *Id.* (*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

Defendant based its removal on the theory that Plaintiff had failed to name an indispensable party, Goleta National Bank ("Goleta"), a national bank which is covered by the National Bank Act. Defendant asserts that the loan that forms the basis of Plaintiff's complaint was obtained from Goleta and thus any claim for usury brought by Plaintiff must be brought under the National Bank Act, which Defendant argues would completely preempt Plaintiff's state law usury claims. Plaintiff's complaint, however, has not named Goleta as a party. Instead, Plaintiff's complaint alleges that while Plaintiff's loan documents show that Plaintiff entered into an agreement with Goleta, in reality Plaintiff actually entered into a loan agreement with Defendant. Defendant is not a national bank and thus would not be covered by the terms of the National Bank Act; consequently, Plaintiff has sued Defendant under Florida state law.

Whether or not Plaintiff can properly sue Defendant, a party not named in the loan documents, under Chapter 687, Florida Statutes, is not the question before the Court. The question presented by Defendant's removal of this action is whether the National Bank Act preempts any state law claims Plaintiff has against Defendant. The National Bank Act, however, does not apply to Defendant because Defendant is not a national bank. Thus, the National Bank Act cannot preempt Plaintiff's state law claims against Defendant. Therefore, the Court has no subject matter

jurisdiction. Accordingly, it is

**ORDERED:**

Plaintiff's Motion to Remand (Dkt. 10) is **GRANTED.** The Clerk is **DIRECTED** to remand this action to the Fourth Judicial Circuit in and for Clay County, Florida.

**DONE AND ORDERED** at Jacksonville, Florida, this 15 day of June, 2001.

**HENRY LEE ADAMS, JR.**
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

3