DENNIS J. HERRERA, State Bar #139669
City Attorney
OWEN J. CLEMENTS, State Bar #141805
Chief of Special Litigation
PETER J. KEITH, State Bar #206482
CHRISTINE VAN AKEN, State Bar #241755
ANN M. O'LEARY, State Bar #238408
Deputy City Attorneys
Office of the City Attorney
1 Dr. Carlton B. Goodlett Place, Suite 234
San Francisco, CA 94102
Telephone: (415) 554-4721
Facsimile: (415) 554-4757
E-Mail: christine.van.aken@sfgov.org

Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA
Ex rel. San Francisco City Attorney Dennis J. Herrera

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through City Attorney Dennis J. Herrera,

Plaintiffs,

vs.

CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO; SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a CHECK 'N GO; AVANTE TELADVANCE, INC. d/b/a CHECK 'N GO ONLINE; MONETARY MANAGEMENT OF CALIFORNIA, INC. d/b/a MONEY MART; MONEY MART EXPRESS, INC. d/b/a CUSTOMCASH ONLINE; FIRST BANK OF DELAWARE; and DOES 1-50, inclusive.

Defendants.

Case No. C 07-2789-JSW

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE**

Hearing Date: August 3, 2007
Hearing Judge: Hon. J. S. White
Time: 9:00 a.m.
Place: Courtroom 2, 450 Golden Gate Avenue, San Francisco, CA

Date Action Filed: April 26, 2007
Date Action Removed: May 30, 2007

**INTRODUCTION**

This matter comes before this Court on the motion of the Plaintiff People of the State of California to remand this action to San Francisco Superior Court pursuant to 28 U.S.C. §

1447(c), following removal of this action by Defendants Check 'N Go of California, Inc., Southwestern & Pacific Specialty Finance, Inc., Avante Teladvance, Inc., Monetary Management of California, Inc. Money Mart Express, Inc., and the First Bank of Delaware ("Defendants"). The Court, having found that this Court lacks subject matter jurisdiction on any of the grounds alleged in the Defendants' notice of removal – federal question, diversity, or supplemental jurisdiction – hereby GRANTS the motion.

**BACKGROUND**

The People brought suit in the San Francisco Superior Court against the state-chartered bank the First Bank of Delaware and short-term lenders Check 'N Go and its affiliates[1] and Money Mart and its affiliates.[2]

The People allege that the Check 'N Go and Money Mart defendants, none of which is a state-chartered bank, have engaged in unlawful and unfair business practices, in violation of California Business & Professions Code § 17200, in three regards: (1) by making loans that violate California's usury laws (Complaint ¶¶ 2, 20, 25), or in the alternative (2) by acting as a broker in California of loans that violate California's usury laws (*id.* ¶¶ 1, 19, 24); and (3) by engaging in other practices, wholly unrelated to interest rates, that violate California's Finance Lenders Law, California Financial Code §§ 22000 *et seq.*, and its Deferred Deposit Transactions Law, Financial Code §§ 23000 *et seq.* (Complaint ¶¶ 3, 18, 21-22, 26).

The People further allege that First Bank of Delaware has engaged in unlawful and unfair business practices by aiding and abetting Check 'N Go's and Money Mart's unlawful practices. (Complaint ¶¶ 1, 32-34.) Nowhere in the Complaint do the People allege that First Bank of Delaware has violated California law by making loans bearing excessive interest rates.

On May 30, 2007, Defendants removed the action to this Court. The People filed the instant motion to remand.

---

[1] Check 'N Go and its affiliates are Check 'N Go of California, Inc., Southwestern & Pacific Specialty Finance, Inc., and Avante Teladvance, Inc.

[2] Money Mart and its affiliates are Monetary Management of California, Inc. and Money Mart Express, Inc.

## DISCUSSION

### I. THE REMOVING DEFENDANT HAS THE BURDEN OF ESTABLISHING FEDERAL SUBJECT MATTER JURISDICTION

The defendant seeking removal "must take and carry the burden of proof" that removal is proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "Because of the 'Congressional purpose to restrict the jurisdiction of federal courts on removal,' the statute is strictly construed." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). When the State itself is the plaintiff, federal courts must be particularly cautious in taking jurisdiction. *Franchise Tax Board of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983).

