DENNIS J. HERRERA, State Bar #139669
City Attorney
OWEN J. CLEMENTS, State Bar #141805
Chief of Special Litigation
PETER J. KEITH, State Bar #206482
CHRISTINE VAN AKEN, State Bar #241755
ANN M. O'LEARY, State Bar #238408
Deputy City Attorneys
Office of the City Attorney
1 Dr. Carlton B. Goodlett Place, Suite 234
San Francisco, CA 94102
Telephone:     (415) 554-4721
Facsimile:     (415) 554-4757
E-Mail:        christine.van.aken@sfgov.org

Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA
Ex rel. San Francisco City Attorney Dennis J. Herrera

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through City Attorney Dennis J. Herrera,<br><br>Plaintiffs,<br><br>vs.<br><br>CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO; SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a CHECK 'N GO; AVANTE TELADVANCE, INC. d/b/a CHECK 'N GO ONLINE; MONETARY MANAGEMENT OF CALIFORNIA, INC. d/b/a MONEY MART; MONEY MART EXPRESS, INC. d/b/a CUSTOMCASH ONLINE; FIRST BANK OF DELAWARE; and DOES 1-50, inclusive.<br><br>Defendants. | Case No. C 07-2789-JSW<br><br>**PLAINTIFF PEOPLE OF THE STATE OF CALIFORNIA'S NOTICE OF MOTION AND MOTION FOR AN ORDER THAT DEFENDANTS PAY THE PEOPLE'S FEES AND COSTS INCURRED AS A RESULT OF DEFENDANTS' IMPROPER REMOVAL OF ACTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br>**[28 U.S.C. § 1447(c)]**<br>**[N.D. CIV. L. R. 7-8]**<br><br>Hearing Date:     August 3, 2007<br>Hearing Judge:    Hon. J. S. White<br>Time:             9:00 a.m.<br>Place:            Courtroom 2, 450 Golden Gate Avenue, San Francisco, CA<br><br>Date Action Filed:    April 26, 2007<br>Date Action Removed:  May 30, 2007<br><br>Supporting documents filed herewith:<br>   Declaration of Peter J. Keith<br>   [Proposed] Order Granting Plaintiff's Motion For Fee Award Under 28 U.S.C. § 1447(c) |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that Plaintiff the People of the State of California ("the People") moves this Court to order that Defendants, and each of them, pay the fees and costs incurred by the People as a result of Defendants' improper removal of this action to federal court, pursuant to Local Rule 7-8 and 28 U.S.C. § 1447(c), in the amount of $13,508.00, and will appear for oral argument on August 3, 2007, at 9:00 a.m. in the courtroom of the Honorable Jeffrey S. White, at Courtroom 2, 450 Golden Gate Avenue, San Francisco, California.  PLEASE TAKE FURTHER NOTICE that the People are filing a contemporaneous motion, also to be heard on August 3, 2007 at 9:00 a.m. in the courtroom of the Honorable Jeffrey S. White, moving this Court to remand this case to the Superior Court of the State of California.

Movant the People seeks an order that Defendants, and each of them, pay the People's attorneys fees and costs in the amount of $13,508.00, pursuant to 28 U.S.C. § 1447(c).

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

As the People have explained in their concurrently filed motion to remand this action to state court, Defendants' removal of this action was improper because this court lacks subject matter jurisdiction over the People's consumer protection enforcement action. This Court should remand this action to its proper state court forum.

This Court should also order that the Defendants pay the People their fees and costs incurred as a result of Defendants' improper removal of this action.[1] Section 1447(c) of Title 28 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court explained that a court should award fees under section 1447(c) when the removing party lacked an objectively reasonable basis for seeking removal.

