DENNIS J. HERRERA, State Bar #139669
City Attorney
OWEN J. CLEMENTS, State Bar #141805
Chief of Special Litigation
PETER J. KEITH, State Bar #206482
CHRISTINE VAN AKEN, State Bar #241755
ANN M. O'LEARY, State Bar #238408
Deputy City Attorneys
Office of the City Attorney
1 Dr. Carlton B. Goodlett Place, Suite 234
San Francisco, CA 94102
Telephone:     (415) 554-4721
Facsimile:     (415) 554-4757
E-Mail:        christine.van.aken@sfgov.org

Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA
Ex rel. San Francisco City Attorney Dennis J. Herrera

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through City Attorney Dennis J. Herrera,<br><br>Plaintiffs,<br><br>vs.<br><br>CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO; SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a CHECK 'N GO; AVANTE TELADVANCE, INC. d/b/a CHECK 'N GO ONLINE; MONETARY MANAGEMENT OF CALIFORNIA, INC. d/b/a MONEY MART; MONEY MART EXPRESS, INC. d/b/a CUSTOMCASH ONLINE; FIRST BANK OF DELAWARE; and DOES 1-50, inclusive.<br><br>Defendants. | Case No. C 07-2789-JSW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER THAT DEFENDANTS PAY FEES AND COSTS INCURRED AS A RESULT OF DEFENDANTS' IMPROPER REMOVAL OF ACTION**<br><br>Hearing Date:      August 3, 2007<br>Hearing Judge:   Hon. J. S. White<br>Time:                  9:00 a.m.<br>Place:                 Courtroom 2, 450 Golden Gate Avenue, San Francisco, CA<br><br>Date Action Filed:      April 26, 2007<br>Date Action Removed: May 30, 2007 |

## INTRODUCTION

This matter comes before this Court on the motion of the Plaintiff People of the State of California to remand this action to San Francisco Superior Court pursuant to 28 U.S.C. §

1

1447(c), and the People's instant, concurrently filed motion for an award of fees under the same section. These motions follow removal of this action by Defendants Check 'N Go of California, Inc., Southwestern & Pacific Specialty Finance, Inc., Avante Teladvance, Inc., Monetary Management of California, Inc. Money Mart Express, Inc., and the First Bank of Delaware ("Defendants").

The Court finds that an award of fees is proper under section 1447(c), and awards the People $13,508.00, for which Defendants will be jointly and severally liable.

## BACKGROUND

As described in the Court's accompanying order granting the People's motion to remand the case, the Court has found that this Court lacks subject matter jurisdiction on any of the grounds alleged in the Defendants' notice of removal – federal question, diversity, or supplemental jurisdiction. The Court must now decide whether the People are entitled to an award of their fees incurred as a result of Defendants' improper removal, under 28 U.S.C. § 1447(c).

## DISCUSSION

I.  THE STANDARD FOR AWARDING FEES TO A PLAINTIFF UPON REMAND

Section 1447(c) of Title 28 provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, ---, 126 S. Ct. 704 (2005), the Supreme Court explained that the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 711. The Court held that there is no presumption against, or in favor of, awarding fees under section 1447(c). *Id.* at 710. The Supreme Court held that the appropriate test for a fee award was an objective one: a fee award was proper "where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711. The Court rejected the argument that a plaintiff should be required to show that the removing party's position was "frivolous, unreasonable or without foundation." *Id.* at 710; *see also Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

## II. THERE WAS NO OBJECTIVELY REASONABLE BASIS FOR DEFENDANTS TO ASSERT FEDERAL QUESTION JURISDICTION

Defendants removed this action based on the alleged complete preemption effects of Section 27 of the Federal Deposit Insurance Act ("Section 27"), codified at 12 U.S.C. § 1831d ("Section 27"). As explained in the Court's Order remanding the case, Defendants' position regarding federal question jurisdiction relies on a mischaracterization of the claims made in the People's Complaint. Defendants assert that the Complaint makes state-law usury claims directly against Defendant First Bank of Delaware, and that such claims are completely preempted. But the People's Complaint asserts no such claim. The People's claim is that the First Bank of Delaware has aided and abetted violations of state law by payday lenders Check 'N Go and its affiliates and Money Mart and its affiliates. Courts have uniformly found removal of such claims to be improper. Given the remarkable lack of success of complete preemption claims similar to that made by Defendants here, it was objectively unreasonable for Defendants to have asserted complete preemption in this case.

The Court also notes that Defendants are surely aware of the status of the law in this area. Defendant First Bank of Delaware has advanced, and lost, a much less ambitious version of the preemption argument that it makes here. In *BankWest, Inc. v. Baker*, 411 F.3d 1289, 1301 (11th Cir. 2005), vacated and appeal dismissed as moot, 446 F.3d 1358 (2006), First Bank of Delaware and other parties sought an injunction against enforcement of Georgia laws regulating relationships between state-chartered banks and payday lender affiliates. First Bank of Delaware argued – as here – that such state regulation was preempted by federal law. Unlike here, however, the First Bank of Delaware did not advance the more ambitious argument that there was *complete preemption* of state regulations. Nonetheless, the District Court, and then the Eleventh Circuit Court of Appeal, rejected First Bank of Delaware's ordinary preemption argument. Although this decision was vacated and the appeal was dismissed as moot when First Bank of Delaware represented to the Court that it was no longer entering the subject loan agreements, 446 F.3d 1358, 1366-67, this decision demonstrates that the First Bank of Delaware

was aware that courts had already rejected the argument that *ordinary* preemption blocked state regulation of relationships between payday lenders and out-of-state banks. Given First Bank of Delaware's unsuccessful argument for *ordinary* preemption, it was objectively unreasonable for the First Bank of Delaware to have removed the present action, on the basis of the far more ambitious assertion that similar regulations are *completely* preempted by federal law.

### III.  THERE WAS NO OBJECTIVELY REASONABLE BASIS FOR DEFENDANTS TO ASSERT DIVERSITY JURISDICTION

As described in the Court's order remanding the case, Defendants' assertions regarding diversity jurisdiction rely entirely on a misidentification of the sole plaintiff in this action as the "City and County of San Francisco."  However, a glance at the caption of the Complaint, and a review of its text, demonstrates that the only plaintiff in this action is the "People of the State of California."  It was objectively unreasonable for Defendants to misstate the identity of the plaintiff in this action in order to advance their diversity jurisdiction argument.

### CONCLUSION

For the foregoing reasons, the Court concludes that the Defendants' removal of this case was objectively unreasonable. The People's request for fees in the amount of $13,508.00 is appropriate. Accordingly, and good cause appearing, it is ORDERED that Plaintiff's motion for an award of fees is GRANTED in the amount of $13,508.00. Defendants Check 'N Go of California, Inc., Southwestern & Pacific Specialty Finance, Inc., Avante Teladvance, Inc., Monetary Management of California, Inc. Money Mart Express, Inc., and the First Bank of Delaware shall be jointly liable for this fee award. Defendants shall remit a check payable to the San Francisco City Attorney's Office within 30 days of the date of this order.

IT IS SO ORDERED.

DATE:

_____

JEFFREY S. WHITE

UNITED STATES DISTRICT JUDGE