RICHARD R. PATCH (State Bar No. 088049)
ef-rrp@cpdb.com
WILLIAM H. ORRICK, III (State Bar No. 113252)
ef-who@cpdb.com
ANN E. JOHNSTON (State Bar No. 141252)
ef-aej@cpdb.com
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663

Attorneys for Defendant
FIRST BANK OF DELAWARE

COUNSEL FOR OTHER DEFENDANTS
ARE LISTED AFTER SIGNATURE PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through City Attorney Dennis J. Herrera,<br><br>Plaintiffs,<br><br>v.<br><br>CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO; SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a/ CHECK 'N GO; AVANTE TELADVANCE, INC. d/b/a CHECK 'N GO ONLINE; MONETARY MANAGEMENT OF CALIFORNIA, INC. d/b/a MONEY MART; MONEY MART EXPRESS, INC. d/b/a CUSTOMCASH ONLINE; FIRST BANK OF DELAWARE; and DOES 1-50, inclusive,<br><br>Defendants. | No. C 07-02789 JSW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR FEES**<br><br>Hearing Date: August 10, 2007<br>Hearing Judge: Hon. J.S. White<br>Time: 9:00 a.m.<br>Place: Courtroom 2,<br>450 Golden Gate Ave.,<br>San Francisco, CA<br><br>Complaint filed: April 26, 2007<br>Complaint removed: May 30, 2007 |

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

## INTRODUCTION

Defendants First Bank of Delaware (the "Bank"); Check 'n Go of California, Inc., Southwestern & Pacific Specialty Finance, Inc., and Avante Teladvance, Inc. (collectively the "Check 'n Go Defendants"); and Monetary Management of California, Inc. and Money Mart Express, Inc., (collectively the "Money Mart Defendants") removed this case on two independent bases: federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332. As is clear from the Defendants' Opposition to the City Attorney's Motion to Remand filed concurrently herewith,[1] this case was properly removed, and there is no basis for the City Attorney's Motion for Fees and Costs. The Motion for Fees and Costs should, therefore, be denied.

## ARGUMENT

### I. STANDARD

Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of costs and expenses incurred as a result of removal. In *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 140 (2005), the Supreme Court held that courts may generally award attorney's fees only where the removing party lacked an objectively reasonable basis for seeking removal and, conversely, where an objectively reasonable basis for removal exists, fees should be denied. *See also Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1254 (9th Cir. 2006) (reversing award of attorney's fees where removal objectively reasonable).

### II. DEFENDANTS HAD AN OBJECTIVELY REASONABLE BASIS TO ASSERT FEDERAL QUESTION JURISDICTION

The City Attorney (the "City Attorney") for the City and County of San Francisco (the "City") has named the Bank as a defendant in this action; the Bank is a state-chartered, federally insured bank. *See* Compl. ¶ 10; *see also* Declaration of Alonzo Primus, attached to Defendants' Notice of Removal, ¶¶ 2-3 (the Bank is chartered under the state of Delaware and is insured by the

---

[1] Defendants' objectively reasonable grounds for removal are set forth more fully in Defendants' Opposition to Plaintiff's Motion to Remand; Memorandum of Points and Authorities, which is hereby incorporated by reference.

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

-2-

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR FEES
2186.000/330820.1                                    Case No. C 07-02789 JSW

Federal Deposit Insurance Corporation).  The City Attorney's single-count Complaint unequivocally alleges that the Bank has violated California usury law.  *See* Compl. ¶¶ 1, 2, 12, 15, 18, 23, 31-32, and 36c.  Further, whether the Complaint calls the claim against the Bank "usury," "aiding and abetting," or a violation of California Business and Professions Code Section 17200 arising from transactions the City Attorney claims to be usurious, it challenges the rate of interest charged by the Bank on the installment loans at issue, and thus, it falls within the scope of Section 27 of the Federal Deposit Insurance Act ("FDIA"), 12 U.S.C. § 1831d.

Section 27 of the FDIA is the statutory counterpart to Sections 85 and 86 of the National Bank Act ("NBA"), 12 U.S.C. §§ 85-86.  *See Greenwood Trust Co. v. Massachusetts*, 971 F.2d 818, 826-27 (1st Cir. 1992), *cert. denied*, 506 U.S. 1052 (1993).  For this reason, it is well-settled that Section 27 of the FDIA and Sections 85 and 86 of the NBA should be read *in pari materia*. *Id.* at 828 ("when Congress borrows language from one statute and incorporates it into a second statute, the language of the two acts should be interpreted in the same way").

