RICHARD R. PATCH (State Bar No. 088049)
ef-rrp@cpdb.com
WILLIAM H. ORRICK, III (State Bar No. 113252)
ef-who@cpdb.com
ANN E. JOHNSTON (State Bar No. 141252)
ef-aej@cpdb.com
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663

Attorneys for Defendant
FIRST BANK OF DELAWARE

COUNSEL FOR OTHER DEFENDANTS
ARE LISTED ON ATTACHED PAGE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through City Attorney Dennis J. Herrera,<br><br>Plaintiffs,<br><br>v.<br><br>CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO; SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a/ CHECK 'N GO; AVANTE TELADVANCE, INC. d/b/a CHECK 'N GO ONLINE; MONETARY MANAGEMENT OF CALIFORNIA, INC. d/b/a MONEY MART; MONEY MART EXPRESS, INC. d/b/a CUSTOMCASH ONLINE; FIRST BANK OF DELAWARE; and DOES 1-50, inclusive,<br><br>Defendants. | No. C 07-02789 JSW<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE**<br><br>Hearing Date: August 10, 2007<br>Hearing Judge: Hon. J.S. White<br>Time: 9:00 a.m.<br>Place: Courtroom 2,<br>450 Golden Gate Ave.,<br>San Francisco, CA<br><br>Complaint filed: April 26, 2007<br>Complaint removed: May 30, 2007 |

## INTRODUCTION

Plaintiff's motion for remand to state court, brought pursuant to 28 U.S.C. § 1447(c), came before this Court for hearing on August 10, 2007. After careful consideration of the pleadings, the parties' papers, the relevant authority, and having had the benefit of oral argument, the Court DENIES the Plaintiff's motion for the reasons stated herein.

## BACKGROUND

Plaintiff Dennis J. Herrera, City Attorney for the City and County of San Francisco (the "City"), filed his Complaint in the Superior Court of the State of California for the City and County of San Francisco on April 26, 2007.

The Defendants are (1) First Bank of Delaware (the "Bank"); (2) Check 'n Go of California, Inc., Southwestern & Pacific Specialty Finance, Inc., and Avante Teladvance, Inc. (collectively, the "Check 'n Go Defendants"); and (3) Monetary Management of California, Inc. and Money Mart Express, Inc. (collectively, the "Money Mart Defendants"). The Bank is a Delaware-chartered, federally insured bank.

On May 30, 2007, the Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting the existence of federal question and diversity jurisdiction as well as supplemental jurisdiction over all other claims. Thereafter, the City Attorney moved to remand on the ground that this Court lacks jurisdiction. For the reasons set forth below, this Court finds that it has both federal question and diversity jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1) and that it has supplemental jurisdiction over all other claims under 28 U.S.C. §§ 1367(a) and 1441(c).

## ANALYSIS

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The

///

///

Defendants assert that this Court has federal question jurisdiction under 28 U.S.C. § 1331[1] because Section 27 of the Federal Deposit Insurance Act ("FDIA") completely preempts the Complaint's state law claims challenging the rates of interest charged by the Bank.  In addition, the Defendants assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1)[2] because the amount in controversy exceeds $75,000 and the parties to the dispute are citizens of different states.

## I. The Court Has Federal Question Jurisdiction Over This Case Because the Complaint Challenges the Rates of Interest Charged by a State-Chartered, Federally Insured Bank.

State law claims that are completely preempted by a federal statute are removable. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003).  To determine whether the City Attorney's claims against the Bank are completely preempted by Section 27 of the FDIA, the Court must answer two questions:  First, does the Complaint challenge the rates of interest charged by the Bank, a state-chartered, federally insured bank,[3] on the installment loans at issue in this case?  Second, if so, does Section 27 of the FDIA completely preempt such claims?  The answer to both questions is yes.

First, after reviewing the allegations of the Complaint in isolation and as a whole, particularly Paragraphs 1, 2, 12, 15, 18, 23, 31-32, and 36c, the Court concludes that the Complaint challenges the legality of the interest rates charged by the Bank on the installment loans at issue in this case and therefore states a usury claim against the Bank.  *See Jenkins v. First Am. Cash Advance of Georgia, LLC*, 400 F.3d 868, 873 n.3 (11th Cir. 2005) (rejecting contention that usury claim was not brought against national bank where complaint expressly named bank as defendant and consistently used plural form of 'Defendants' while claiming usury violations); *Forness v.*

---

[1] Section 1331 provides:  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[2] Section 1332(a)(1) provides:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

[3] The Complaint alleges that the Bank is chartered under the laws of the State of Delaware. Compl. ¶ 10.  *See also* Declaration of Alonzo Primus In Support of Notice of Removal ¶ 2.  The Bank's deposits "are insured by the Federal Deposit Insurance Corporation" ("FDIC").  *Id.* ¶ 3.

