1    DENNIS J. HERRERA, State Bar #139669
     City Attorney
2    OWEN J. CLEMENTS, State Bar #141805
     Chief of Special Litigation
3    PETER J. KEITH, State Bar #206482
     CHRISTINE VAN AKEN, State Bar #241755
4    ANN M. O'LEARY, State Bar #238408
     Deputy City Attorneys
5    Office of the City Attorney
     1 Dr. Carlton B. Goodlett Place, Suite 234
6    San Francisco, CA 94102
     Telephone:      (415) 554-4721
7    Facsimile:      (415) 554-4757
     E-Mail:         christine.van.aken@sfgov.org
8
     Attorneys for Plaintiff
9    THE PEOPLE OF THE STATE OF CALIFORNIA
     Ex rel. San Francisco City Attorney Dennis J. Herrera
10

                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12

13   | THE PEOPLE OF THE STATE OF | Case No. C 07-2789-JSW |
     CALIFORNIA, acting by and through
14   City Attorney Dennis J. Herrera,

                                         **PLAINTIFF PEOPLE OF THE STATE
15                    Plaintiffs,        OF CALIFORNIA'S REPLY BRIEF IN
                                         SUPPORT OF THEIR MOTION FOR
16           vs.                         AN ORDER THAT DEFENDANTS
                                         PAY THE PEOPLE'S FEES AND
17   CHECK 'N GO OF CALIFORNIA, INC.     COSTS INCURRED AS A RESULT OF
     d/b/a CHECK 'N GO; SOUTHWESTERN     DEFENDANTS' IMPROPER
18   & PACIFIC SPECIALTY FINANCE,        REMOVAL OF ACTION
     INC. d/b/a CHECK 'N GO; AVANTE
19   TELADVANCE, INC. d/b/a CHECK 'N     **[28 U.S.C. § 1447(c)]**
     GO ONLINE; MONETARY                 **[N.D. CIV. L. R. 7-8]**
20   MANAGEMENT OF CALIFORNIA,
     INC. d/b/a MONEY MART; MONEY        Hearing Date:        August 10, 2007
21   MART EXPRESS, INC. d/b/a            Hearing Judge:       Hon. J. S. White
     CUSTOMCASH ONLINE; FIRST BANK       Time:                9:00 a.m.
22   OF DELAWARE; and DOES 1-50,         Place:               Courtroom 2, 450
     inclusive.                          Golden Gate Avenue, San Francisco, CA
23                    Defendants.
                                         Date Action Filed:    April 26, 2007
24                                       Date Action Removed: May 30, 2007

25

26

27

28

## I.      INTRODUCTION

Defendants' Opposition to the People's motion to remand this case further demonstrates that an award of the People's fees is proper.  Defendants are objectively unreasonable in asserting that removal jurisdiction exists in this law enforcement action by the People of the State of California.  Defendants' contentions regarding federal subject matter jurisdiction are based on a mischaracterization of the Complaint that the People actually filed in this case.  And Defendants' contentions regarding diversity jurisdiction – premised on Defendants' remarkable assertion that the People are not the true plaintiff – disregard both the face of the Complaint and California law specifically authorizing the San Francisco City Attorney to prosecute consumer protection actions on behalf of the People.

## II.     LEGAL STANDARD FOR A FEE AWARD ON REMAND

Defendants do not dispute the appropriate standard for awarding fees to the plaintiff in connection with remanding an action that defendants improperly removed: fees are to be awarded when the removal was "objectively unreasonable." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, ---, 126 S. Ct. 704, 711 (2005); 28 U.S.C. § 1447(c); Defendants' Fee Opp. at 2.

## III.    ARGUMENT

### A.      Because Defendants' Assertion Of Federal Question Jurisdiction Relies On Their Mischaracterization Of The People's Complaint, Removal Was Objectively Unreasonable.

As described in the People's accompanying Reply Brief on the merits, Defendants' arguments for removal on the basis of federal question jurisdiction are wrong for a host of reasons.  Not only was Defendants' removal improper; it was objectively unreasonable.

For Defendants to prevail on their assertion of federal question jurisdiction, Defendants must remove any doubt as to the truth of the following propositions: that the People are making a claim against the First Bank of Delaware for usury under California law, and that Section 27 of the Federal Deposit Insurance Act (12 U.S.C. § 1831d) complete preempts that claim; or that the People's claims that the First Bank of Delaware aided and abetted their non-bank affiliates in making or brokering usurious loans are completely preempted by federal law.  No objectively

reasonable defendant could believe that either of these propositions is correct. For that reason, a fee award is appropriate.