### II. THERE IS NO FEDERAL QUESTION JURISDICTION

Defendants argue that removal is proper because "Section 27 [of the Federal Deposit Insurance Act, 12 U.S.C. § 1831d] … completely preempts state-law claims of usury against state banks," and therefore creates federal question jurisdiction under 28 U.S.C. § 1331. (Notice of Removal ¶ 17.) Plaintiff argues that the Complaint does not state a federal question on its face, that Plaintiff is not making a usury claim against the First Bank of Delaware, and that even if Plaintiff were, such a claim is not subject to complete preemption.

#### A. The People's Complaint Does Not Plead A Federal Question On Its Face

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule ….' *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he paramount policies embodied in the well-pleaded complaint rule [are] that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the case heard in state court." *Id.* at 398-99. The Plaintiff's complaint pleads no federal question. That one or more defendants assert a defense of federal preemption does not create a federal question under the well-pleaded complaint rule. Therefore, under the well-pleaded complaint rule, there is no federal subject matter jurisdiction.

**B. The People's Claims Do Not Fall Under The "Complete Preemption" Exception To The Well-Pleaded Complaint Rule**

The complete preemption doctrine is a narrow exception to the well-pleaded complaint rule. This doctrine applies only when "the pre-emptive force of a [federal] statute is so 'extraordinary' that it 'converts [the state law claim] into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar, Inc.*, 482 U.S. at 393 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).) The court must determine "whether Congress clearly manifested an intent to convert state law claims into federal-question claims." *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) (emphasis added). Since courts do not find even ordinary preemption of state law causes of action "unless that was the clear and manifest purpose of Congress," and since courts must give preemptive language in federal statutes "a narrow interpretation," *Medtronic, Inc. v. Lohr,* 518 U.S. 470, 484 (1996) (internal quotations and citations omitted), complete preemption is rare indeed, and the Supreme Court has construed it in only four instances. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7-8 & n.4 (2003).

Defendants assert that Section 27 of the Federal Deposit Insurance Act ("Section 27"), codified at 12 U.S.C. § 1831d, establishes complete preemption of the People's claims against the First Bank of Delaware. Section 27 states that, "[i]n order to prevent discrimination against State-chartered insured depository institutions," state-chartered banks such as First Bank of Delaware may charge interest in any state either at a rate derived from Federal Reserve bank rates or at the rate allowed by the laws of the bank's home state. 12 U.S.C. § 1831d(a). Section 27 then goes on to provide a federal cause of action for usury against state banks. *Id.* § 1831d(b). Section 27 is silent about any preemptive force it has over state-law causes of action.

This Court is not persuaded by Defendants' position. The People have pleaded no state-law usury claims against First Bank of Delaware; instead, the People contend that it is unlawful for the Check N Go and Money Mart defendants to broker loans that exceed California's interest rate limits, regardless of whether a state bank is itself permitted to make loans exceeding those rates. The People have pleaded that Check 'N Go and Money Mart are unlawfully acting as

brokers in California, and that First Bank of Delaware "unlawfully aids and abets" violations of California law by participating in Check 'N Go's and Money Mart's unlawful conduct. (Complaint ¶ 32). In the alternative, the People contend that Check 'N Go and Money Mart, which are not state banks, are the true lenders of the loans, and that First Bank of Delaware unlawfully aids and abets their unlawful conduct by pretending to be the lender. (*Id.* ¶ 33.) The complaint is bereft of any allegation that First Bank of Delaware has violated California law by its own practice of charging interest rates that exceed 400 percent APR to California consumers. Thus, the state-law claims pleaded in the complaint are not displaced by Section 27's permissive interest rate provision. Given the Supreme Court's strict limitation of implied preemption and even stricter limitation on the doctrine of complete preemption, this Court finds that the People's claims are not preempted.

There is no binding Ninth Circuit authority on the specific complete preemption claim that Defendants assert here. However, this Court's conclusion is consistent with *In re Community Bank of Northern Virginia*, 418 F.3d 277 (3d Cir. 2005). In that case, the Third Circuit stated in *dicta* that Section 27 preempts state-law usury claims against state banks. But the Third Circuit went on to find nonetheless that removal was improper in an action by consumers against a tax-return preparer, in part because the complaint "failed to plead any state law usury claims, alleging only a series of other state law claims that are not preempted by the NBA, [the FDIA], or any other federal law." *Id.* at 297. The Third Circuit concluded, therefore, that the defendants' removal of the complaint "was improper." *Ibid.*

This Court's conclusion is also in accord with several district court decisions. No court has found complete preemption to apply to the "aid and abet"-type claims against a state bank that the People mount here, and several courts have rejected the position that such a claim directly against a state bank would be subject to complete preemption. *See Strong v. First American Cash Advance of Georgia, LLC*, No. 1:04-cv-2610-WSD, at *15, *26 (N.D. Ga. Dec. 13, 2005) (remanding action against payday lenders because Section 27 did not have completely preemptive effect and because plaintiff's complaint stated usury claim against payday lenders, not against any state-chartered bank); *People of the State of New York v. County Bank of*