Defendants' assertions regarding the existence of diversity and federal question jurisdiction are not objectively reasonable, in view of the actual claims made in the People's Complaint and the overwhelming authority that has rejected the same position Defendants assert here. Viewed in its entirety, Defendants' removal of this action was not objectively reasonable. Defendants' removal has served only to delay the People's enforcement of state law. Defendants' removal has needlessly increased the costs borne by the People. The Court should order Defendants, and each of them, to pay the People's fees and costs incurred as a result of Defendants' improper removal, $13,508.00.

---

[1] Pursuant to N.D. Civil Local Rule 7-8, the People's request for costs and fees incurred as a result of Defendants' improper removal must be filed separately from their motion for remand. To limit the papers under submission to the Court, the People incorporate by reference their motion for remand and will assume the Court and counsel's familiarity with the arguments on the merits made therein.

1

People's Motion For Fees For Improper Removal, Case No. C 07-2789-JSW

**ARGUMENT**

**I. WHERE DEFENDANTS' REMOVAL OF AN ACTION TO FEDERAL COURT IS OBJECTIVELY UNREASONABLE, DEFENDANTS SHOULD PAY THE PLAINTIFF'S FEES INCURRED AS A RESULT OF THE REMOVAL**

Section 1447(c) of Title 28 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, ---, 126 S. Ct. 704 (2005), the Supreme Court explained that the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 711. The Court held that there is no presumption against, or in favor of, awarding fees under section 1447(c). *Id.* at 710. The Supreme Court held that the appropriate test for a fee award was an objective one: a fee award was proper "where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711. The Court rejected the argument that a plaintiff should be required to show that the removing party's position was "frivolous, unreasonable or without foundation." *Id.* at 710; *see also Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

**II. THERE IS NO OBJECTIVELY REASONABLE BASIS FOR DEFENDANTS TO ASSERT FEDERAL QUESTION JURISDICTION**

Defendants removed this action based on the alleged complete preemption effects of Section 27 of the Federal Deposit Insurance Act ("Section 27"), codified at 12 U.S.C. § 1831d ("Section 27"). (Notice of Removal, Keith Decl. Exh. A.) But, as more fully explained in the People's accompanying motion to remand (at pp. 1, 9-11), Defendants' position regarding federal question jurisdiction relies on a mischaracterization of the claims made in the People's Complaint. Defendants assert that the Complaint makes state-law usury claims directly against Defendant First Bank of Delaware. But the People's Complaint asserts no such claim. The People's claim is that the First Bank of Delaware has aided and abetted violations of state law by payday lenders Check 'N Go and its affiliates[2] and Money Mart and its affiliates.[3] (Complaint,

---

[2] Check 'N Go and its affiliates are Check 'N Go of California, Inc., Southwestern & Pacific Specialty Finance, Inc., and Avante Teladvance, Inc.

Keith Decl. Exh. B.) The People are aware of no authority that supports removal of such claims. To the contrary, as described below, courts have uniformly found removal of such claims to be improper.

Likewise, Defendants' legal argument that "complete preemption" confers federal question jurisdiction over the People's claims is not tenable. As the People have explained in their accompanying remand motion (at pp. 4-8), courts have found "complete preemption" only in extraordinary circumstances, and no court has ever found preemption of the "aid and abet" claims that the People assert in this Complaint. The People's accompanying remand motion (at pp. 6-8) identifies several district court cases[4] that have rejected assertions of "complete preemption" that are identical or similar to Defendants' claim in the present case.

Defendants are surely aware – or should be – of the status of the law in this area. We note that Defendant First Bank of Delaware has advanced, and lost, a much less ambitious version of the preemption argument that it makes here. In *BankWest, Inc. v. Baker*, 411 F.3d 1289, 1301 (11th Cir. 2005), vacated and appeal dismissed as moot, 446 F.3d 1358 (2006), First Bank of Delaware and other parties sought an injunction against enforcement of Georgia laws regulating relationships between state-chartered banks and payday lender affiliates. First Bank of Delaware argued – as here – that such state regulation was preempted by federal law. Unlike here, however, the First Bank of Delaware did not advance the more ambitious argument that there was *complete preemption* of state regulations. Nonetheless, the District Court, and then the Eleventh Circuit Court of Appeal, rejected First Bank of Delaware's ordinary preemption argument. The People recognize that this decision was vacated and the appeal was dismissed as

---

(footnote continued from previous page)

[3] Money Mart and its affiliates are Monetary Management of California, Inc. and Money Mart Express, Inc.