In *Beneficial National Bank v. Anderson*, 539 U.S. 1, 10-11 (2003), the Supreme Court held that a state law usury claim against a national bank was completely preempted by Sections 85 and 86 of the NBA.  Defendants here argue that this same principle applies under Section 27 of the FDIA.  Each of the two circuits of the federal Court of Appeals to consider the issue have reached the same conclusion relied upon by Defendants.  *See Discover Bank v. Vaden*, No. 06-1221, 2007 WL 1695758, at *9 (4th Cir. June 13, 2007); *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 295-96 (3d Cir. 2005).  Indeed, in *Vaden*, the Court of Appeals stated: "[W]e are hard-pressed to conclude other than that Congress intended complete preemption of state-law usury claims under the FDIA." 2007 WL 1695758, at *9.  *See also Cross-Country Bank v. Klussman*, 74 Fed. App'x 796, 797 (9th Cir. 2003) ("[I]t appears that the rationale of the Supreme Court's decision in [Beneficial] would extend to usury claims against state chartered, federally insured banks such as [appellant]"); *Forness v. Cross Country Bank*, No. 05-CV-417, 2006 WL 240535, at *3 (S.D. Ill. Jan. 13, 2006) (claim challenging fees charged by state-chartered bank is completely preempted); *Hill v. Chemical Bank*, 799 F.Supp. 948, 952 (D. Minn. 1992) (holding that Section 27 "completely preempts the field of usury claims against federally insured state banks").

-3-

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

Defendants' removal on the basis of complete preemption was not only objectively reasonable and well-supported by law, but also entirely correct.

## III. DEFENDANTS HAD AN OBJECTIVELY REASONABLE BASIS TO ASSERT DIVERSITY JURISDICTION

Removal was also proper because the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The City Attorney admits that Defendants are all incorporated in states other than California and have their principal places of business outside of California. *See* Compl. ¶¶ 6-10. The City Attorney also does not dispute that the amount in controversy exceeds $75,000. *See* Notice of Removal ¶¶ 19, 27-33.

In an attempt to defeat removal, the City Attorney claims that the Plaintiff is not a citizen of the State of California. The City Attorney argues that because he brought this action in the name of the "People of the State of California," the State of California is the real party in interest. *See* Remand Memo at 13. This argument is wrong as a matter of fact and law. First, the City Attorney, as an elected official, represents only the City. *See* San Francisco Charter art. VI., § 6.102.[2] Second, by statute, the penalties he seeks are payable to the City for the exclusive use of the City Attorney. *See* Cal. Bus. & Prof. Code § 17206(f). Further, California cases hold that a city attorney has no authority to represent all Californians as an entity separate and apart from the city itself. *See, e.g., California v. M & P Invs.*, 213 F. Supp. 2d 1208, 1216 (E.D. Cal. 2002). Thus, the City, and not the State of California, is the real party to this controversy. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").

Because the City is the real party in interest as Plaintiff, its citizenship is relevant for the diversity analysis. As the Supreme Court held in *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973), a political subdivision of a State is a citizen of the State for diversity purposes. Accordingly, because complete diversity exists among the parties and the amount in controversy is

---

[2] San Francisco Charter, *available at*: http://www.municode.com/content/4201/14130/HTML/index.html.

over $75,000, Defendants' removal of this action on the basis of diversity was also not only objectively reasonable and proper, but entirely correct as well.

## CONCLUSION

For the reasons expressed herein and in Defendants' Opposition to Plaintiff's Motion for Remand, removal of this action based on federal question jurisdiction and diversity jurisdiction was objectively reasonable and proper. Accordingly, the City Attorney's Motion for Fees and Costs, as well as its Motion to Remand, should be denied.

DATED: July 18, 2007                    Respectfully submitted,

                                        COBLENTZ, PATCH, DUFFY & BASS LLP


                                        By: */s/William H. Orrick, III*
                                            William H. Orrick, III
                                            Attorneys for Defendant
                                            FIRST BANK OF DELAWARE

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

**COUNSEL FOR OTHER DEFENDANTS**

DATED: July 18, 2007					PEPPER HAMILTON LLP


							By:	_____/s/_____
								Stephen G. Harvey, Esq.
								Larry R. Wood, Jr., Esq
								Kathleen A. Mullen, Esq
								Attorneys for Defendants
								MONETARY MANAGEMENT OF CALIFORNIA, INC. AND MONEY MART EXPRESS, INC.


DATED: July 18, 2007					BARTKO, ZANKEL, TARRANT & MILLER
							A Professional Corporation


							By:	_____/s/_____
								Robert H. Bunzel, Esq
								C. Griffith Towle, Esq.
								Attorneys for Defendants
								MONETARY MANAGEMENT OF CALIFORNIA, INC. and MONEY MART EXPRESS, INC.


DATED: July 18, 2007					SQUIRE, SANDERS & DEMPSEY L.L.P.


							By:	_____/s/_____
								Mark C. Dosker, Esq.
								Amy L. Brown, Esq
								Nicholas M. Beizer, Esq
								Jeremy W. Dutra, Esq.
								Attorneys for Defendants
								CHECK'N GO OF CALIFORNIA, INC.; SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC.; AND AVANTE TELADVANCE, INC.