1 *Cross Country Bank*, No. 05-CV-417, 2006 WL 240535, at *3 (S.D. Ill. Jan. 13, 2006) ("Plaintiffs do not merely contest the general manner in which Defendants assessed fees, but also the amounts of those fees and, more specifically, the lack of a connection between those amounts and the underlying costs actually incurred by Defendants. Under the logic of *Beneficial v. Anderson*, this involves the complete-preemption doctrine.").

Second, Section 27 of the FDIA completely preempts claims challenging the rates of interest charged by a state-chartered, federally insured bank, such as the Bank. In *Beneficial*, the Supreme Court held that Sections 85 and 86 of the NBA completely preempt state law claims for usury against national banks. 539 U.S. at 10-11. In Section 27(a) of the FDIA, Congress used language very similar to the language it used in Section 85 of the NBA, and the language in Section 27(b) of the FDIA is similar to that used by Congress in Section 86 of the NBA. As a result, Section 27 of the FDIA must be read *in pari materia* with Section 85 and 86 of the NBA. *See Greenwood Trust Co. v. Mass.*, 971 F.2d 818, 828 (1st Cir. 1992). Further, the legislative history of Section 27 of the FDIA "tells us that Congress intended 'to allow competitive equity among financial institutions, and reaffirm the principle that institutions offering similar products should be subject to similar rules,'" and that "[t]he FDIA was enacted in part 'to provide parity, or competitive equality, between national banks and State chartered depository institutions.'" *Discover Bank v. Vaden*, Civ. No. 06-1221, 2007 WL 1695758, at *7 (4th Cir. June 13, 2007).

Based on the express language of Section 27 of the FDIA, the similarity between that language and the language used in Sections 85 and 86 of the NBA, and the legislative history of Section 27, a number of courts have held that Section 27 of the FDIA completely preempts claims challenging the rates of interest charged by state chartered, federally-insured banks, like the Bank. *See Vaden*, 2007 WL 1695758, at *7-9 ("[W]e are hard-pressed to conclude other than that Congress intended complete preemption of state-court usury claims under the FDIA."); *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 295-96 (3d Cir. 2005) (Section 27 "completely preempts any state law attempting to limit the amount of interest and fees a federally insured-state chartered bank can charge."); *Forness,* 2006 WL 240535, at *3 (holding that complaint challenging fees against state-chartered bank is completely preempted); *Hill v. Chemical Bank*, 799 F.Supp. 948, 952 (D. Minn.

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

1992) (holding that Section 27 "completely preempts the field of usury claims against federally-insured state banks"). The Court is persuaded by the same reasoning and follows this precedent.

Accordingly, Defendants properly removed this action to federal court under 28 U.S.C. § 1441 as this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. The Court may also properly exercise supplemental jurisdiction over all other claims under 28 U.S.C. §§ 1367(a) and 1441(c).

## II. The Court Has Diversity Jurisdiction Over This Case Because the Amount in Controversy Exceeds $75,000 and the Parties to the Dispute Are Citizens of Different States.

This Court also has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). As shown in the Notice of Removal (¶¶ 19, 27-33) and supporting Declarations, the amount in controversy exceeds $75,000. As to the citizenship of Defendants, all parties agree—and the Court is satisfied—that none of the Defendants is a citizen of California. *See* Compl. ¶¶ 6-10.

The only question before the Court is the citizenship of the Plaintiff. In *Moor v. County of Alameda,* 411 U.S. 693 (1973), the U.S. Supreme Court held that while a State is not a citizen of itself for purposes of diversity jurisdiction, "a political subdivision of a State, unless it is simply 'the arm of *alter ego* of the State,' is a citizen of the State for diversity purposes." *Id.* at 717. The Court concludes that under *Moor,* the City is not an arm or *alter ego* of the State and it is, therefore, a citizen of the State of California.