>    **1.    The People Plainly Are Not Making A Claim For Usury Against The First Bank Of Delaware**

As more fully described in the People's accompanying Reply brief (Merits Reply Brief at 2-3), it is absurd for Defendants to assert that the People are making a usury claim against the First Bank of Delaware. Defendants cobble together paragraphs of the Complaint that provide an overview of the suit, that make "Doe" and alter-ego allegations under California law, and that request relief, in an attempt to show that the Complaint "unequivocally alleges that the Bank violates California usury law." (Defendants Fee Opp. 3:2.)

Defendants' claim is plainly wrong. Rather than making a usury claim against Defendant First Bank of Delaware, the People's Complaint expressly acknowledges that California law exempts state-chartered banks like First Bank of Delaware from the prohibitions on making usurious loans found in the California Finance Lenders Law and the California Constitution. (Complaint ¶¶ 15, 16.) Indeed, First Bank of Delaware's very exemption from California's usury law provides the linchpin for the People's claim that First Bank of Delaware is acting unlawfully and deceitfully by claiming to be the lender for loans that are actually made by Money Mart and Check 'N Go. This is the basis for the People's claim that First Bank of Delaware that has unlawfully aided and abetted Money Mart and Check 'N Go in violating California's usury law and unfair competition law. (Complaint ¶¶ 20, 25, 33.) Defendants are not strangers to this sort of claim, as it is precisely the sort of claim that public prosecutors and aggrieved consumers have been making against Defendants and their ilk in numerous "rent-a-bank" lawsuits throughout the nation. (*See* cases cited in Merits Opening Brief at 6-7.) Defendants know better than to mischaracterize the People's claims against them.[1]

---

[1] As discussed on pages 7-10 of the People's reply brief on the merits, there is a split of authority on the question of whether Section 27 completely preempts usury claims against state chartered banks. While the People submit that the authorities supporting Defendants' complete preemption argument are not well reasoned and should not be followed here, the People acknowledge that Defendants' argument in favor of complete preemption of usury claims against state chartered banks is not objectively unreasonable in light of the split of authority. That is (continued on next page)

2.    **The People's Claims That First Bank Of Delaware Aided And Abetted Money Mart's And Check 'N Go's Usury And Other Violations Of State Law Are Not Completely Preempted By Federal Law**

The People stated in their moving papers that no court has ever found complete preemption of the "aid and abet" claims against the First Bank of Delaware that the People assert in this Complaint. (Fee Opening Brief 3:7-8.) Indeed, the same Court of Appeal decisions upon which Defendants rely in asserting complete preemption of usury claims against state chartered banks expressly state that the doctrine of complete preemption should not apply to "aid and abet" claims against a state-chartered bank involved in a "rent-a-bank" scheme – like the claims that the People assert here. (Merits Reply Brief at 5.) Defendants point to no decision that has ever found complete preemption of such claims in a rent-a-bank scheme like that alleged by the People here. It was objectively unreasonable for Defendants to contend that the People's claims are completely preempted.

B.    **Because Defendants' Assertion of Diversity Jurisdiction Relies On The Baseless Claim That The People Are Not The Plaintiff, There Was No Objectively Reasonable Basis For Defendants To Remove This Action**

Although the People are the named plaintiff in this action, and they are represented by the San Francisco City Attorney pursuant to the authority of that office under California law, Defendants maintain that the People are not the plaintiff in this action.[2] Rather, Defendants contend that the City and County of San Francisco is the plaintiff and real party in interest and

---

(footnote continued from previous page)

beside the point, however, as it is objectively unreasonable for the Defendants to assert that the People have made any such claim in this case.

[2] Defendants' Opposition is remarkable for its failure to attribute any position to the named plaintiff in this action: the People of the State of California. Rather, Defendants attribute the People's position in this litigation to their attorney of record: City Attorney Dennis Herrera. Defendants constantly attribute to City Attorney Herrera the People's allegations in their Complaint, and the People's arguments in their motion to remand. (See e.g., Corrected Merits Opposition at i:3, 3:24, 4:4, 4:6-8, 4:18, 6:11, 7:24, 10:9, 10:21-22, and 13:13.) If Defendants did not want to remind the Court of the fact that this case is brought in the name of the People, surely using the term "Plaintiff" would have served Defendants' purposes. But Defendants' attribution of the People's position to their named attorney of record is undignified and improper, as surely as it would be for the People to attribute Defendants' position in this litigation to Coblentz, Patch, Duffy & Bass LLP or to the individual attorneys representing Defendants.