*Rehoboth Beach*, No. 1:03-CV-1320, at *10 (N.D.N.Y. May 25, 2004) (remanding action against state-chartered bank and payday lenders because Section 27 did not completely preempt claims against bank for violating consumer protection laws and facilitating payday lenders' alleged usurious practices); *Flowers v. EZPawn Oklahoma, Inc.*, 307 F. Supp. 2d 1191, 1204 (N.D. Okla. 2004) (remanding action by plaintiffs against payday lenders because Section 27 did not completely preempt state-law usury claims); *Colorado ex rel. Salazar v. Ace Cash Express, Inc.*, 188 F. Supp. 2d 1282, 1283-84 (D. Colo. 2002) (remanding action by plaintiffs against payday lenders who allegedly worked in concert with national bank because complete preemption effects of NBA did not extend to state-law usury claims against payday lenders); *cf. Saxton v. Capital One Bank*, 392 F. Supp. 2d 772, 782-83 (S.D. Miss. 2005) (holding that FDIA's credit union interest limit and cause of action did not completely preempt state law fraud and usury claims); *Cross-Country Bank v. Klussman*, No. C-01-4190-SC, 2004 WL 966289, at *5-6 (N.D. Cal. Apr. 30, 2004) (remanding action against state-chartered bank alleging, *inter alia*, illegal fees because, regardless of any complete preemptive effects of the FDIA, plaintiff did not expressly state a state-law usury claim against bank); *Partin v. Cableview, Inc.*, 948 F. Supp. 1046, 1049 (S.D. Ala. 1996) (remanding action alleging under state law that defendants unlawfully charged an interest rate that plaintiffs did not agree to pay because the action did not state a claim for usury and because Section 27 of the FDIA does not completely preempt state law); *Donald v. Golden 1 Credit Union*, 839 F. Supp. 1394, 1401, 1403 (E.D. Cal. 1993) (holding that FDIA credit union interest limit and cause of action did not completely preempt state law concerning liquidated damages); *Long v. Ace Cash Express, Inc.*, No. 3:00-CV-1306-J25TJC, 2001 WL 34106904, at *1 (M.D. Fla. June 18, 2001) (remanding action to state court where plaintiff named only payday lender in state-law usury action and did not name national bank that allegedly provided loans); *Green v. H&R Block, Inc.*, 981 F. Supp. 951 (D. Md. 1997) (remanding action to state court where plaintiffs pleaded state-law fiduciary duty claims against tax refund preparer; rejecting argument that refund preparer's agency relationship with national banks required removal because of NBA complete preemption).

## III. THERE IS NO DIVERSITY JURISDICTION

Alternatively, Defendants contend that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because the Defendants are not California citizens but "[t]he City and County of San Francisco is a citizen of the state of California." (Notice of Removal ¶ 21.) Plaintiff contends that the City and County of San Francisco is not a party to the case, and that the case is brought in the name of the People of the State of California (Complaint ¶ 5).

This complaint was in fact filed on behalf of the People, as allowed by state law. Cal. Bus. & Prof. Code § 17204. When the People are the plaintiff, the state itself is suing in its sovereign capacity. *People v. Steelcase*, 792 F. Supp. 84, 85 (C.D. Cal. 1992). A state is not a citizen of itself for purposes of diversity jurisdiction, so there can be no such jurisdiction here. *Moor v. Alameda County*, 411 U.S. 693, 717 (1973).

Accordingly, the Court finds that it does not have diversity jurisdiction.

## IV. THERE IS NO SUPPLEMENTAL JURISDICTION

Without an independent basis for federal subject matter jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's claims. 28 U.S.C. §§ 1367, 1441(c).

## CONCLUSION

For the foregoing reasons, the Court concludes that there is no basis for federal jurisdiction and that Defendants' removal was improper. Accordingly, and good cause appearing, it is ORDERED that:

1. Plaintiff's motion to remand this action is GRANTED.

2. This action is REMANDED FORTHWITH to the Superior Court for the City and County of San Francisco. The Clerk is instructed to mail a certified copy of this Order to the Clerk of the Superior Court.

IT IS SO ORDERED.

DATE:

______________________________

JEFFREY S. WHITE

UNITED STATES DISTRICT JUDGE