[4] It is appropriate for the Court to consider unpublished decisions where, as here, the Court is evaluating the objective reasonableness of a party's legal position in view of existing law. *See, e.g.*, *Prison Legal News v. Lehman*, 397 F.3d 692, 701-02 (9th Cir. 2005) (unpublished decisions may be considered in determining whether a reasonable government official would be on notice that law is "clearly established" for purposes of qualified immunity). We also note that these unpublished District Court decisions are citable pursuant to Civil Local Rule 7-14.

moot when First Bank of Delaware represented to the Court that it was no longer entering the subject loan agreements. 446 F.3d 1358, 1366-67. Nonetheless, the Georgia case demonstrates that the First Bank of Delaware was aware that courts had already rejected the argument that *ordinary* preemption blocked state regulation of relationships between payday lenders and out-of-state banks. Given First Bank of Delaware's unsuccessful argument for *ordinary* preemption, it was objectively unreasonable for the First Bank of Delaware to have removed the present action, on the basis of the far more ambitious assertion that similar regulations are *completely* preempted by federal law.

In light of these cases, and in light of Defendants' mischaracterization of the People's complaint in making out their complete preemption argument, Defendants' removal was not reasonable. The circumstances of this case are even stronger than those in *Braco v. MCI WorldComm Communications, Inc.*, 138 F. Supp. 2d 1260 (C.D. Cal. 2001), where the court awarded attorney's fees to the plaintiff even though the defendant's removal under the claim of complete preemption was supported by some authority. *Id.* at 1270 ("Fees are appropriate in this case because Defendant's claim of complete preemption under the FCA, while 'fairly supportable' under the authority cited by Defendant, is nonetheless contrary to law, as it has been expressed by the weight of authority."). Here, Defendants' removal effort is equally contrary to the weight of authority, and fees are appropriate.

### III. THERE IS NO OBJECTIVELY REASONABLE BASIS FOR DEFENDANTS TO ASSERT DIVERSITY JURISDICTION

As explained in the People's accompanying remand motion (at pp. 12-15), Defendants' assertions regarding diversity jurisdiction rely entirely on a misidentification of the sole plaintiff in this action. Contrary to Defendants' representations in their removal petition (Keith Decl. Exh. B), the plaintiff is not "the City and County of San Francisco." A glance at the caption of the Complaint, and a review of its text, demonstrates that the only plaintiff in this action is the "People of the State of California." (Keith Decl. Exh. A.) Because the People of California *are* the State – not a "citizen" of any state – there is no diversity jurisdiction.

Defendants' effort to remove this case based on diversity jurisdiction is equally unreasonable: only by misstating the plaintiff as the City and County of San Francisco rather than the People does Defendants' diversity jurisdiction claim become plausible.  It was objectively unreasonable for Defendants to misstate the identity of the plaintiff in this action.

## CONCLUSION

Because the Defendants' removal of this action was objectively unreasonable, the People request that this Court order that the Defendants, and each of them, pay the People's costs and fees incurred as a result of the removal, in the amount of $13,508.00.  (Keith Decl. ¶¶ 8-11.)

Dated:  June 20, 2007
DENNIS J. HERRERA
City Attorney
OWEN J. CLEMENTS
Chief of Special Litigation
PETER J. KEITH
CHRISTINE VAN AKEN
ANN M. O'LEARY
Deputy City Attorneys

By:  Peter J. Keith
PETER J. KEITH
Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA, ex rel. Herrera