Moreover, notwithstanding the fact that the City Attorney brought this action in the name of the People of the State of California, the real party in interest in this case is the City, not the State. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"). As the California case law recognizes, just because a statute provides authority to a city attorney to bring an action in the name of the People does not mean that the party in interest is transformed or elevated from the city to the State. While a "statute gives a city attorney the authority to act *for the benefit of* the people of California, it does not expressly confer upon the city attorney authority to *represent* all Californians as an entity separate and apart from the city itself." *People v. M & P Invs.,* 213 F. Supp. 2d 1208, 1216 (E.D. Cal. 2002) (emphasis in original). *See*

-5-

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

*also People v. Hy-Lond Enterprises,* 93 Cal. App. 3d 734 (Cal. App. 1979).  Thus, as the City is the real party in interest in this case, it is the City's citizenship that must be considered for purposes of diversity jurisdiction.  As a citizen of California, the City is diverse from the Defendants.  Accordingly, Defendants properly removed this action to federal court under 28 U.S.C. § 1441 as this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  The Court may also properly exercise supplemental jurisdiction over all other claims under 28 U.S.C. §§ 1367(a).

### III.    The City Has Article III Standing to Pursue this Case in Federal Court.

Finally, because Section 17206(f) of the California Business and Professions Code provides the City with the right to seek and collect penalties from the Defendants with respect to each challenged installment loan, the City has Article III standing to pursue this case.  *See Vermont Agency of Natural Res. v. United States,* 529 U.S. 765, 771-74 (2000) (plaintiff who brought an action under the False Claims Act ("FCA") had Article III standing to sue, even though plaintiff suffered no injury in fact, because the FCA allowed the plaintiff to receive a share of the proceeds of the action).

### CONCLUSION

For the foregoing reasons, the Plaintiff's motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: _____, 2007

_____
UNITED STATES DISTRICT COURT JUDGE

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building Suite 200, San Francisco, California 94111-4213
415.391.4800 • Fax 415.989.1663

Coblentz, Patch, Duffy & Bass LLP
One Ferry Building Suite 200, San Francisco, California 94111-4213
415. 391.4800 • Fax 415.989.1663

1  **COUNSEL FOR OTHER DEFENDANTS**

2  PEPPER HAMILTON LLP
Stephen G. Harvey, Esq. (admitted *Pro Hac Vice*)
3  Larry R. Wood, Jr., Esq. (admitted *Pro Hac Vice*)
Kathleen A. Mullen, Esq. (admitted *Pro Hac Vice*)
4  3000 Two Logan Square
Eighteenth and Arch Streets
5  Philadelphia, PA  19103-2799
Telephone:     (215) 981-4450
6  Facsimile:      (215) 689-4669
Attorneys for Defendants
7  MONETARY MANAGEMENT OF CALIFORNIA,
INC. and MONEY MART EXPRESS, INC.
8

9  BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
10  Robert H. Bunzel, Esq. (State Bar No. 99395)
C. Griffith Towle, Esq. (State Bar No. 146401)
11  900 Front Street, Suite 300
San Francisco, CA 94111
12  Telephone:     (415) 956-1900
Facsimile:      (415) 956-1152
13  Attorneys for Defendants
MONETARY MANAGEMENT OF CALIFORNIA,
14  INC. and MONEY MART EXPRESS, INC.

15

16  SQUIRE, SANDERS & DEMPSEY L.L.P.
Mark C. Dosker, Esq. (State Bar No. 114789)
One Maritime Plaza, Third Floor
17  San Francisco, CA  94111
Telephone:     (415) 954-0200
18  Facsimile:      (415) 391-2493
Attorneys for Defendants
19  CHECK 'N GO OF CALIFORNIA, INC.;
SOUTHWESTERN & PACIFIC SPECIALITY
20  FINANCE, INC. and AVANTE TELADVANCE, INC.

21
SQUIRE, SANDERS & DEMPSEY L.L.P.
22  Amy L. Brown, Esq. (admitted *Pro Hac Vice*)
Nicholas M. Beizer, Esq. (admitted *Pro Hac Vice*)
23  Jeremy W. Dutra, Esq. (admitted *Pro Hac Vice*)
1201 Pennsylvania Ave., NW, Suite 500
24  Washington, D.C. 20004
Telephone:     (202) 626-6600
25  Facsimile:      (202) 626-6780
Attorneys for Defendants
26  CHECK 'N GO OF CALIFORNIA, INC.;
SOUTHWESTERN & PACIFIC SPECIALITY
27  FINANCE, INC. and AVANTE TELADVANCE, INC.

28