1   therefore that diversity exists among the parties.  Defendants' position is objectively

2   unreasonable.  The People, not the City and County of San Francisco, is the plaintiff and real

3   party in interest in this action.

4          As discussed in the People's Reply Brief on the merits (at pages 11-14), California law

5   plainly authorizes the San Francisco City Attorney to bring an action under the Unfair

6   Competition Law as a representative of the People of State of California.  Under the express

7   terms of the authorizing statute in this case, Business & Professions Code § 17204, the San

8   Francisco City Attorney represents the People as a public prosecutor of violations of California's

9   Unfair Competition Law.  *See People v. Bhakta*, 135 Cal. App. 4th 631, 641 (2006) (where city

10  or city and county has population of 750,000 or more, § 17204 authorizes the "City Attorney to

11  bring and maintain an action under the Unfair Competition Law in the name of the People of the

12  State of California").  Moreover, California law confirms that in that capacity, the City Attorney

13  is acting on behalf of the State.  *Id.* at 638.

14         Defendants assert that this cannot be the case, because of the complications that can

15  ensue when numerous public prosecutors are authorized to act on behalf of the People of

16  California.  Nevertheless, California law has authorized 58 local district attorneys, four city

17  attorneys, and the Attorney General to act on behalf of California.  Cal. Business & Prof. Code §

18  17204.  That California law grants authority to so many agents of the People does on rare

19  occasions create conflicts among the People's agents.  *People v. Hy-Lond*, 93 Cal. App. 3d 734

20  (1979).  But the potential for conflicts among these agents does not change the fact that each of

21  these agents has the same principal – the People – and that the People are the actual plaintiff in

22  such suits, the *Hy-Lond* court unambiguously held.  *Id.* at 751-52.  It is not for the Defendants to

23  judge the propriety of California's delegation of authority to local officials to act on behalf of the

24  People; nor is it appropriate for Defendants to suggest that a federal court simply disregard

25  California law designating the People's representatives, on the basis that California law may

26  occasionally produce complicated questions regarding each agent's scope of authority.

27         Defendants are also wrong in claiming that the San Francisco City Attorney can represent

28  *only* the City and County of San Francisco.  (Fee Opp. at 4:13-14.)  Section 17204 plainly

4

provides to the contrary. And it is entirely unremarkable under California law that a local public official like the San Francisco City Attorney may be both a <u>local</u> and <u>state</u> official. District attorneys likewise have such a dual role. Cal. Gov. Code § 24000(a) (district attorney designated as a county official); *id.* § 26500 (district attorney prosecutes actions on behalf of the People); *Pitchess v. Superior Court*, 2 Cal.App.3d 653, 657 (1969) (dual role); *Weiner v. San Diego County*, 210 F.3d 1025, 1028-30 (9th Cir. 2000) (same). And any city attorney in California, in addition to representing a city itself, Cal. Gov. Code §§ 41801 *et seq.*, may prosecute misdemeanors on behalf of the People, with consent of the local District Attorney. Cal. Gov. Code § 41803.5(a); *People v. Enriquez*, 267 Cal. App. 2d 424, 426 (1968).

Finally, with regard to Defendants' argument that the City and County of San Francisco has a proprietary interest in the outcome of this suit, the Ninth Circuit has ruled that the possibility of penalties or even restitution does not transform a law enforcement action under California's Unfair Competition Law into a proprietary action. *City and County of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1125-26 (9th Cir. 2006).

For the foregoing reasons, it was objectively unreasonable for Defendants to assert that the People are not the actual plaintiff, and that diversity jurisdiction would exist.

## CONCLUSION

Because the Defendants' removal of this action was objectively unreasonable, the People request that this Court order that the Defendants, and each of them, pay the People's costs and fees incurred as a result of the removal, in the amount of $13,508. *See* Van Aken Decl. ¶ 2.

Dated:  July 27, 2007

DENNIS J. HERRERA
City Attorney
OWEN J. CLEMENTS
Chief of Special Litigation
PETER J. KEITH
CHRISTINE VAN AKEN
ANN M. O'LEARY
Deputy City Attorneys

By:  Peter J. Keith
PETER J. KEITH
Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF
CALIFORNIA, ex rel. Herrera

People's Fee Mot. For Improper Removal – Reply, Case No. C 07-2789-JSW